UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN DOE**, *an individual*,

    Plaintiff,

vs.

**UNIVERSITY OF MICHIGAN** (as to Title IX violations), **BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN**, *a constitutional corporate body* (as to Title IX & ELCRA violations), **PAMELA HEATLIE**, **ROBERT SELLERS**, **MARTIN PHILBERT**, **ERIK WESSEL**, **LAURA BLAKE JONES**, **E. ROYSTER HARPER**, **SUZANNE MCFADDEN**, and **PAUL ROBINSON**, *employees of the University of Michigan*, *sued in his or her personal and official capacities*, *jointly and severally*,

    Defendants.

Case No.: 18-cv-11776
Hon. Arthur J. Tarnow
Mag. Elizabeth A. Stafford

---

**DEBORAH GORDON LAW**
**Deborah L. Gordon (P27058)**
**Elizabeth A. Marzotto Taylor (P82061)**
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

---

## *EX PARTE* MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff, by and through his attorneys Deborah Gordon Law, moves this Court for permission to bring this action under the pseudonym John Doe for the purpose of protecting his identify from public disclosure.

Plaintiff submits this Motion prior to the filing of an appearance by Defendants or their counsel in this action. As such, Plaintiff is unable to obtain concurrence at this time.

WHEREFORE, Plaintiff respectfully requests that this Court grant his *Ex Parte* Motion to Proceed under Pseudonym and enter the proposed protective order attached as **Exhibit 1** to this Motion.

Dated: June 4, 2018

**DEBORAH GORDON LAW**
**/s/Deborah L. Gordon (P27058)**
**Elizabeth A. Marzotto Taylor (P82061)**
Attorneys for Plaintiffs
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN DOE**, *an individual*,

    Plaintiff,

vs.

**UNIVERSITY OF MICHIGAN** (as to Title IX violations), **BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN**, *a constitutional corporate body* (as to Title IX & ELCRA violations), **PAMELA HEATLIE, ROBERT SELLERS, MARTIN PHILBERT, ERIK WESSEL, LAURA BLAKE JONES, E. ROYSTER HARPER, SUZANNE MCFADDEN,** and **PAUL ROBINSON**, *employees of the University of Michigan*, *sued in his or her personal and official capacities*, *jointly and severally*,

    Defendants.

Case No.: 18-cv-11776
Hon. Arthur J. Tarnow
Mag. Elizabeth A. Stafford

---

**DEBORAH GORDON LAW**
**Deborah L. Gordon (P27058)**
**Elizabeth A. Marzotto Taylor (P82061)**
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

---

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS
*EX PARTE* MOTION TO PROCEED UNDER PSEUDONYM**

## INTRODUCTION

The University of Michigan has wrongfully and unconstitutionally withheld Plaintiff John Doe's degree because of a pending baseless sexual misconduct disciplinary action filed by another student against Plaintiff, despite that the University has not made any finding against him or held any hearing to make such a finding. Through this action, Plaintiff seeks redress for the substantial harm he has incurred and will incur if Defendants are not enjoined from further violating Plaintiff's constitutional rights. To protect his privacy and safeguard his reputation and personal and professional standing in the community, Plaintiff seeks to proceed with this litigation under the pseudonym Plaintiff John Doe. Where a student challenges a university's sexual misconduct charge against the student, courts in this Circuit regularly permit the student to proceed under a pseudonym. *See Doe v. Univ. of Cincinnati*, 872 F.3d 393 (6th Cir. 2018); *Doe v. Miami Univ.*, 882 F.3d 579, 584, n.1 (6th Cir. 2018); *Doe v. The Ohio State Univ.*, 2015 WL 6082606, at *1 n.1 (S.D. Ohio Oct. 16, 2015); *Doe v. Baum*, Case No.: 16-cv-13174 (E.D. Mich. Sept. 14, 2016) ("Minute Entry for proceedings before District Judge George Caram Steeh: Motion Hearing held on 9/14/2016 re 5 Ex Parte MOTION to Proceed Under Pseudonym filed by John Doe – GRANTED . . . .").

2

# FACTS

Plaintiff John Doe is a former student at the University of Michigan (the "University"). As of August 29, 2017, Plaintiff had achieved all of the requirements to graduate *cum laude* from the University with a Bachelor of Science degree in engineering. On or about February 26, 2018, Plaintiff was admitted to the University's College of Engineering master's degree program. Plaintiff accepted and enrolled in this program and expected to begin taking classes toward his master's degree in Fall 2018. Prior to the events described herein, Plaintiff had an excellent reputation, had no involvement with law enforcement, and was never disciplined by a school or employer.

On or about March 12, 2018—after he was accepted to the University's master's degree program—a female University student (the "Claimant") filed a complaint with the University's Office for Institutional Equity ("OIE"), alleging a non-consensual sexual encounter that had occurred four months earlier, on November 11, 2017. (To also protect the privacy of the Claimant, she will be referred to anonymously, too.) The OIE began an investigation to determine whether Plaintiff violated the University's Policy and Procedures on Student Sexual and Gender-Based Misconduct and Other Forms of Interpersonal Violence (the "Policy"). The Policy prescribes a 60-day time frame for the OIE to perform

an investigation. However, as of the date of this action—**84** days later—the investigation has not been completed, and the OIE has conducted no hearing.

Plaintiff was scheduled to receive his undergraduate degree from the University on or about April 28, 2018. However, the University has refused to issue Plaintiff his degree because of the pending disciplinary charge, despite the University's own inaction, delay, and unconstitutional policy.

## ARGUMENT

Although Fed. R. Civ. P. 10(a) requires that a complaint must state the names of all parties, the United States Court of Appeals for the Sixth Circuit and courts in this District have recognized that under certain circumstances plaintiffs are excused from this general requirement. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *Does v. Snyder*, No. 12-11194, 2012 WL 1344412, at *1 (E.D. Mich. Apr. 18, 2012) (recognizing that courts have "supervisory power over their own records and files, which includes the authority to enter protective orders limiting access to certain documents, Fed R. Civ. P. 26(c)") (internal citations omitted). Anonymity is justified when a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. *See Porter*, 370 F.3d at 560. The Sixth Circuit has identified the following factors to consider in making this determination:

    (1)    whether the plaintiff seeking anonymity is suing to challenge governmental activity;

    (2)    whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy;"

    (3)    whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and

    (4)    whether the plaintiff is a child.

*Id.* (paragraph structure altered) (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)). A court may also consider whether permitting the anonymity will force a defendant to proceed with insufficient information to defend against the plaintiff's claims. *Snyder*, 2012 WL 1344412, at *2. A court has discretion to grant leave to proceed under a pseudonym, and a "district court's decision to grant a protective order [is reviewed] for an abuse of discretion." *Porter*, 370 F.3d at 560 (citing *Samad v. Jenkins*, 845 F.2d 660, 663 (6th Cir. 1998)).

    Here, Plaintiff's anonymity is warranted because Plaintiff satisfies the first two factors listed above. First, he is suing to challenge unconstitutional governmental activity, or the actions of Defendants who, at all relevant times, were acting under color of state law. *See Porter*, 370 F.3d at 560.

    Second, Plaintiff's claims in this case will also require him to disclose intimate, sensitive, and highly personal information concerning the evening that he engaged in sexual activity with the Claimant. Plaintiff has incurred substantial psychological, emotional, and physical distress as a result of Defendants' unconstitutional review process. In the year 2018, it is undeniable that an

individual's history and personal information is easily accessible with a click of a mouse. *See Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014) (granting the plaintiff the use of a pseudonym, and finding that "[h]aving the plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case"); *Doe v. Alger*, 2016 WL 1273250, at *4 (W.D. Va. Mar. 31, 2016) (granting the plaintiff the use of a pseudonym in his case challenging the due process of James Madison University's sexual misconduct policy because "[a]ny records check or Internet search would reveal the very information he is now trying to expunge," and were he "not allowed to proceed anonymously, part of the relief he seeks—expungement of his student record—would fall short of making him whole."); *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 112–13 (E.D.N.Y. 2003) (acknowledging that the "modern invention of today includes access to court files by those surfing the Internet"). *See also*, *E.E.O.C. v. Spoa, LLC*, Case No. CCB-13-1615, 2013 WL 5634337, *1 (D. Md. Oct. 15, 2013) (granting a plaintiff's motion to use a pseudonym in part because "[i]n today's Internet age, the docket filings are likely to remain pervasively available. It is not simply that Doe may face embarrassment from this widespread disclosure . . . but rather she may face psychological harm from having this sensitive experience made permanently available to anyone with Internet access"); *Doe No. 2 v. Kolko*, 242 F.R.D. 193,

6

198 (E.D.N.Y. 2006) (granting a plaintiff's motion to use a pseudonym in part because "it is now possible to 'determine whether a given individual is a party to a lawsuit in federal court anywhere in the country by the simplest of computer searches, to access the docket sheet of any such case electronically, and . . . that entire case files will be accessible over the Internet"). Requiring Plaintiff—a college aged student—to proceed with this litigation under his true name will ensure that Plaintiff's family, future employers, schoolmates, colleagues, educators, and friends will know about the University's unconstitutional sexual misconduct disciplinary process, therefore, making it impossible for him to avoid constant association with the University's wrongful actions.

Where a student challenges a university's sexual misconduct charge against the student, courts regularly permit the student to proceed under a pseudonym. In *Doe v. Baum*, Judge George Caram Steeh granted the plaintiff's motion to proceed under a pseudonym in his case against the University of Michigan regarding a sexual misconduct violation under the University policy preceding the Policy at issue in this action. *See Doe v. Baum*, Case No.: 16-cv-13174 (E.D. Mich. Sept. 14, 2016) ("Minute Entry for proceedings before District Judge George Caram Steeh: Motion Hearing held on 9/14/2016 re 5 Ex Parte MOTION to Proceed Under Pseudonym filed by John Doe – GRANTED . . . .").

7

In *Doe v. Colgate University*, a federal court in the Northern District of New York granted the plaintiff's motion to proceed under pseudonym in his challenge because he had been investigated by his university for sexually assaulting three students. *See* 2016 WL 1448829, at *4 (N.D.N.Y. Apr. 12, 2016). The court explained that proceeding under a pseudonym was critical for the plaintiff, given "the highly sensitive and personal nature of the litigation and the fact that revealing his identity makes him vulnerable to retaliation." *Id.* at *3. The court also noted that several courts across the country have allowed plaintiffs, alleging similar claims against universities stemming from investigations of sexual misconduct, to proceed anonymously. *Id.*

Similarly, in *Doe v. Brandeis University*, No. 15-11557, 2016 WL 1274533, at *6 (D. Mass. Mar. 31, 2016), the Court noted that the consequences of a university sanction and the consequences of a criminal conviction "bear some similarities, particularly in terms of reputational injury. Certainly stigmatization as a sex offender can be a harsh consequence for an individual who has not been convicted of any crime, and who has not been afforded the procedural protections of criminal proceedings." The *Brandeis University* Court, too, granted the plaintiff's motion to proceed under a pseudonym.

8

In addition, in *Doe v. Rector & Visitors of George Mason University*, the court granted the plaintiff the right to use a pseudonym, finding that the underlying sexual activity was "a matter of sensitive and highly personal nature":

> There can be no doubt that the litigation here focuses on "a matter of sensitive and highly personal nature." Plaintiff has been accused of sexual misconduct, the mere accusation of which, if disclosed, can invite harassment and ridicule. . . . Moreover, it bears reiteration that the fact that accusations of this sort inspire passionate responses and have severe ramifications is reflected in the anonymity afforded to the accusers and the accused when participating in GMU's disciplinary proceedings. **It makes little sense to lift the veil of pseudonymity that—for good reason—would otherwise cover these proceedings simply because the university erred and left the accused with no redress other than a resort to federal litigation. In fact, to do so may well discourage aggrieved students from seeking recourse when they fall victim to defective university disciplinary procedures or may discourage victims from reporting sexual misconduct in the first instance.**

2016 WL 1574045, *7 (E.D. Va. April 14, 2016) (internal citations omitted).[1]

In this case, given the highly sensitive nature of sexual misconduct allegations, Plaintiff's identity must remain anonymous to protect him from harassment and retaliation from the public. Disclosure of Plaintiff's identity would

---

[1] For other cases in the university sexual misconduct disciplinary context permitting the plaintiff to proceed in federal district courts under a pseudonym, see, for example, *Doe v. Univ. of Cincinnati*, 872 F.3d 393 (6th Cir. 2018); *Doe v. Miami Univ.*, 882 F.3d 579, 584, n.1 (6th Cir. 2018); *Doe v. The Ohio State Univ.*, 2015 WL 6082606, at *1 n.1 (S.D. Ohio Oct. 16, 2015); *Doe v. Columbia Univ. & Trs. of Columbia Univ.*, 101 F. Supp. 3d 356 (S.D.N.Y. 2015); *Doe v. Salisbury Univ.*, 107 F. Supp. 3d 481 (M. Md. 2015); *Doe v. Univ. of the S.*, 687 F. Supp. 3d 744 (E.D. Tenn. 2009).

9

also undermine his purpose in bringing this action, which is to seek redress for reputational harm he incurred as a result of Defendants' actions. *See Colgate University*, 2016 WL 1448829, at *3. If Plaintiff prevails in proving that the University and the OIE's failure to confer on him the degree he rightfully earned, forcing Plaintiff to reveal his identity would further exacerbate the emotional and reputational injuries he alleges. *See id.* Moreover, courts have a duty to ensure that "[e]ach case [is] decided on its own merits, according to its own facts. If a college student is to be marked for life as a sexual predator, it is reasonable to require that he be provided a fair opportunity to defend himself and an impartial arbiter to make that decision." *See Brandeis Univ.*, 2016 WL 1274533, at *6.

Courts have granted anonymity based on circumstances less compelling than those at issue in this case. For example, in *Porter*, the plaintiffs challenged the school board's practice of permitting the teaching of the Christian Bible in public schools. *See Porter*, 370 F.3d at 560. The Sixth Circuit affirmed the lower court's decision allowing the plaintiffs to proceed using pseudonyms, finding plaintiffs' interest in maintaining the privacy of their religious belief (and preventing potential harassment that may be incurred based on such beliefs) justified anonymity. *Id.* at 560. In *Snyder*, the district court allowed the plaintiffs, registered sex offenders, to proceed anonymously based on fear of retaliation and harassment, even though the plaintiffs' status as sex offenders was published in the state's

public registry. *Snyder*, 2012 WL 1344412, at *2. There is no doubt that Plaintiff seeks "to preserve privacy in a matter of sensate and high personal nature" rather than "merely to avoid the annoyance and criticism that may attend the litigation." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

Further, permitting Plaintiff to protect his identity from public disclosure will not materially impinge on Defendants' ability to defend against this lawsuit. Defendants already know the identity of the Plaintiff and, to the extent Defendants claim this is untrue, Plaintiff is willing to disclose his identity pursuant to the terms of the protective order, attached as **Exhibit 1**.

As a result, Defendants will incur no prejudice as a result of Plaintiff's use of a pseudonym. *See Porter*, 370 F.3d at 561 (where the protective order allowed counsel to know plaintiffs' names, defendants would not be hindered in their preparation for trial); *Snyder*, 2012 WL 1344412, at *2 (finding that granting the plaintiffs' motion to proceed using pseudonyms would not impinge upon the defendants' ability to defend against the lawsuit because plaintiffs were willing to disclose their names to defendants' counsel upon request); *N.Y. Blood Ctr.*, 213 F.R.D. at 112 (finding the defendants would incur no prejudice in conducting discovery or trying the case if plaintiff proceeded using a pseudonym because defendants already knew plaintiff's name).

11

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that this Court grant his motion to proceed under the pseudonym John Doe and enter the proposed protective order attached to this Motion as **Exhibit 1**.

Dated: June 4, 2018　　　　　　　　　**DEBORAH GORDON LAW**
　　　　　　　　　　　　　　　　　　**/s/Deborah L. Gordon (P27058)**
　　　　　　　　　　　　　　　　　　**Elizabeth A. Marzotto Taylor (P82061)**
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs
　　　　　　　　　　　　　　　　　　33 Bloomfield Hills Parkway, Suite 220
　　　　　　　　　　　　　　　　　　Bloomfield Hills, Michigan 48304
　　　　　　　　　　　　　　　　　　(248) 258-2500
　　　　　　　　　　　　　　　　　　dgordon@deborahgordonlaw.com
　　　　　　　　　　　　　　　　　　emarzottotaylor@deborahgordonlaw.com