UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE, *an individual*, | |
| Plaintiff, | |
| v. | Case No. 18-cv-11776 |
| UNIVERSITY OF MICHIGAN (as to Title IX violations), BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN, *a constitutional corporate body* (as to Title IX & ELCRA violations), PAMELA HEATLIE, ROBERT SELLERS, MARTIN PHILBERT, ERIK WESSEL, LAURA BLAKE JONES, E. ROYSTER HARPER, SUZANNE MCFADDEN, and PAUL ROBINSON, *employees of the University of Michigan, sued in his or her personal and official capacities, jointly and severally*, | Hon. Arthur J. Tarnow<br>Mag. Elizabeth A. Stafford |
| Defendants. | |

DEBORAH GORDON LAW
Deborah L. Gordon (P27058)
Elizabeth A. Marzotto Taylor (P82061)
*Attorneys for Plaintiff*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Brian M. Schwartz (P69018)
*Attorneys for Defendants*
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

SAUL EWING ARNSTEIN & LEHR LLP
Joshua W.B. Richards
  *Application for Admission in Process*


Amy L. Piccola
*Attorneys for Defendants*
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania  19102
(215) 972-7737
joshua.richards@saul.com
amy.piccola@saul.com

_____

# DEFENDANTS' RESPONSE TO PLAINTIFF'S *EX PARTE* MOTION TO PROCEED UNDER PSEUDONYM

Defendants respectfully submit this response to Plaintiff's *Ex Parte* Motion to Proceed Under Pseudonym (Dkt. #2). The motion directly implicates interests of the Court and of the public, as well as interests of the Defendants. The Sixth Circuit has set forth a demanding standard that must be satisfied before a party may be allowed to proceed in federal court anonymously, and numerous courts have denied leave to proceed under a pseudonym under circumstances analogous to this case. It is not clear to Defendants how Plaintiff meets the standard identified by the Sixth Circuit, but Defendants ultimately defer to the Court's management of its own docket and the presumption in favor of open and public court proceedings. In formulating its decision on the instant motion, Defendants submit the following for the Court's consideration.

The individual Defendants sued in this action are affiliated with the University of Michigan (the "University") and have been involved on behalf of the University in a student disciplinary proceeding. The University endeavors to protect the privacy rights of all its students, and it is required to do so by federal law, specifically the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. All University student disciplinary proceedings are confidential, as to both the complainant and the respondent. Even if a respondent is found to have violated a University policy, and is sanctioned, the University maintains the confidentiality of the proceedings. The underlying details of the incident are not

released to the public, even if it results in an expulsion. Information in the respondent's educational and disciplinary files will be released only if authorized by the respondent.

Plaintiff now has chosen to move outside of the University disciplinary process. He has brought an action in federal court, where decidedly different interests govern the proceedings. As a general rule, a complaint must state the names of all the parties to a case. Fed. R. Civ. P. 10(a); *see generally John Does 1-114 v. Shalushi*, No. 10-11837, 2010 WL 3037789 (E.D. Mich. July 30, 2010).[1] "[P]rivacy in one's identity in a public forum—such as a federal court—is the exception, not the rule." *John Does 1-114*, 2010 WL 3037789 at *4.

As the Court explained in *John Does 1-114*, federal courts have supervisory authority over their own records and files, but "the district court's power to seal records is subject to the 'long-established legal tradition' of open access to court documents." *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)). As the Court of Appeals noted in *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir. 1983):

> The recognition of this right of access goes back to the Nineteenth Century, when, in *Ex Parte Drawbraugh*, 2 App. D.C. 404 (1894), the D.C. Circuit stated: "Any attempt to maintain secrecy, as to the records of this court, would seem to be inconsistent with the common

---

[1] Unpublished cases are attached as Exhibit 1.

2

>understanding of what belongs to a public court of record, to which all persons have the right of access."

723 F.2d at 474 (citations omitted). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* at 476.

Against this backdrop, the Sixth Circuit has explained that a party's request to proceed anonymously requires a court to weigh "[s]everal considerations [to] determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). These considerations include:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* Applying these factors, courts frequently have denied motions to proceed in federal court on an anonymous basis in comparable situations. *See*, *e.g.*, *Doe v. Univ. of Mich.*, No. 17-CV-10781 (E.D. Mich. May 4, 2017) (Friedman, J.) (copy of order from ECF Docket included in Exhibit 1); *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (refusing to allow plaintiff in sexual assault case to proceed anonymously, even though revealing identity may cause "some personal embarrassment"); *Doe v. Del Rio*, 241 F.R.D. 154, 159-62 & n.11 (S.D.N.Y. 2006)

3

(ruling that plaintiffs alleging sexual abuse by police officers could not proceed anonymously, and citing numerous cases where anonymity was denied); *Doe v. Shakur*, 164 F.R.D. 359, 360-62 (S.D.N.Y. 1996) (denying motion by plaintiff to remain anonymous in case alleging brutal sexual assault); *John Does 1-114*, *supra* (denying motion to proceed anonymously, despite claim that plaintiffs and their families in Iraq had been threatened with retaliation and violence); *Doe H. v. Haskell Indian Nations Univ.*, 266 F. Supp. 3d 1277, 1289 (D. Kan. 2017) (denying alleged victim's motion to proceed anonymously in suit against public university); *Doe v. Rahinsky*, No. 1:15-CV-1140 (W.D. Mich. Dec. 17, 2015) (denying motion to proceed anonymously in case raising constitutional challenge to the residency restrictions in Michigan's Sex Offender Registration Act) (copy of order from ECF Docket included in Exhibit 1).

Considering the factors identified by the Sixth Circuit in *Doe v. Porter*, it is not clear to Defendants how Plaintiff meets those factors. He can establish the first factor that he is suing to challenge an official state action. With regard to the second factor, it is not clear Plaintiff can establish that prosecution of the action in his own name would require him to disclose information "of the utmost intimacy." *See Doe v. Porter*, 370 F.3d at 560.

At issue in this case are actions Plaintiff took, not actions done to him. Moreover, the mere act of filing this lawsuit has already resulted in the disclosure

4

of the underlying incident—Plaintiff just does not want his name associated with those details.  *See D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016), *cert. denied sub nom. D.E. v. John Doe 1*, 137 S. Ct. 2246 (2017) (plaintiff forfeited ability to keep his actions secret from future employers when he filed suit).  With regard to the third and fourth factors, it is not subject to dispute that Plaintiff cannot establish them—he is not disclosing an intention to violate the law and thereby risking criminal prosecution, and he is not a minor.

Ultimately, as the interests here most directly affect the Court's power over its own proceedings and the public's interest in an open forum, the decision on the motion lies within the Court's discretion.  *Doe v. Porter*, 370 F.3d at 560.

Defendants note that the same considerations do *not* apply to the disclosure of identifying information concerning the Complainant.  Plaintiff has voluntarily chosen to bring claims in federal court.  Moreover, while seeking anonymity, Plaintiff's counsel has at the same time actively encouraged public attention to this case.  Counsel's website links to media coverage of this lawsuit by Fox 2 and the Detroit Free Press, which include interviews given by counsel and a pdf of the complaint being posted on the Detroit Free Press's website.  *See* Deborah Gordon Law, In the News, Headlines From Our Current Cases, available at http://www.deborahgordonlaw.com/legal-news/media-coverage/ (linking to http://www.fox2detroit.com/news/local-news/attorney-um-student-charged-in-sex-

5


assault-has-rights-violated and

https://www.freep.com/story/news/local/michigan/2018/06/05/lawsuit-seeks-overturn-university-michigan-sex-assault-policy/672290002/).

In contrast, the Complainant has not voluntarily chosen to bring claims in federal court. Under FERPA, a party who has filed a lawsuit against a university is deemed to have waived his or her right to the privacy of educational records at issue in the case. *See* 34 C.F.R. § 99.31(a)(9)(iii)(B) ("institution may disclose personally identifiable information from an educational record of a student without the consent" of the student, if that student "initiates legal action against an educational agency or institution"); *Jennings v. Univ. of North Carolina at Chapel Hill*, 340 F. Supp. 2d 679, 681-82 (M.D.N.C. 2004). Complainant has not waived her rights to privacy as established under FERPA.

Whatever decision the Court may make on the motion, all hearings in this case must remain fully open to the public. *Accord Doe v. Cabrera*, 307 F.R.D. 1, 10 (D.D.C. 2014) ("If, however, a trial is ultimately needed to resolve this dispute, then the defendant's ability to receive a fair trial will likely be compromised if the Court allows the plaintiff to continue using a pseudonym, as the jurors may construe the Court's permission for the plaintiff to conceal her true identity as a subliminal comment on the harm the alleged encounter with the defendant has caused the plaintiff.") (citing *E.E.O.C. v. Spoa, LLC*, No. CIV. CCB-13-1615,

2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) (a "grant of anonymity would implicitly influence the jury" at trial)).

It would be impossible for Plaintiff to testify in open court and retain his anonymity. The courtroom must not be closed or other persons excluded. It is difficult to see how, if this case proceeds, Plaintiff can both maintain this action and preserve his anonymity.

          Respectfully submitted,

          /s/Amy L. Piccola
          SAUL EWING ARNSTEIN & LEHR LLP
          Joshua W.B. Richards
           *Application for Admission in Process*
          Amy L. Piccola
          *Attorneys for Defendants*
          1500 Market Street, 38th Floor
          Philadelphia, Pennsylvania 19102
          (215) 972-7737
          joshua.richards@saul.com
          amy.piccola@saul.com

          MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
          Brian M. Schwartz (P69018)
          *Attorneys for Defendants*
          150 West Jefferson, Suite 2500
          Detroit, Michigan 48226
          (313) 963-6420
          schwartzb@millercanfield.com

June 11, 2018

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to Deborah L. Gordon at dgordon@deborahgordonlaw.com.

/s/Amy L. Piccola
SAUL EWING ARNSTEIN & LEHR LLP
Amy L. Piccola
*Attorneys for Defendants*
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania  19102
(215) 972-8405
amy.piccola@saul.com