UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOHN DOE,** *an individual*, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 18-cv-11776 |
| | : |
| **UNIVERSITY OF MICHIGAN** (as to Title IX violations), **BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN,** *a constitutional corporate body* (as to Title IX & ELCRA violations), **PAMELA HEATLIE, ROBERT SELLERS, MARTIN PHILBERT, ERIK WESSEL, LAURA BLAKE JONES, E. ROYSTER HARPER,** *SUZANNE MCFADDEN,* and *PAUL ROBINSON,* employees of the University of Michigan, sued in his or her personal and official capacities, jointly and severally, | : Hon. Arthur J. Tarnow<br>: Mag. Elizabeth A. Stafford<br>:<br>: **DEFENDANTS'**<br>: **EMERGENCY MRPC 3.7**<br>: **MOTION TO DISQUALIFY**<br>: **ATTORNEY GORDON FOR**<br>: **JUNE 28, 2018 TRO**<br>: **HEARING**<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | : |

DEBORAH GORDON LAW
Deborah L. Gordon (P27058)
Elizabeth A. Marzotto Taylor (P82061)
*Attorneys for Plaintiff*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

SAUL EWING ARNSTEIN & LEHR LLP
Joshua W.B. Richards
*Application for Admission Submitted*
Amy L. Piccola
*Attorneys for Defendants*
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7737
joshua.richards@saul.com
amy.piccola@saul.com

24646945.4 06/27/2018

>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
>Brian M. Schwartz (P69018)
>*Attorney for Defendants*
>150 West Jefferson, Suite 2500
>Detroit, Michigan  48226
>(313) 963-6420
>schwartzb@millercanfield.com

Defendants, by their undersigned attorneys, move this Court for an order disqualifying Deborah L. Gordon, Esquire from representing Plaintiff John Doe at the June 28, 2018 hearing on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.  In support of this motion, Defendants rely upon the attached brief in support.

>Respectfully submitted,

June 27, 2018
>/s/*Joshua W. B. Richards*
>SAUL EWING ARNSTEIN & LEHR LLP
>Joshua W. B. Richards
>Amy L. Piccola
>*Attorneys for Defendants*
>1500 Market Street, 38th Floor
>Philadelphia, Pennsylvania  19102
>(215) 972-7737
>joshua.richards@saul.com
>amy.piccola@saul.com
>
>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
>Brian M. Schwartz (P69018)
>*Attorney for Defendants*
>150 West Jefferson, Suite 2500
>Detroit, Michigan  48226
>(313) 963-6420
>schwartzb@millercanfield.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOHN DOE,** *an individual*, | : |
| Plaintiff, | : |
| v. | : Case No. 18-cv-11776 |
| **UNIVERSITY OF MICHIGAN** (as to Title IX violations), **BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN,** *a constitutional corporate body* (as to Title IX & ELCRA violations), **PAMELA HEATLIE, ROBERT SELLERS, MARTIN PHILBERT, ERIK WESSEL, LAURA BLAKE JONES, E. ROYSTER HARPER,** *SUZANNE MCFADDEN,* and *PAUL ROBINSON,* employees of the University of Michigan, sued in his or her personal and official capacities, jointly and severally, | : Hon. Arthur J. Tarnow<br>: Mag. Elizabeth A. Stafford<br>:<br>: **DEFENDANTS'**<br>: **EMERGENCY MRPC 3.7**<br>: **MEMORANDUM IN**<br>: **SUPPORT OF MOTION TO**<br>: **DISQUALIFY ATTORNEY**<br>: **GORDON FROM**<br>: **REPRESENTING**<br>: **PLAINTIFF AT JUNE 28,**<br>: **2018 HEARING** |
| Defendants. | : |

---

| | |
|---|---|
| DEBORAH GORDON LAW<br>Deborah L. Gordon (P27058)<br>Elizabeth A. Marzotto Taylor (P82061)<br>*Attorneys for Plaintiff*<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan 48304<br>(248) 258-2500<br>dgordon@deborahgordonlaw.com<br>emarzottotaylor@deborahgordonlaw.com | SAUL EWING ARNSTEIN & LEHR LLP<br>Joshua W.B. Richards<br>*Application for Admission Submitted*<br>Amy L. Piccola<br>*Attorneys for Defendants*<br>1500 Market Street, 38th Floor<br>Philadelphia, Pennsylvania 19102<br>(215) 972-7737<br>joshua.richards@saul.com<br>amy.piccola@saul.com |

                    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Brian M. Schwartz (P69018)
*Attorney for Defendants*
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

2

## INTRODUCTION

Two days before the Court was to hear argument on Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction ("TRO Motion"), Plaintiff submitted, untimely and without leave of Court, an Affidavit of Deborah L. Gordon ("Gordon Affidavit") as Exhibit D to Plaintiff's Reply to Defendants' Response to Plaintiff's Motion, purportedly to "supplement" Plaintiff's Reply. (Dkt #26). The Gordon Affidavit is attached hereto as Exhibit 1.

The Gordon Affidavit provided testimony adding facts to the limited record on the TRO Motion. Gordon's testimony includes facts related to: (1) the sufficiency of the University's process, (2) whether the Claimant was questioned in person by a factfinder, and (3) the materiality of the feedback provided by plaintiff. That testimony is disputed in material respects, and is thus subject to rebuttal. Plaintiff had multiple potential avenues for placing the "supplemental evidence" before the Court, but counsel chose instead to submit her own testimony. The facts presented by Ms. Gordon are not ministerial or a simple matter of authentication – they are material facts related to the University's ongoing investigation.

As a result of counsel's strategic choice to submit her affidavit two days before the hearing and to present her own sworn testimony, counsel has opened the door to cross-examination, a right the University intends to exercise. Counsel, however, cannot play the dual role of advocate and fact witness pursuant to

Michigan Rule of Professional Conduct ("MRPC") 3.7—the so-called "advocate-witness" rule. As a result, counsel must be disqualified from appearing as counsel at the hearing on the TRO Motion.

## Statement of Relevant Facts

On June 4, 2018, Plaintiff filed a Complaint against the Defendant alleging violations of due process and various counts of discrimination, which was immediately followed by Plaintiff's Motion on June 5, 2018. (*See* Dkt. 1, 4). Counsel for Plaintiff include Deborah L. Gordon and Elizabeth A. Marzotto Taylor, both of Deborah Gordon Law. (*Id.*).

The Gordon Affidavit makes the following material, disputed factual allegations: (1) that a material amount of additional information was added to the preliminary draft investigative report between the first and second draft reports (*See* Exhibit 1 at para. 12) (2) that the second draft report added information that raised "significant credibility issues," (*id.* at para. 13); (3) that there was no live interview of Claimant as part of the interview process (*id.* at para. 14); and (4) that numerous additional substantive issues were raised by the feedback provided by the parties to the draft investigative reports (*id.* at para. 7).

## ARGUMENT

**A.      Standard for Disqualification.**

A party in a lawsuit may bring a motion to disqualify an attorney pursuant to MRPC 3.7. *See, e.g., Saari v. Susser (In re Estate of Susser),* 657 N.W. 2d 147,

151 (2002). MRPC 3.7(a), which provides the ethical rule regarding lawyers as witnesses, states as follows:

> (a) A lawyer shall **not act as advocate** at a trial in which the lawyer is likely to be a necessary witness except where:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

*Id.* (emphasis added). The comment to MRPC 3.7 explains:

> Combining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between the lawyer and client. . . . A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate witness should be taken as proof or as an analysis of the proof.

Michigan courts have explained further:

> [T]he purpose of the rule is to prevent any problems that would arise from a lawyer's having to argue the credibility and the effect of his or her own testimony, to prevent prejudice to the opposing party that might arise therefrom, and to prevent prejudice to the client if the lawyer is called as an adverse witness, not to permit the opposing party to seek disqualification as a tactical device to gain an advantage.

*People* v. *Tesen,* 739 N.W. 2d 689, 694 (2007) (citing *Smith v. Arc-Mation, Inc,* 261 N.W. 2d 716 (1978); *Kubiak v. Hurr,* 372 N.W. 2d 341 (1985)).

### B. Ms. Gordon is a necessary witness.

There is no practical way to test Ms. Gordon's affidavit other than to cross examine her. This is true in large measure because of the timing of her affidavit,

3

filed five days *after* she obtained the information she describes, per the heading of the Affidavit, but only two days before the hearing. As a practical result, the impeachment of the information presented by the Gordon Affidavit cannot be effected through the examination of other witnesses. As a result, Ms. Gordon is a necessary witness. *See People v. Tesen,* 739 N.W. 2d 689, 695 (2007).

### C. None of the Exceptions to MRPC 3.7 apply

#### 1. The testimony offered relates to contested issues.

The testimony in the Gordon Affidavit involves: (1) the sufficiency of the University's process, (2) the existence of live questioning of the plaintiff by a factfinder, and (3) the materiality of the feedback provided by plaintiff. Each of these three issues is contested. Were the allegations in the Gordon Affidavit *not* material and contested, it is difficult to see why Plaintiff would have filed the Affidavit at all, given that it was filed out of time and without seeking leave of Court. Now that Plaintiff has introduced this information into the limited record, Defendants are entitled to test it through cross-examination lest it remain uncontroverted in the record.

#### 2. The testimony does not relate to the nature and value of legal services to be rendered in the case.

The testimony required of Gordon has nothing to do with the nature and value of legal services rendered in this case.

### 3. Disqualification of Gordon for the hearing on Plaintiff's Motion would not work undue hardship on the Plaintiff.

The Comment to MRPC 3.7 states:

> [P]aragraph (a)(3) recognizes that a balancing is required between the interests of the client and those of the opposing party. Whether the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified due regard must be given to the effect of disqualification on the lawyer's client. **It is relevant that one or both parties could reasonably foresee that the lawyer would probably be a witness.**

The critical point here is that it could hardly have been more foreseeable that supplementing the record with respect to material, factual, and non-ministerial issues – through counsel's own sworn testimony – would render Ms. Gordon a fact witness.  It would be fundamentally inequitable to allow Plaintiff to claim hardship in response to a strategic filing that he chose to undertake.

Further, Defendants are not at this time moving to disqualify Ms. Gordon from the case in its entirety, but rather only for the purposes of the hearing on the TRO Motion.  As a result, any prejudice to Plaintiff would be minimal because Plaintiff's TRO Motion can be argued by Ms. Gordon's co-counsel, Ms. Elizabeth Marzotto Taylor.

## CONCLUSION

Plaintiff's counsel's dual role as an advocate and witness on behalf of the Plaintiff violates MRPC 3.7 and threatens the integrity of the adversary process. For these and the other reasons stated above, Defendants respectfully request that the Court grant their Motion to Disqualify Deborah L. Gordon as counsel for Plaintiff John Doe for the hearing on Plaintiff's TRO Motion.

                                  Respectfully submitted,

June 27, 2018                /s/*Joshua W. B. Richards*
                                  SAUL EWING ARNSTEIN & LEHR LLP
                                  Joshua W. B. Richards
                                  Amy L. Piccola
                                  *Attorneys for Defendants*
                                  1500 Market Street, 38th Floor
                                  Philadelphia, Pennsylvania 19102
                                  (215) 972-7737
                                  joshua.richards@saul.com
                                  amy.piccola@saul.com

                                  MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
                                  Brian M. Schwartz (P69018)
                                  *Attorney for Defendants*
                                  150 West Jefferson, Suite 2500
                                  Detroit, Michigan 48226
                                  (313) 963-6420
                                  schwartzb@millercanfield.com

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN DOE**, *an individual*,

    Plaintiff,

vs.

**UNIVERSITY OF MICHIGAN** (as to Title IX violations), **BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN**, *a constitutional corporate body* (as to Title IX & ELCRA violations), **PAMELA HEATLIE, ROBERT SELLERS, MARTIN PHILBERT, ERIK WESSEL, LAURA BLAKE JONES, E. ROYSTER HARPER, SUZANNE MCFADDEN**, and **PAUL ROBINSON**, *employees of the University of Michigan, sued in his or her personal and official capacities, jointly and severally,*

    Defendants.

Case No.: 18-cv-11776
Hon.  Arthur J. Tarnow
Mag.  Elizabeth A. Stafford

---

**DEBORAH GORDON LAW**
**Deborah L. Gordon (P27058)**
**Elizabeth A. Marzotto Taylor (P82061)**
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**
**Brian M. Schwartz (P69018)**
Attorney for Defendants
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

**SAUL EWING ARNSTEIN & LEHR LLP**
**Joshua W.B. Richards**
**Amy L. Piccola**

Attorneys for Defendants<br>
1500 Market Street, 38th Floor<br>
Philadelphia, Pennsylvania 19102<br>
(215) 972-7737<br>
joshua.richards@saul.com<br>
amy.piccola@saul.com

---

## AFFIDAVIT OF DEBORAH L. GORDON
### Based on new information as of June 21, 2018

| | |
|---|---|
| STATE OF MICHIGAN | ) |
| | )ss |
| COUNTY OF OAKLAND | ) |

I, Deborah L. Gordon, being first duly sworn, state as follows:

1. Defendants key position in their Response to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Dkt. #21], is that the Policy provides due process protections in that the OIE Investigator "conducts live, in-person interviews of the parties and witnesses during which she can assess their credibility …" Dkt. #21, at 20.

2. Defendants' Response notes that on May 24, 2018, the OIE Investigator issued a "preliminary investigative report" to Claimant and Doe. Dkt. #21, at 11. I have thoroughly reviewed that report.

3. The report contained "non-verbatim" summaries of the private statements taken by the investigator.

4. The OIE investigator had one meeting with Claimant on March 29, 2018, where Claimant gave her statement.

2

5. The preliminary investigative report was sixteen pages. Based on new information described below, this was only the first part of the investigation.

6. Plaintiff and Claimant provided "feedback" to the preliminary report on May 29, 2018 as requested by the investigator.

7. The feedback provided by Plaintiff raised numerous concerns and questions that needed to be addressed as part of the investigation.

8. The OIE investigator's job was to investigate the new feedback.

9. After investigating the new feedback, concerns and questions, on June 21, 2018, the investigator issued a second preliminary report. I have thoroughly reviewed that report.

10. The second preliminary report contains significant new information from the Claimant. It is thirty pages.

11. The portion of the second preliminary report devoted to Claimant's statement added an additional 5,401 words from the first preliminary report, or 67.7% of her total statement (total words were 7,981).

12. But there were no "live interviews" of the Claimant or Plaintiff as part of the investigation reflected in the second preliminary report. Rather, per the second preliminary report, the OIE investigator obtained all of her new information via emails or phone calls with the Claimant. There were no emails or phone calls to the Plaintiff from the OIE investigator.

3

13. The second preliminary report contained statements from Claimant that raised significant credibility issues.

14. Based on all of the foregoing, there was no "live interview" to assess the credibility of Claimant by the OIE investigator with regard to the majority of her statement, as contained in the second preliminary report.

Further, deponent sayeth not.

_____
Deborah L. Gordon

Subscribed and sworn to before me
this 26th day of June, 2018

_____

LYNNE SHERIDAN
NOTARY PUBLIC, STATE OF MI
COUNTY OF OAKLAND
MY COMMISSION EXPIRES Dec 24, 2019
ACTING IN COUNTY OF

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2018, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to:

Deborah L. Gordon
dgordon@deborahgordonlaw.com


/s/ *Amy Piccola*