UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN DOE**, | : | Case No. 18-cv-11776 |
| | : | |
| Plaintiff, | : | Hon. Arthur J. Tarnow |
| | : | Mag. Elizabeth A. Stafford |
| v. | : | |
| | : | **DEFENDANTS' MOTION** |
| **UNIVERSITY OF MICHIGAN**, *et al.*, | : | **FOR JUDGMENT ON THE** |
| | : | **PLEADINGS** |
| Defendants. | : | |
| | : | **ORAL ARGUMENT** |
| | : | **REQUESTED** |
| | : | |

DEBORAH GORDON LAW
Deborah L. Gordon (P27058)
Elizabeth A. Marzotto Taylor (P82061)
*Attorneys for Plaintiff*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan  48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

SAUL EWING ARNSTEIN &
LEHR LLP
Joshua W. B. Richards
Amy L. Piccola
*Attorneys for Defendants*
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania  19102
(215) 972-7737
joshua.richards@saul.com
amy.piccola@saul.com

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
Brian M. Schwartz (P69018)
*Attorney for Defendants*
150 West Jefferson, Suite 2500
Detroit, Michigan  48226
(313) 963-6420
schwartzb@millercanfield.com

Defendants move pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for an order entering judgment on the pleadings in favor of defendants and against plaintiff on Counts II (Title IX), IV (Elliott-Larsen, *Disparate Treatment*),[1] and V (Elliott-Larsen, *Disparate Impact*) of plaintiff's first amended complaint (ECF No. 28).[2]   In support of this motion, defendants rely upon the attached brief in support.

Counsel for defendants conferred with counsel for plaintiff on August 2-3, 2018 and explained the nature of this motion and its legal basis.   Counsel for plaintiff agreed to dismiss, without prejudice, Counts IV and V (Elliott-Larsen) as to the Board of Regents and the individual defendants in their official capacities only.   Counsel for defendants requested, but did not obtain, concurrence in the remainder of the relief sought by defendants, as set forth in this motion.

WHEREFORE, defendants respectfully request that the Court grant defendants' motion for judgment on the pleadings and enter judgment in favor of

---

[1] Plaintiff's first amended complaint omits a Count III.   Count III of plaintiff's initial complaint asserted a disparate impact claim under Title IX.   Plaintiff withdrew that claim when he filed his first amended complaint.

[2] To the extent this Court determines it has jurisdiction over Count I notwithstanding defendants' interlocutory appeal of the Court's July 6, 2018 Order (*see* ECF No. 32), defendants also move in the alternative for judgment on the pleadings on that claim as well.   *See* Argument Section IV in the attached brief.

defendants and against plaintiff on Counts II, IV, and V of plaintiff's first amended complaint.

                              Respectfully submitted,

August 6, 2018                /s/*Joshua W. B. Richards*
                              SAUL EWING ARNSTEIN & LEHR LLP
                              Joshua W. B. Richards
                              Amy L. Piccola
                              *Attorneys for Defendants*
                              1500 Market Street, 38th Floor
                              Philadelphia, Pennsylvania  19102
                              (215) 972-7737
                              joshua.richards@saul.com
                              amy.piccola@saul.com

                              MILLER, CANFIELD, PADDOCK AND
                              STONE, P.L.C.
                              Brian M. Schwartz (P69018)
                              *Attorney for Defendants*
                              150 West Jefferson, Suite 2500
                              Detroit, Michigan  48226
                              (313) 963-6420
                              schwartzb@millercanfield.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN DOE**, | : | Case No. 18-cv-11776 |
| | : | |
| Plaintiff, | : | Hon. Arthur J. Tarnow |
| | : | Mag. Elizabeth A. Stafford |
| v. | : | |
| | : | **DEFENDANTS' BRIEF IN** |
| **UNIVERSITY OF MICHIGAN**, *et al.*, | : | **SUPPORT OF** |
| | : | **DEFENDANTS' MOTION** |
| Defendants. | : | **FOR JUDGMENT ON THE** |
| | : | **PLEADINGS** |
| | : | |

---

DEBORAH GORDON LAW
Deborah L. Gordon (P27058)
Elizabeth A. Marzotto Taylor (P82061)
*Attorneys for Plaintiff*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan  48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

SAUL EWING ARNSTEIN &
LEHR LLP
Joshua W. B. Richards
Amy L. Piccola
*Attorneys for Defendants*
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania  19102
(215) 972-7737
joshua.richards@saul.com
amy.piccola@saul.com

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
Brian M. Schwartz (P69018)
*Attorney for Defendants*
150 West Jefferson, Suite 2500
Detroit, Michigan  48226
(313) 963-6420
schwartzb@millercanfield.com

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

SUMMARY OF RELEVANT FACTS ...................................................................3

I.    THE STATUS OF INVESTIGATION OF THE ALLEGATIONS AGAINST
      PLAINTIFF. ..................................................................................................3

II.   PLAINTIFF'S CAUSES OF ACTION. .............................................................5

LEGAL STANDARD .............................................................................................6

ARGUMENT ...........................................................................................................7

I.    PLAINTIFF'S CLAIMS FAIL TO PRESENT A CASE OR CONTROVERSY AND
      ARE NOT RIPE. .............................................................................................7

      A.    Plaintiff must demonstrate a concrete injury to establish
            standing and ripeness. .........................................................8

      B.    Plaintiff cannot establish standing and his claims are not ripe
            because there has not been an adverse finding or sanction with
            respect to the investigation into his conduct. ......................9

II.   DEFENDANTS ARE ENTITLED TO JUDGMENT ON PLAINTIFF'S CLAIM
      UNDER TITLE IX FOR DISPARATE TREATMENT BASED ON SEX (COUNT II).......13

III.  PLAINTIFF'S ELLIOTT-LARSEN CIVIL RIGHTS ACT CLAIMS CANNOT BE
      BROUGHT AGAINST THE INDIVIDUAL DEFENDANTS IN THEIR PERSONAL
      CAPACITIES (COUNTS IV AND V). ..................................................18

IV.   IN THE ALTERNATIVE, DEFENDANTS ARE ENTITLED TO JUDGMENT ON
      PLAINTIFF'S FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS
      CLAIM (COUNT I) TO THE EXTENT THIS COURT DETERMINES IT HAS
      JURISDICTION OVER THAT CLAIM NOTWITHSTANDING THE PENDING
      SIXTH CIRCUIT APPEAL. ..................................................................19

CONCLUSION .......................................................................................................23

# TABLE OF AUTHORITIES

CASES

*Airline Prof'ls Ass'n of the Int'l Bhd. of Teamsters v. Airborne, Inc.*,
　　332 F.3d 983 (6th Cir. 2003) ............................................... vii, 7, 8, 9, 10, 11, 12

*Bassett v. Nat'l Collegiate Athletic Ass'n*,
　　528 F.3d 426 (6th Cir. 2008) .............................................................................7

*B.P.C. v. Temple Univ.*,
　　No. 13-7595, 2014 WL 4632462 (E.D. Pa. Sept. 16, 2014)...............................11

*Bell Atl. Corp. v. Twombly*,
　　550 U.S. 544 (2007)...........................................................................................14

*Binelli v. Charter Twp. of Flint*,
　　488 F. App'x 95 (6th Cir. 2012) ........................................................................21

*Brosseau v. Haugen*,
　　543 U.S. 194 (2004).................................................................................. vii, 21

*Doe v. Cummins*,
　　662 F. App'x 437 (6th Cir. 2016) ...............................................................14, 22

*Doe v. Miami Univ.*,
　　882 F.3d 579 (6th Cir. 2018) ................................................... vii, 14, 15, 22, 23

*Doe v. The Ohio State University*,
　　136 F. Supp. 3d 854 (S.D. Ohio 2016) .............................................................11

*Doe v. Regents of the Univ. of Cal.*,
　　No. 215CV02478SVWJEM, 2016 WL 5515711
　　(C.D. Cal. July 25, 2016)...................................................................................15

*Doe v. Salisbury Univ.*,
　　123 F. Supp. 3d 748 (D. Md. 2015)...................................................................17

*Doe v. Sentech Emp't Servs., Inc.*,
　　186 F. Supp. 3d 732 (E.D. Mich. 2016) ..............................................................7

*Doe v. Trustees of Boston Coll.*,
No. 15-CV-10790, 2016 WL 5799297 (D. Mass. Oct. 4, 2016),
*aff'd in part, vacated in part, remanded*,
892 F.3d 67 (1st Cir. 2018)............................................................15, 16

*Doe v. Univ. of Cincinnati*,
872 F.3d 393 (6th Cir. 2017) ..................................................... vii, 22

*Doe v. Univ. of Cincinnati*,
No. 16-987, 2018 WL 1521631 (S.D. Ohio Mar. 28, 2018) .............................15

*Flaim v. Med. Coll. of Ohio*,
418 F.3d 629 (6th Cir. 2005) ..................................................... vii, 22

*FW/PBS, Inc. v. City of Dallas*,
493 U.S. 215 (1990)............................................................... vii, 7, 8

*Glob. Exp./Imp. Link, Inc. v. U.S. Bureau of Citizenship &*
*Immigration Servs.*,
423 F. Supp. 2d 703 (E.D. Mich. 2006) ...............................................6

*Gragg v. Ky. Cabinet for Workforce Dev.*,
289 F.3d 958 (6th Cir. 2002) ..................................................... vii, 21

*Griggs v. Provident Consumer Discount Co.*,
459 U.S. 56 (1982).................................................................. vii, 19

*Hill v. Blue Cross & Blue Shield of Mich.*,
299 F. Supp. 2d 742 (E.D. Mich. 2003), *aff'd in part, rev'd in part*
*on other grounds*, 409 F.3d 710 (6th Cir. 2005)....................................6

*JPMorgan Chase Bank, N.A. v. Winget*,
510 F.3d 577 (6th Cir. 2007) ............................................................7

*Lambert v. Hartman*,
517 F.3d 433 (6th Cir. 2008) ............................................................6

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992)...................................................................... vii, 8

*Massachusetts v. Mellon*,
262 U.S. 447 (1923)...................................................................... vii, 8

*Mich. Gas Co. v. FERC*,
   115 F.3d 1266 (6th Cir. 1997) ................................................................ vii, 9, 11

*Morreim v. Univ. of Tenn.*,
   No. 12–2891, 2013 WL 5673619 (W.D. Tenn. Oct. 17, 2013)..........................12

*Nat'l Park Hospitality Ass'n v. Dep't of Interior*,
   538 U.S. 803 (2003)................................................................................ vii, 9

*Norton v. Ashcroft*,
   298 F.3d 547 (6th Cir. 2002) .................................................................. vii, 10

*O'Shea v. Littleton*,
   414 U.S. 488 (1974)................................................................................ vii, 8

*Peloe v. Univ. of Cincinnati*,
   No. 1:14-CV-404, 2015 WL 728309 (S.D. Ohio Feb. 19, 2015)...........11, 16, 17

*Saravanan v. Drexel Univ.*,
   No. CV 17-3409, 2017 WL 5659821 (E.D. Pa. Nov. 24, 2017) .......................17

*Saucier v. Katz*,
   533 U.S. 194 (2001)........................................................................ vii, 20, 21

*Simmonds v. Genesee Cnty*,
   682 F.3d 438 (6th Cir. 2012) .................................................................. vii, 20

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998)................................................................................ vii, 8

*Warshak v. United States*,
   532 F.3d 521 (6th Cir. 2008) ................................................ vii, 7, 8, 9, 10, 11

*Yusuf v. Vassar Coll.*,
   35 F.3d 709 (2d Cir. 1994) .........................................................................15

## STATUTES

20 U.S.C. § 1681(a) ...............................................................................14

42 U.S.C. § 1983 ....................................................................................20

MCL § 37.2401 .............................................................................. viii, 18

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(c)..................................................................................................6

## STATEMENT OF THE ISSUES PRESENTED

1.     Should the Court enter judgment on the pleadings in favor of defendants and against plaintiff on Counts II, IV, and V of plaintiff's first amended complaint because: (1) all of plaintiff's claims fail to present a case or controversy and are not ripe for decision; (2) plaintiff's Title IX claim (Count II), which is based on mere speculation about the outcome of the investigation, also fails to state a claim; and (3) plaintiff's claims under the Elliott-Larsen Civil Rights Act (Counts IV and V) may not be brought against the individual defendants in their personal capacities because the statute permits claims against individuals only in their official capacities as "agent[s] of an educational institution"?

**Defendants assert that the answer is "Yes."**

2.     In the alternative, and to the extent the Court determines that it may exercise jurisdiction over plaintiff's Fourteenth Amendment procedural due process claim (Count I) notwithstanding the pending Sixth Circuit appeal, should the Court enter judgment on the pleadings in favor of defendants on that claim because it is barred by qualified immunity to the extent it purports to establish liability against the individual defendants in their personal capacities?

**Defendants assert that the answer is "Yes."**

# **CONTROLLING AUTHORITY**

## **Cases**

*Airline Prof'ls Ass'n of the Int'l Bhd. of Teamsters v. Airborne, Inc.*, 332 F.3d 983 (6th Cir. 2003)

*Brosseau v. Haugen*, 543 U.S. 194 (2004)

*Doe v. Miami Univ.*, 882 F.3d 579 (6th Cir. 2018)

*Doe v. Univ. of Cincinnati*, 872 F.3d 393 (6th Cir. 2017)

*Flaim v. Med. Coll. of Ohio*, 418 F.3d 629 (6th Cir. 2005)

*FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990)

*Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958 (6th Cir. 2002)

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982)

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992)

*Massachusetts v. Mellon*, 262 U.S. 447 (1923)

*Mich. Gas Co. v. FERC*, 115 F.3d 1266 (6th Cir. 1997)

*Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803 (2003)

*Norton v. Ashcroft*, 298 F.3d 547 (6th Cir. 2002)

*O'Shea v. Littleton*, 414 U.S. 488 (1974)

*Saucier v. Katz*, 533 U.S. 194 (2001)

*Simmonds v. Genesee Cnty*, 682 F.3d 438 (6th Cir. 2012)

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)

*Warshak v. United States*, 532 F.3d 521 (6th Cir. 2008)

**<u>Statute</u>**

MCL § 37.2401

# INTRODUCTION

This case arises from allegations of sexual assault against plaintiff by a fellow University student.  While the University has commenced an investigation into those allegations, the investigation has not been completed, and no finding as to whether any policy violation occurred has been made.  Nevertheless, without so much as a preliminary finding – let alone a final decision following an available appeal, to which plaintiff would be entitled under the University's Policy[1] – plaintiff filed this suit against defendants asserting four separate causes of action.

As a result, the pleadings demonstrate that defendants are entitled to judgment as a matter of law on each of plaintiff's claims.  Specifically, there is no dispute on the face of the pleadings that: (1) the investigation into plaintiff's conduct is not complete; (2) no finding as to whether plaintiff violated any University policy has been made; (3) no sanction has been imposed; and (4) no appeal of any finding or sanction has been taken.  (*See* ECF No. 28 ¶¶ 57, 77, 79.)

Absent a conclusion that plaintiff violated University policy by engaging in non-consensual sex, plaintiff has no viable claim.  More specifically, without a concrete injury – one that is not based on speculation or conjecture as to the

---

[1] The University's Policy and Procedures on Student Sexual and Gender-Based Misconduct and Other Forms of Interpersonal Violence (the "Policy").  The Policy is described in detail in defendants' response to plaintiff's motion for temporary restraining order and preliminary injunction.  (*See* ECF No. 21 at 4-8.)

outcome of the investigation, and is fairly traceable to defendants' actions – plaintiff cannot establish standing, a fundamental jurisdictional requirement without which this Court cannot exercise judicial power.[2]   Any other outcome here creates an untenable precedent that would permit any student to bring a claim as soon as she or he is *accused* of any kind of misconduct – whether cheating, vandalism, underage drinking, or sexual misconduct.   Federal courts are not super-administrators for colleges, and they certainly are not courts of *first resort* to mediate as-yet undecided questions of university discipline.   Yet that sort of intervention is precisely what plaintiff seeks here with respect to his Title IX and Elliott-Larsen Civil Rights Act claims.

In addition to the dispositive standing and ripeness issues, plaintiff's claims under Title IX and the Elliott-Larsen Civil Rights Act also fail as a matter of law. Plaintiff cannot assert an erroneous outcome claim under Title IX when there has **been no outcome** to the investigation, and plaintiff's claims against the individual defendants in their personal capacities under the Elliott-Larsen Civil Rights Act are improper because the statute permits claims against individuals only in their official capacities as "agent[s] of an educational institution."

---

[2] To the extent plaintiff relied upon the hold on his transcript as a cognizable harm, that issue is moot.  The University voluntarily released his transcript on June 12, 2018.  (*See* ECF No. 30 at 7.)

For these reasons, and as explained more fully below, defendants move for an order entering judgment on the pleadings in favor of defendants and against plaintiff on Counts II, IV, and V of plaintiff's first amended complaint.[3]

## SUMMARY OF RELEVANT FACTS

**I.      The status of investigation of the allegations against plaintiff.**

Following a report of sexual misconduct against plaintiff, on March 29, 2018, the investigator from the University's Office of Institutional Equity interviewed the student who made the report against plaintiff (the "Claimant").[4] (ECF No. 28 ¶ 62.)  On April 3, 2018, the investigator interviewed plaintiff.  (ECF No. 28 ¶ 60.)  Plaintiff was offered the opportunity to have a second meeting with the investigator on April 5, 2018, but declined.  (ECF No. 31 at 30.)  On April 11, 2018, plaintiff received a summary of his statement.  (ECF No. 31 at 30.)  Plaintiff provided feedback that same day.  (ECF No. 31 at 30.)

Unprompted, on May 16, 2018, plaintiff provided significant changes to his April 11, 2018 statement.  (ECF No. 31 at 30.)  On May 24, 2018, plaintiff received a first draft investigative report containing the factual information

_____

[3] To the extent this Court determines it has jurisdiction over Count I notwithstanding defendants' interlocutory appeal of the Court's July 6, 2018 Order (*see* ECF No. 32), defendants also move in the alternative for judgment on the pleadings on that claim as well.  *See* Argument Section IV, below.

[4] Defendants proceeded with the investigation into the allegations made against plaintiff pursuant to the Policy.

gathered by the investigation to date, but containing no proposed findings.  (ECF No. 31 at 30.)  On May 29, 2018, plaintiff provided eighty-eight (88) pages of feedback to the first draft investigative report, which was considered and incorporated into the report.  (ECF No. 31 at 30.)  The investigator also conducted follow up witness interviews and asked follow up questions to the Claimant.  (ECF No. 31 at 30.)  On June 21, 2018, plaintiff received a second draft preliminary report.  (ECF No. 31 at 30-31.)  Plaintiff requested and received an extension to respond to the second draft preliminary report.[5]  (ECF No. 31 at 31.)

On July 6, 2018, the Court granted, in part, plaintiff's motion for temporary restraining order and preliminary injunction, ordering the University to halt its investigation under the Policy and "[a]s soon as practicable," provide plaintiff "with the opportunity for a live hearing in accordance with the procedures set forth in the [University's] Statement of Student Rights and Responsibilities."  (ECF No. 30 at 18.)  On July 25, 2018, the University timely filed an interlocutory appeal of the Court's July 6th Order and a motion to stay the Court's July 6th Order pending appeal to the Sixth Circuit.  (ECF Nos. 32-33.)

---

[5] As will be set forth in defendants' forthcoming motion for a protective order, plaintiff is currently attempting to use this civil action to take the deposition of the investigator tasked by the Policy with impartially deciding whether he has violated University policy.

To be clear, plaintiff pleads that the investigation into his conduct is not complete.  (ECF No. 28 ¶ 77.)  Plaintiff pleads that no finding as to whether he violated a policy has been made.  (*Id.*)  Plaintiff pleads that no sanction has been imposed.  (ECF No. 28 ¶ 57.)  And plaintiff pleads that no appeal of a finding or sanction has been taken.  (ECF No. 28 ¶ 79.)

## II.     Plaintiff's causes of action.

Plaintiff's first amended complaint (ECF No. 28) asserts four claims:

Count I: Fourteenth Amendment procedural due process claim against the individual defendants in their personal and official capacities;

Count II: Title IX disparate treatment claim against the University and Board of Regents;[6]

Count IV: Elliott-Larsen Civil Rights Act disparate treatment claim against the Board of Regents and the individual defendants in their personal and official capacities; and

Count V: Elliott-Larsen Civil Rights Act disparate impact claim against the Board of Regents and the individual defendants in their personal and official capacities.[7]  (*See* ECF No. 28 ¶¶ 101-58.)

---

[6] Plaintiff's first amended complaint omits a Count III.  Count III of plaintiff's initial complaint asserted a disparate impact claim under Title IX.  Plaintiff withdrew that claim when he filed his first amended complaint.

## **LEGAL STANDARD**

A court may adjudicate a motion under Rule 12(c) at any time during the proceedings.  *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings.").

"When, as here, a Rule 12(c) motion for judgment on the pleadings challenges the legal basis of the complaint, the motion is treated under the standards for motions to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted."  *Glob. Exp./Imp. Link, Inc. v. U.S. Bureau of Citizenship & Immigration Servs.*, 423 F. Supp. 2d 703, 704 (E.D. Mich. 2006). "Rule 12(b)(6) affords a defendant an opportunity to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  *Hill v. Blue Cross & Blue Shield of Mich.*, 299 F. Supp. 2d 742, 747 (E.D. Mich. 2003), *aff'd in part, rev'd in part on other grounds*, 409 F.3d 710 (6th Cir. 2005).  In applying Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party.  *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).

---

[7] On August 3, 2018, counsel for plaintiff agreed to dismiss, without prejudice, Counts IV and V (Elliott-Larsen) as to the Board of Regents and the individual defendants in their official capacities only.  *See* e-mail from plaintiff's counsel to defendants' counsel, attached as Exhibit A to the Declaration of Joshua W. B. Richards, Esq. ("Richards Declaration"), filed concurrently with this brief.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Doe v. Sentech Emp't Servs., Inc.*, 186 F. Supp. 3d 732, 736–37 (E.D. Mich. 2016) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).  A Rule 12(c) motion is appropriately granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (citation omitted).

## ARGUMENT

### I.    Plaintiff's claims fail to present a case or controversy and are not ripe.

Without a determination on the complaint of sexual assault asserted against him, plaintiff's claims fail as a matter of law on standing and ripeness grounds. "The Constitution does not extend the 'judicial Power' to any legal question, wherever and however presented, but only to those legal questions presented in 'Cases' and 'Controversies.'  U.S. Const. art. III, § 2." *Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008).[8]  As a result, a "claim is not 'amenable to

---

[8] "Article III courts have an independent obligation to determine whether subject matter jurisdiction exists." *Airline Prof'ls Ass'n of the Int'l Bhd. of Teamsters v. Airborne, Inc.*, 332 F.3d 983, 986 (6th Cir. 2003); *see FW/PBS, Inc. v. City of*

. . . the judicial process'. . . when it is filed too early (making it unripe) . . . or when the claimant lacks a sufficiently concrete and redressable interest in the dispute (depriving the plaintiff of standing)." *Id.* (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998)) (citation omitted).

### A.     Plaintiff must demonstrate a concrete injury to establish standing and ripeness.

To satisfy the "case-or-controversy" requirement, a plaintiff must establish, among other things, "an injury in fact that is concrete and particularized" and that such injury is "fairly traceable to the defendant's action." *Airline Prof'ls Ass'n*, 332 F.3d at 987 (marks and citation omitted); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (describing these requirements as the "irreducible constitutional minimum of standing"). To establish injury in fact, plaintiff must demonstrate that he has "sustained or is in immediate danger of sustaining some direct injury." *Airline Prof'ls Ass'n*, 332 F.3d at 987 (quoting *Massachusetts v. Mellon*, 262 U.S. 447, 448 (1923)). "The injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 493–94 (1974)). "[W]ithout evidence that the [plaintiff's] predicted

---

*Dallas*, 493 U.S. 215, 230–31 (1990) ("[E]ven if the parties fail to raise the issue before us . . . [t]he federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines.") (marks omitted), *holding modified by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004).

result is 'actual or imminent,' such an injury can only be 'conjectural or hypothetical.'"  *Id.* (quoting *Mich. Gas Co. v. FERC*, 115 F.3d 1266, 1271 (6th Cir. 1997)).

"Like standing, ripeness 'is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" *Warshak*, 532 F.3d at 525 (quoting *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003)).  As the Sixth Circuit has explained:

> The ripeness doctrine serves to "avoid[ ] ... premature adjudication" of legal questions and to prevent courts from "entangling themselves in abstract" debates that may turn out differently in different settings.  In ascertaining whether a claim is ripe for judicial resolution, we ask two basic questions: (1) is the claim "fit[ ] ... for judicial decision" in the sense that it arises in a concrete factual context and concerns a ***dispute that is likely to come to pass***? and (2) what is "the hardship to the parties of withholding court consideration"?

*Id.* (marks and citations omitted) (emphasis added).  "To be ripe for review, claims must satisfy both the fitness and the hardship components of the inquiry." *Airline Prof'ls Ass'n*, 332 F.3d at 988.

### B. Plaintiff cannot establish standing and his claims are not ripe because there has not been an adverse finding or sanction with respect to the investigation into his conduct.

The pleadings demonstrate that: (1) the investigation into plaintiff's conduct is not complete; (2) no finding has been made; (3) no sanction has been imposed;

and (4) no appeal of a finding or sanction has been taken.[9]  (*See* ECF No. 28 ¶¶ 57,

77, 79.)  In the absence of a decision determining plaintiff violated any University

policy and imposing a significant sanction, plaintiff has no claim to be adjudicated.

Instead, he presents only abstract questions in asserting each of his claims, all of

which merely *assume* the University ultimately will find him responsible for a

violation and impose a sanction.  Furthermore, although this Court found in its July

6th Order that "sexual assault allegations" may injure plaintiff's reputation (ECF

No. 30 at 9, 16), those allegations were made *only by the Claimant* – not by

defendants.  (*See* ECF No. 28 ¶¶ 20, 39.)  Plaintiff cannot demonstrate that any

harm to his reputation is "fairly traceable to the defendant's action," which is a

prerequisite for Article III standing.  *See Airline Prof'ls Ass'n*, 332 F.3d at 987

(marks and citation omitted).

As the Sixth Circuit observed *en banc*, "Answering difficult legal questions

before they arise and before the courts know how they will arise is not the way we

typically handle constitutional litigation."  *Warshak*, 532 F.3d at 526.  "Ripeness

doctrine exists 'to ensure that courts decide only existing, substantial controversies,

not hypothetical questions or possibilities.'"  *Norton v. Ashcroft*, 298 F.3d 547, 554

(6th Cir. 2002) (citations omitted).

---

[9] To the extent plaintiff relied upon the hold on his transcript as a cognizable harm, that issue is moot.  The University voluntarily released his transcript.  (*See* ECF No. 30 at 7.)

Absent an adverse finding and the imposition of sanctions on the claims asserted against plaintiff, the question of whether defendants are liable under any of the counts set forth in the first amended complaint becomes purely advisory. More importantly, "[w]ithout evidence that the [plaintiff's] predicted result is 'actual or imminent,' such an injury can only be 'conjectural or hypothetical,'" *Airline Prof'ls Ass'n*, 332 F.3d at 987 (quoting *Mich. Gas Co.*, 115 F.3d at 1271), precluding plaintiff from establishing the requisite "injury in fact" for Article III standing. The facts pleaded by plaintiff do not establish that the harm he alleges is "likely to come to pass," *Warshak*, 532 F.3d at 525, so his claims are unripe.

In *Doe v. The Ohio State University*, 136 F. Supp. 3d 854 (S.D. Ohio 2016), much as here, the plaintiff was a student accused of misconduct. He sought an injunction against the university continuing with its investigation of his conduct based on his claim that the proceedings would violate his due process rights. The court denied injunctive relief noting that where the investigation was at an early stage, with no adverse finding against the plaintiff, the claim was not ripe for disposition. *See also B.P.C. v. Temple Univ.*, No. 13-7595, 2014 WL 4632462, at *5 (E.D. Pa. Sept. 16, 2014) (same); *Peloe v. Univ. of Cincinnati*, No. 1:14-CV-404, 2015 WL 728309, at *8 (S.D. Ohio Feb. 19, 2015) (ruling that plaintiff's "procedural due process claim is not ripe" when plaintiff had "not yet suffered a constitutional injury" because the "disciplinary proceedings [we]re not complete

and no disciplinary penalty ha[d] been imposed upon [plaintiff]"); *Morreim v. Univ. of Tenn.*, No. 12–2891, 2013 WL 5673619, at \*12 (W.D. Tenn. Oct. 17, 2013) (dismissing for lack of ripeness plaintiff's claim that the university was seeking to strip her of tenure in violation of the due process clause when the university had initiated proceedings which could lead to a loss of tenure but no decision had been made).[10]

Because plaintiff has experienced no concrete harm, and may very well never experience any such harm, he has no standing to pursue his claims, which are unavoidably unripe. Any other conclusion would permit any student to bring a claim as soon as he or she is accused of misconduct. What would prevent a student accused of cheating on an exam from immediately filing a complaint in federal court, without waiting to see if he or she will be found responsible and disciplined? Federal courts are not empowered to hear such claims, and for good reason. The standing and ripeness doctrines prevent courts from having to resolve hypothetical claims that may never come to pass.

Further, and even setting aside the absence of an injury, plaintiff cannot demonstrate that any injury is "fairly traceable to the defendant's action," which is an independent requirement for establishing Article III standing. *See Airline Prof'ls Ass'n*, 332 F.3d at 987 (marks and citation omitted). Plaintiff in solely

---

[10] Unpublished cases are attached as Exhibit B to the Richards Declaration.

conclusory fashion alleges that he "has **and will** suffer . . . loss of personal and professional reputation," (ECF. No. 28 ¶¶ 115, 137, 147, 158) (emphasis added). Plaintiff provides no facts to support this conclusory allegation. Indeed, plaintiff is proceeding under a pseudonym in this action "[t]o protect his privacy and safeguard his reputation and personal and professional standing in the community." (ECF No. 2 at 2.)

Moreover, even if there were any loss of reputation, plaintiff's injury cannot be fairly traced to *defendants'* actions. The Court asserted in its July 6th Order that "sexual assault allegations" may injure plaintiff's reputation (ECF No. 30 at 9, 16), but crucially, those allegations were made *by the Claimant*, not defendants. Defendants have simply commenced an investigation into plaintiff's conduct, *as they are required to do under Title IX.* (*See* ECF No. 28 ¶ 39.) Consequently, any conclusory allegations contained in the amended complaint pertaining to plaintiff's reputation are not "fairly traceable" to the defendants' actions, and cannot stand in for the actual injury necessary to demonstrate standing.

## II.   Defendants are entitled to judgment on plaintiff's claim under Title IX for disparate treatment based on sex (Count II).[11]

Title IX provides, in pertinent part, that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected

---

[11] Count II was brought against the University and Board of Regents only.

to discrimination under any education program or activity" that receives federal funding.  20 U.S.C. § 1681(a).  A cognizable Title IX claim arising from a school disciplinary proceeding will generally fall within one of four categories: (1) erroneous outcome; (2) selective enforcement; (3) deliberate indifference; or (4) archaic assumptions.  *Doe v. Miami Univ.*, 882 F.3d 579, 589 (6th Cir. 2018) (citing *Doe v. Cummins*, 662 F. App'x 437, 451-52 & n.9 (6th Cir. 2016)).

Here, plaintiff argues Title IX liability under the first theory, contending that an "erroneous outcome" has resulted in the withholding of his degree and that an "erroneous outcome" will occur *if* he is ultimately found to have violated University policy.  (*See* ECF No. 28, ¶ 136.)  Under an erroneous outcome theory, a plaintiff must plead "(1) facts sufficient to cast some articulable doubt on the accuracy of **the outcome** of the disciplinary proceeding and (2) a particularized . . . causal connection between the flawed **outcome** and gender bias."  *Miami Univ.*, 882 F.3d at 592 (quoting *Cummins*, 662 F. App'x at 452) (emphases added).

Plaintiff has failed to state a claim[12] under an erroneous outcome theory because he has not, and indeed cannot, plead any facts: (a) to cast doubt on the

---

[12] "[A] complaint alleging Title IX violations must plead sufficient factual allegations to satisfy *Twombly* and *Iqbal*."  *Miami Univ.*, 882 F.3d at 588; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level [to survive the pleading stage].").  In other words, a Title IX claim must be dismissed at the pleading stage where, as here, a plaintiff has failed to plausibly claim discrimination on the basis of gender.  *Id.*

accuracy of an outcome that has not happened or (b) to connect an outcome that has not happened to gender bias.  The pleadings demonstrate that the investigation into plaintiff's conduct is not complete, no finding has been made, no sanction has been imposed, and, of course, no appeal of a finding or sanction has been taken. (ECF No. 28, ¶¶ 57, 77, 79.)   Because the process was not completed and no findings made, plaintiff's Title IX claim must be dismissed.

Count II must also be dismissed because the first amended complaint is entirely devoid of the types of particular facts indicating that gender motivated any "outcome."  *See Miami Univ.*, 882 F.3d at 593 (quoting *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994)) (outlining types of facts needed to satisfy second element of erroneous outcome claim).   Plaintiff's allegations are general and conclusory, neither speaking to the actions of the University in this case, nor reflecting bias in favor of females over males.  *See Doe v. Univ. of Cincinnati*, No. 16-987, 2018 WL 1521631, at *5-6 (S.D. Ohio Mar. 28, 2018) (public pressure unrelated to respondent's own case insufficient to show causal connection to gender discrimination even on motion to dismiss); *Doe v. Regents of the Univ. of Cal.*, No. 215CV02478SVWJEM, 2016 WL 5515711, at *4-5 (C.D. Cal. July 25, 2016) (finding plaintiff's allegations of "growing national and local backlash against sexual assaults on campuses" insufficient to create plausible inference of gender discrimination); *Doe v. Trustees of Boston Coll.*, No. 15-CV-10790, 2016

-15-

WL 5799297, at *25 (D. Mass. Oct. 4, 2016) ("Showing that a school favors alleged victims of sexual assault claims is not the equivalent of demonstrating bias against male students, even if accused students are generally male.") (citations omitted), *aff'd in part, vacated in part, remanded*, 892 F.3d 67 (1st Cir. 2018). In sum, plaintiff's allegations come nowhere close to the requisite levels of specificity or severity required to sufficiently plead an erroneous outcome claim.

*Peloe v. University of Cincinnati* is instructive. Peloe, a University of Cincinnati student, was accused of raping two women and subsequently charged with violating the university's student code of conduct. 2015 WL 728309, at *2. Pursuant to the university's code of conduct, the charge against Peloe was to proceed through four levels of procedure before any discipline would be imposed: (1) a hearing before an administrative review committee ("ARC") panel resulting in a recommended outcome; (2) review of the ARC panel's recommendation by the dean of students; (3) appeal of the dean of student's decision to an appeals administrator; and (4) a final decision by the vice president for student affairs and services. *Id.* at *1-2.

The complaint against Peloe made it through only the first step – the ARC panel hearing – before Peloe sued the university on due process grounds. *Id.* at *3. After the university moved to dismiss, Peloe sought leave to amend to add a Title IX claim alleging that gender bias caused an erroneous outcome in the "first step of

a multi-step disciplinary process." *Id.* at \*4 & \*14.  The university opposed the filing of a second amended complaint on futility grounds, arguing that the proposed erroneous outcome claim was not ripe.  *Id.*  The Court agreed.  In denying leave to amend, the Court noted:

> Peloe filed this suit after the ARC panel issued its nonbinding recommendation.  Peloe did not continue with steps two, three, or four of the disciplinary process. ***The Court cannot fairly determine at this stage whether gender bias caused an erroneous outcome because Peloe cut off the process before [the university] made an enforceable decision***. . . . In sum, the Title IX claim is not ripe because it involves contingent events that might not occur as Peloe anticipates.

*Id.* at \*14 (emphasis added).

As in *Peloe*, the University's process was "cut off" before the University "made an enforceable final decision as to the sexual misconduct charges against [him]." *Id.*  Plaintiff's Title IX claim, which is based on mere speculation about a potential future outcome of the University's disciplinary process, cannot satisfy the elements of an erroneous outcome claim and must be dismissed.  *See Saravanan v. Drexel Univ.*, No. CV 17-3409, 2017 WL 5659821, at \*4 (E.D. Pa. Nov. 24, 2017) (explaining plaintiff "must allege he is innocent ***and*** wrongly found to have committed an offense to plead a Title IX erroneous outcome theory claim") (emphasis added) (quotation omitted); *Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748, 765 (D. Md. 2015) (noting plaintiffs satisfied two of three elements of

erroneous outcome claim only by alleging existence of "numerous procedural defects" ***and*** "that th[o]se procedural flaws led to an adverse and erroneous outcome").

### III. Plaintiff's Elliott-Larsen Civil Rights Act claims cannot be brought against the individual defendants in their personal capacities (Counts IV and V).

The Elliott-Larsen Civil Rights Act claims in Counts IV and V may not be brought against the individual defendants in their personal capacities. The Elliott-Larsen Civil Rights Act, as relevant to Counts IV and V, applies to "educational institutions," which include "agent[s] of an educational institution." MCL § 37.2401. In other words, only an educational institution or someone acting as an agent or on an educational institution's behalf is subject to liability under the statute. A personal capacity claim, by definition, is *not* a claim against an individual acting as an agent or on behalf of another person or entity. Nor can a person acting in his or her personal capacity fairly be said to be an "educational institution," the sole proper defendant under the Act for purposes of this lawsuit. Therefore, plaintiff's claims in Counts IV and V against the individual defendants in their personal capacities must be dismissed.

**IV.** **In the alternative, defendants are entitled to judgment on plaintiff's Fourteenth Amendment procedural due process claim (Count I) to the extent this Court determines it has jurisdiction over that claim notwithstanding the pending Sixth Circuit appeal.**

Plaintiff's Fourteenth Amendment procedural due process claim now lies with the Sixth Circuit on appeal of this Court's Order granting in part and denying in part plaintiff's motion for temporary restraining order and preliminary injunction. (*See* ECF No. 32.) This Court is divested of jurisdiction over that claim while the appeal remains pending. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (filing of a notice of appeal "is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and *divests the district court of its control over those aspects of the case involved in the appeal*") (emphasis added).

However, to the extent the Court disagrees with *Griggs'* application here and determines it does have jurisdiction over plaintiff's due process claim notwithstanding the pending appeal, defendants also move for judgment on the pleadings on Count I. First, as with the other claims in the first amended complaint, plaintiff lacks standing to assert his due process claim, and this claim is not yet ripe.[13] *See* Argument Section I, *supra*. Plaintiff's due process claim also

---

[13] Plaintiff mistakenly claims that the mere deprivation of appropriate investigatory *procedures* violates his due process rights, but there is no constitutional right to procedures absent the deprivation of a protected property right. (*See* ECF No. 21 at 22-23.)

fails as a matter of law for the reasons explained in defendants' response to plaintiff's motion for temporary restraining order and preliminary injunction. (*See* ECF No. 21 at 13-21.)

Even if plaintiff's due process claim was not foreclosed on these grounds, qualified immunity would bar this claim to the extent it purports to establish liability against the individual defendants in their personal capacities. Government employees, such as the individual defendants, are immune from civil liability under 42 U.S.C. § 1983[14] when performing discretionary duties, provided "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Simmonds v. Genesee Cnty*, 682 F.3d 438, 443 (6th Cir. 2012) (quotations omitted). Qualified immunity prevents employees from being held liable for reasonable mistakes of law, fact, or mixed questions of law and fact made while acting within their scope of authority. *Id*.

To determine whether qualified immunity shields an employee from § 1983 liability, the Sixth Circuit asks: (1) whether the employee violated a constitutional right; and (2) if so, whether that constitutional right was clearly established such that a "reasonable official would understand that what he is doing violates that right." *Id*. at 443-44 (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001), *overruled*

---

[14]      Plaintiff brings Count I pursuant to 42 U.S.C. § 1983. (See ECF No. 28 at 23.)

*in part by Pearson v. Callahan*, 555 U.S. 223 (2009)). "In the absence of a serious factual dispute, a party's entitlement to qualified immunity is a question of law reserved for the judge." *Binelli v. Charter Twp. of Flint*, 488 F. App'x 95, 97 (6th Cir. 2012) (emphasis added).

"For the right to be clearly established the case law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." *Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.3d 958, 964 (6th Cir. 2002) (emphasis and quotation omitted). "Because the focus is on whether the [employee] had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at that time did not clearly establish that the [employee's] conduct would violate the Constitution, the [employee] should not be subject to liability or, indeed, even the burdens of litigation." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

The rights plaintiff alleges were violated were not clearly established. As the Court acknowledged in its Order, "the Sixth Circuit . . . has not ruled on whether a circumscribed form of cross-examination is constitutional in the absence of a live hearing." (ECF No. 30 at 13). (*See also* ECF No. 29 at 56 ("[W]e don't know what the Sixth Circuit is going to say no matter what I rule.")) The Court's

ruling on the constitutional question was at best a close call on a matter of first impression requiring the Court to anticipate how the Sixth Circuit would rule. This necessarily precludes a finding that the law was clearly established when defendants investigated the claims against plaintiff under the Policy.

Furthermore, defendants' actions in investigating the claims against plaintiff under the Policy were fully consistent with the established case law in this Circuit. The Sixth Circuit has held that a hearing need not be live, so long as it "provide[s] the accused with the opportunity to respond, explain, and defend." *Flaim v. Med. Coll. of Ohio*, 418 F.3d 629, 635 (6th Cir. 2005) (internal marks omitted). "Full-scale adversarial hearings in school disciplinary proceedings have never been required by the Due Process Clause." *Id.* at 640-41. "[I]f the credibility of an alleged victim is at issue," then the touchstone is that the university "provide a way for the adjudicat[or] to evaluate the victim's credibility and 'to assess the demeanor of both the accused and his accuser.'" *Miami Univ.*, 882 F.3d at 600 (quoting *Doe v. Univ. of Cincinnati*, 872 F.3d 393, 406 (6th Cir. 2017)). Even *Cincinnati* contemplates only a "circumscribed form of cross-examination," in which "written questions" are submitted through a factfinder who both screens and asks the questions. *Cincinnati*, 872 F.3d at 396-97, 404-06 (internal marks omitted); *see also Cummins*, 662 F. App'x at 439, 448. That the University's process does not include a live hearing for plaintiff to *directly* confront Claimant in

-22-

no way prevented plaintiff from having an opportunity to be heard.  *See Miami Univ.*, 882 F.3d at 600.

As a result, the individual defendants are entitled to qualified immunity, and plaintiff's claims against them must be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, defendants respectfully request that the Court grant defendants' motion for judgment on the pleadings and enter judgment in favor of defendants and against plaintiff on Counts II, IV, and V of plaintiff's first amended complaint.

In the alternative, and to the extent the Court determines that it may exercise jurisdiction over Count I of plaintiff's first amended complaint, defendants further request that the Court enter judgment on the pleadings on that claim as well.


Respectfully submitted,


August 6, 2018                        /s/*Joshua W. B. Richards*
                                      SAUL EWING ARNSTEIN & LEHR LLP
                                      Joshua W. B. Richards
                                      Amy L. Piccola
                                      *Attorneys for Defendants*
                                      1500 Market Street, 38th Floor
                                      Philadelphia, Pennsylvania  19102
                                      (215) 972-7737
                                      joshua.richards@saul.com
                                      amy.piccola@saul.com

-23-

MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
Brian M. Schwartz (P69018)
*Attorney for Defendants*
150 West Jefferson, Suite 2500
Detroit, Michigan  48226
(313) 963-6420
schwartzb@millercanfield.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2018, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to:

Deborah L. Gordon
dgordon@deborahgordonlaw.com

/s/*Joshua W. B. Richards*
SAUL EWING ARNSTEIN & LEHR LLP
Joshua W. B. Richards
*Attorneys for Defendants*
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania  19102
(215) 972-7737
joshua.richards@saul.com