UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN DOE**, | : | Case No. 18-cv-11776 |
| | : | |
| Plaintiff, | : | Hon. Arthur J. Tarnow |
| | : | Mag. Elizabeth A. Stafford |
| v. | : | |
| | : | **DEFENDANTS' REPLY** |
| **UNIVERSITY OF MICHIGAN**, *et al.*, | : | **BRIEF IN SUPPORT OF** |
| | : | **THEIR MOTION** |
| Defendants. | : | **TO STAY PENDING** |
| | : | **APPEAL** |
| | : | |

DEBORAH GORDON LAW
Deborah L. Gordon (P27058)
Elizabeth A. Marzotto Taylor (P82061)
*Attorneys for Plaintiff*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

SAUL EWING ARNSTEIN &
LEHR LLP
Joshua W. B. Richards
Amy L. Piccola
*Attorneys for Defendants*
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7737
joshua.richards@saul.com
amy.piccola@saul.com

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
Brian M. Schwartz (P69018)
*Attorney for Defendants*
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

# INTRODUCTION

The circumstances of the injunction awarded to plaintiff in this case demonstrate that a stay of the Court's order is warranted. *First*, defendants have made a strong showing of likelihood of success on the merits. In reaching this conclusion, the Court need not, and should not, reach the actual merits of plaintiff's due process claim because plaintiff has failed to demonstrate the prerequisite deprivation of a liberty or property interest. As it happens, plaintiff's counsel conceded as much to the Sixth Circuit two weeks ago at oral argument in another case. *See* section I.A. Even if the Court were to reach the merits, plaintiff improperly mischaracterizes and attempts to broaden the holding in *Cincinnati*, addressed in section I.B., below.

*Second*, a stay is also even more appropriate now that plaintiff has cross-appealed the Court's July 6th Order, challenging the adequacy of the cross-examination prescribed by the Order. If *either* plaintiff or defendants succeed on their respective appeals, proceeding with the hearing as set forth in the Order will have been for naught, and the hearing will have to be redone. *See* section II.

*Third*, plaintiff fails in his attempt to minimize the harm the University would suffer if forced to depart from the Policy and the significant public interest in obtaining certainty regarding the single investigator model. *See* sections III-IV.

# ARGUMENT

**I. Defendants have made a strong showing that they are likely to succeed on the merits.**

    **A. Plaintiff has not been deprived of a liberty or property interest, which is an essential prerequisite for his due process claim.**

Plaintiff cannot state a due process claim unless he shows that he has been deprived of a protected liberty or property interest. He cannot do so. (*See* ECF No. 35 at 19; ECF No. 33 at 6; ECF No. 21 at 14-16, 22-23.) Plaintiff does not address this dispositive issue in his response. Nor can plaintiff seriously dispute the lack of a due process deprivation here. As plaintiff's counsel told the Sixth Circuit two weeks ago in another student misconduct case when asked if the due process right "kicks in when the deprivation" occurs:

> Absolutely. I mean if I had come before the court and made the argument that my client had no due process below, which he did not, but he had prevailed, there's no deprivation and there's no legal argument.

Oral Argument in *Doe v. Baum*, Case No. 17-2213 (6th Cir. Aug. 1, 2018), http://www.opn.ca6.uscourts.gov/internet/court_audio/aud1.php, at 3:43-4:13. These statements are as applicable here as they are in any other case. Plaintiff will not suffer a deprivation unless he is found responsible and a sanction is imposed. There is no dispute that there has not been a finding or sanction against plaintiff, and thus there can be no doubt that defendants have made a strong showing that they will succeed on the merits.

### B. Even if plaintiff had been deprived of a protected liberty or property interest, defendants have a strong likelihood of success on the merits of plaintiff's due process claim.

Setting aside the dispositive deprivation issue, plaintiff is wrong that defendants cannot make a strong showing that they will succeed on the merits. The standard for likelihood of success is the same for defendants' motion to stay as it was for plaintiff's motion for preliminary injunction; both require a strong likelihood of success. *Compare Grutter v. Bollinger*, 137 F. Supp. 2d 874, 875 (E.D. Mich. 2001) *with Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). The Court acknowledged that its ruling on the constitutional question was at best a close call on a matter of first impression requiring the Court to anticipate how the Sixth Circuit would rule. (*See* ECF No. 29 at 56 ("[W]e don't know what the Sixth Circuit is going to say no matter what I rule.")) At the very least, the result this Court reached was not compelled by Sixth Circuit precedent. *See Flaim v. Med. Coll. of Ohio*, 418 F.3d 629 (6th Cir. 2005); *Doe v. Miami Univ.*, 882 F.3d 579 (6th Cir. 2018); *Doe v. Univ. of Cincinnati*, 872 F.3d 393 (6th Cir. 2017); (ECF No. 33 at 5-8). The Court nevertheless determined that plaintiff had demonstrated the requisite likelihood of success on the merits to warrant an injunction. Defendants respectfully submit that if plaintiff met his burden despite the uncertainty in the state of the law, then

defendants have likewise met their burden.[1]  Furthermore, as a prudential matter, a stay pending appeal is especially warranted here where the law surrounding the challenged ruling is uncertain.  *See Karcher v. Daggett*, 455 U.S. 1303, 1306 (1982); *Bonnell v. Lorenzo*, 241 F.3d 800, 808, 826 (6th Cir. 2001).

In any event, plaintiff dramatically underestimates defendants' likelihood of success on the merits by mischaracterizing the law in this Circuit through selective quotation.  In *Cincinnati*, the respondent had no opportunity to direct questions to the claimant because she did not appear; testimonial evidence from her was submitted to the factfinder without any possibility that questions could be posed to her by the factfinder.  Even there, the university's "obligations . . . [were] narrow: it must provide a means for the [factfinder] panel to evaluate an alleged victim's credibility, not for the accused to physically confront his accuser." *Cincinnati*, 872 F.3d at 406; (ECF No. 33 at 7).

## II.     A stay is now even more appropriate in light of plaintiff's cross-appeal.

Plaintiff cross-appealed the Court's July 6th Order on August 7, 2018, challenging the "circumscribed cross-examination . . . in lieu of allowing 'direct' (live) cross-examination of the claimant and other witnesses." (ECF No. 36 at 2; *see also* ECF No. 38 at 16.)  In light of his cross-appeal challenging the adequacy

---

[1] Defendants are not asking the Court to vacate the injunction, but instead are asking only to stay the Order and maintain the status quo pending appeal. Defendants' request reflects authority in this Circuit disfavoring mandatory preliminary injunctions that alter the status quo. (*See* ECF No. 33 at 8-10.)

of the hearing provided in this Court's Order, it is not at all apparent why plaintiff opposes a stay. Indeed, a stay would not harm plaintiff because he is free to continue to his graduate program while there is no finding or sanction against him. Nevertheless, although plaintiff contends "he should be afforded direct ('live') cross-examination during his disciplinary hearing rather than circumscribed cross-examination as this Court ordered on July 6," (ECF No. 38 at 16), and has asked the Sixth Circuit to intervene, he opposes defendants' stay request and apparently simultaneously favors moving forward with a hearing he believes is inadequate.

Plaintiff's cross-appeal introduces further uncertainty as to how defendants should proceed with the investigation and resolution of the claims asserted against plaintiff. If either plaintiff or defendants are successful in their respective appeals, then the hearing mandated by the Order will be a nullity. Indeed, the only scenario where the hearing mandated by the Order would *not* be vitiated occurs if the Sixth Circuit rejects *both* defendants' appeal and plaintiff's cross-appeal. Multiple (and potentially inconsistent) hearings and adjudications serve no one's interests.

### III. The Policy complies with federal law and applies to all claims of sexual misconduct; deviating from it here would irreparably harm defendants.

Plaintiff argues the Policy does not comport with guidance from the U.S. Department of Education's Office for Civil Rights ("OCR"), and thus defendants will not be harmed by departing from the Policy in providing the hearing prescribed by the July 6th Order. But the same guidance approves of procedures,

like the University's Policy, where an investigator, "with or without a hearing . . . make[s] findings of fact and conclusions as to whether the facts support a finding of responsibility for violation of the school's sexual misconduct policy."[2]

Plaintiff's argument that the Policy "contemplates situations where it would adjudicate a complaint of sexual misconduct under some other authority or procedure," (ECF No. 38 at 14) is also wrong. The Policy states directly beneath the heading "OTHER POTENTIALLY RELEVANT POLICIES AND PROCEDURES" that "it is within the University's discretion *to determine which policies apply* and *whether action will be taken under multiple policies*." Policy at 2 (emphasis supplied). The following sections address situations "where the prohibited conduct is committed in the context of activities of a recognized student organization," and where the respondent is: (1) an employee; (2) both a student and an employee; or (3) a third party. Policy at 2-3. Nowhere does the Policy suggest the University would decline to apply the Policy to complaints of sexual misconduct.

### IV. The public interest favors a stay pending disposition of the appeals.

Without credible argument or support, plaintiff dismisses the Order's effect on other public universities, even though these institutions represent an important

---

[2] *See* Office for Civil Rights, "Q&A on Campus Sexual Misconduct," at 5 (Sept. 2017), Exhibit A to the Declaration of Joshua W. B. Richards, Esq., filed concurrently with this brief.

segment of the public interest.  The Court's Order, and the Sixth Circuit's resolution of the issues on appeal, will significantly affect the future course of public universities' resolution of sexual misconduct allegations.  At least twenty public institutions within the Sixth Circuit use a single investigator model to adjudicate allegations of sexual misconduct.  (ECF No. 33 at 15-16.)  Given how common this model is among public universities nationwide, *see id.*, and that all those schools' policies are now in jeopardy, the public interest is best served by a stay.

## CONCLUSION

Defendants respectfully request that the Court grant defendants' motion to stay the Court's July 6th Order pending appeal.

Respectfully submitted,

August 14, 2018　　　　　　　　　　/s/*Joshua W. B. Richards*

| | |
|---|---|
| MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. | SAUL EWING ARNSTEIN & LEHR LLP |
| Brian M. Schwartz (P69018) | Joshua W. B. Richards |
| | Amy L. Piccola |
| *Attorney for Defendants* | *Attorneys for Defendants* |
| 150 West Jefferson, Suite 2500 | 1500 Market Street, 38th Floor |
| Detroit, Michigan 48226 | Philadelphia, Pennsylvania 19102 |
| (313) 963-6420 | (215) 972-7737 |
| schwartzb@millercanfield.com | joshua.richards@saul.com |
| | amy.piccola@saul.com |

# CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2018, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to:

Deborah L. Gordon
dgordon@deborahgordonlaw.com

/s/*Joshua W. B. Richards*
SAUL EWING ARNSTEIN & LEHR LLP
Joshua W. B. Richards
*Attorneys for Defendants*
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7737
joshua.richards@saul.com