UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN DOE**, *an individual*,

    Plaintiff,

vs.

**UNIVERSITY OF MICHIGAN** (as to Title IX violations), **BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN**, *a constitutional corporate body* (as to Title IX & ELCRA violations), **PAMELA HEATLIE**, **ROBERT SELLERS**, **MARTIN PHILBERT**, **ERIK WESSEL**, **LAURA BLAKE JONES**, **E. ROYSTER HARPER**, **SUZANNE MCFADDEN**, and **PAUL ROBINSON**, *employees of the University of Michigan*, *sued in his or her personal and official capacities*, *jointly and severally*,

    Defendants.

Case No.: 18-cv-11776
Hon. Arthur J. Tarnow
Mag. Elizabeth A. Stafford

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

---

**DEBORAH GORDON LAW**
**Deborah L. Gordon (P27058)**
**Elizabeth A. Marzotto Taylor (P82061)**
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

**SAUL EWING ARNSTEIN & LEHR LLP**
Joshua W. B. Richards
Amy L. Piccola
*Attorneys for Defendants*
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7737
Joshua.richards@saul.com
Amy.piccola@saul.com

**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**
Brian M. Schwartz (P69018)
*Attorney for Defendants*
150 W. Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

NOW COMES Plaintiff John Doe, by and through his attorneys Deborah Gordon Law, and files his Motion for Partial Summary Judgment as to Count I of his Second Amended Complaint (Dkt. # 47). Plaintiff respectfully requests an Order from this Court granting Partial Summary Judgment as to Count I and further ordering that:

a. Defendants' February 7, 2018 Policy, under which they began adjudicating an OIE complaint against Plaintiff, was unconstitutional and that Defendants are enjoined from using it;

b. In that credibility is at stake, Defendants must provide Plaintiff a live hearing and the opportunity to cross-examine adverse witnesses in front of a neutral fact-finder;

c. Defendants are enjoined from placing a "hold" on Plaintiff's student account or withholding Plaintiff's certified transcripts or degree prior to a final adjudication against him;

d. Defendants shall not impose a pre-hearing suspension or other serious penalty prior to a final adjudication against Plaintiff, except where the risk of health and safety of other students is deemed emergent and extraordinarily high;

    e. If there is an appeal of a decision made in favor of Plaintiff, the appellate reviewer shall not make credibility findings without having seen or heard directly from any parties or witnesses; and

    f. The appellate reviewer may not increase the sanctions issued against Plaintiff by the University but may only decrease the sanctions.

Plaintiff sought Defendants' concurrence for this Motion on June 7, 2019.

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order Granting Plaintiff's Partial Motion for Summary Judgment and the above requested relief.

Respectfully submitted,

**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Elizabeth A. Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

Dated: June 10, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN DOE**, *an individual*,

    Plaintiff,

vs.

**UNIVERSITY OF MICHIGAN** (as to Title IX violations), **BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN**, *a constitutional corporate body* (as to Title IX & ELCRA violations), **PAMELA HEATLIE**, **ROBERT SELLERS**, **MARTIN PHILBERT**, **ERIK WESSEL**, **LAURA BLAKE JONES**, **E. ROYSTER HARPER**, **SUZANNE MCFADDEN**, and **PAUL ROBINSON**, *employees of the University of Michigan*, *sued in his or her personal and official capacities, jointly and severally*,

    Defendants.

Case No.: 18-cv-11776
Hon. Arthur J. Tarnow
Mag. Elizabeth A. Stafford

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

**DEBORAH GORDON LAW**
**Deborah L. Gordon (P27058)**
**Elizabeth A. Marzotto Taylor (P82061)**
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

**SAUL EWING ARNSTEIN & LEHR LLP**
Joshua W. B. Richards
Amy L. Piccola
*Attorneys for Defendants*
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7737
Joshua.richards@saul.com
Amy.piccola@saul.com

**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**
Brian M. Schwartz (P69018)
*Attorney for Defendants*
150 W. Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

## TABLE OF CONTENTS

Table of Authorities .................... i

I. INTRODUCTION .................... 1

II. STATEMENT OF FACTS .................... 3

III. ARGUMENT .................... 8

A. Legal Standard .................... 8

B. Defendants' Qualified Immunity Argument (Dkt. # 49) Does Not Preclude Injunctive, Equitable or Declaratory Relief .................... 8

C. There is No Question of Fact as Whether Defendants' February 7, 2018 Policy Was Constitutionally Deficient .................... 9

1. Public School University Students Are Entitled to Cross-Examine Adverse Witnesses Where the Accused has Not Admitted to the Alleged Misconduct .................... 9

2. This Court Has Ruled That the Policy Was Unconstitutional and That This Case Rested on a "[C]redibiity [D]etermination[]." .................... 11

D. There is No Question of Fact as to Whether Defendants Deprived Plaintiff of his Property Interest in His Education .................... 12

IV. CONCLUSION .................... 13

CERTIFICATE OF SERVICE .................... 13

# **INDEX OF AUTHORITIES**

**Cases**                                                                                     **Page**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1968)..................................................................................................8

*Clapper v. Amnesty Intern. USA*,
   568 U.S. 398 (2013)..................................................................................................2

*Collyer v. Darling,*
   98 F.3d 211 (6th Cir. 1996) ......................................................................................8

*Doe v. Baum, et al*,
   903 F.3d 575 (6th Cir. 2018) ..............................................................................6, 11

*Doe v. Univ. of Cincinnati*
   872 F.3d 393 (6th Cir. 2017) ..............................................................................3, 11

*Smith v. Leis*,
   407 F. App'x 918 (6th Cir. 2011) .............................................................................8

**Other Authorities**

Federal Rule of Civil Procedure 56(a) ..........................................................................8

I. **INTRODUCTION**

Count I of Plaintiff's Second Amended Complaint alleges a violation of 42 U.S.C. §1983. Defendants violated Plaintiff's due process rights when they began adjudicating a sexual misconduct complaint brought against him under the February 7, 2018 University Sexual Misconduct Policy ("Policy" or "2018 Policy") that was, at the time it was implemented, flatly unconstitutional and which has since been adjudicated to be unconstitutional by this Court and the Sixth Circuit Court of Appeals. In addition, pursuant to the Policy and based only on a mere allegation, Defendants placed an indefinite hold on Plaintiff's earned degree and transcript. The facts and law are uncontested. There are no materials to which Defendants can cite to establish any issue of fact or law. As such, Plaintiff seeks summary judgement as to Count I, procedural due process, as set forth in his Second Amended Complaint.

Plaintiff now respectfully requests an Order from this Court granting Partial Summary Judgment as to Count I and further ordering that:

a. Defendants' February 7, 2018 Policy, under which they began adjudicating an OIE complaint against Plaintiff, was unconstitutional and that Defendants are enjoined from using it;

1

b. In that credibility is at stake, Defendants must provide Plaintiff a live hearing and the opportunity to cross-examine adverse witnesses in front of a neutral fact-finder;

c. Defendants are enjoined from placing a "hold" on Plaintiff's student account or withholding Plaintiff's certified transcripts or degree prior to a final adjudication against him;[1]

d. Defendants shall not impose a pre-hearing suspension or other serious penalty prior to a final adjudication against Plaintiff, except where the risk of health and safety of other students is deemed emergent and extraordinarily high;[2]

e. If there is an appeal of a decision made in favor of Plaintiff, the appellate reviewer shall not make credibility findings without having seen or heard directly from any parties or witnesses; and

f. The appellate reviewer may not increase the sanctions issued against Plaintiff by the University but may only decrease the sanctions.[3]

---

[1] This is currently allowed for in the January 9, 2019 "Interim Policy" (Interim Policy, Dkt. # 47-3, Page ID 1437-1439), creating a "'substantial risk' that the harm will occur" in the future. *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 414 n. 5 (2013).

[2] *Id*.

[3] The Interim Policy dated January 9, 2019 currently allows for the sanctions against Respondent to be increased on appeal by an "external reviewer" not connected to the University. (Interim Policy, Dkt. # 47-3, PageID 1470).

2

## II. STATEMENT OF FACTS

On September 25, 2017, the United States Court of Appeals for the Sixth Circuit issued its Opinion in *Doe v. Univ. of Cincinnati* ("*Cincinnati*"), 872 F.3d 393 (6th Cir. 2017), holding that where credibility is at stake, a live hearing and some form of live cross-examination is required.

On February 7, 2018, the University issued a new Sexual Misconduct Policy. This Policy intentionally did not comply with *Cincinnati*, which had been decided months earlier, and explicitly denied students accused of sexual misconduct procedural due process protections of live hearings or the ability to cross-examine adverse witnesses in any manner. (Policy, Dkt. # 4-2, Page ID # 206-216). Accused students were not permitted to have a hearing or engage in cross-examination at the OIE or before the Appeals Board, if the matter was appealed. (*Id.*, Page ID # 21-219). Rather, the "process" only permitted the accused and accuser to provide a statement, to review and submit comments about their own statements and be provided with a summary of other information collected during the investigation. (*Id.*, Page ID # 211). If there was an appeal, the appellate officer could make a final decision against the respondent without ever having heard from him, the Claimant or any witnesses. (*Id.*, Page ID # 218.)

At the same time, the University had a starkly disparate process for students accused of all forms of non-sexual misconduct. These students were entitled to a

3

hearing and an opportunity to cross-examine adverse witnesses. (Statement of Student Rights and Responsibilities, Dkt. # 4-1, Page ID # 169-171) ("[d]uring the hearing, the [hearing officer], respondent, complainant and student panelists (if applicable) have the right to question the complainant and the [hearing officer]. These participants [could] also question (1) the respondent, if the student choose[] to participate and (2) any witnesses who ha[d] presented information").

On March 12, 2018, a female student filed an OIE complaint against Plaintiff alleging that Plaintiff had a sexual encounter with her that was nonconsensual. Plaintiff stated that it was consensual. There were no witnesses to the encounter. The University began an adjudication of the OIE complaint using the unconstitutional February 7, 2018 Policy, under which expulsion from the University was a potential penalty, and denied Plaintiff notice of the Claimant's allegations. (Second Amended Complaint, Dkt. # 47, Page ID # 1337-1338; 61-64). Plaintiff was only told during his initial interview that he had been accused of engaging in non-consensual sex. *Id*.

By April 2018, Plaintiff had earned all of the credits to graduate *cum laude* with a degree in engineering. The investigation was ongoing, but based only on a mere allegation, no hearing and no findings, the University placed a hold of indefinite duration on his degree and transcript, depriving him of his property interest in his education without due process. (Complaint, Dkt. # 1, Page ID 10).

On June 4, 2018, Plaintiff filed this lawsuit against Defendants based on the violation of his due process rights.

On June 5, 2018, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction (Motion for TRO & PI, Dkt. # 4, Page ID # 133-162), requesting that this Court immediately enjoin Defendants from: 1) withholding Plaintiff's official transcript and degree; 2) continuing their unconstitutional investigation into whether Plaintiff violated the Policy, as well as the sanctions and appeals process under the Policy; and 3) continuing to use their unconstitutional Policy.

On June 14, 2018, this Court granted Plaintiff's Motion as to his demand that the University release and provide him with his transcript. This Court further held the remaining issues to be decided after a hearing. (Order, Dkt. # 19, Page ID # 269-270).

On July 6, 2018, this Court, after hearing the remaining issues in Plaintiff's TRO, granted in part and denied in part Plaintiff's Motion (Order, Dkt. # 30, Page ID # 726-744). The Court ordered that the University provide Plaintiff "with the procedures set forth in its Statement of Student Rights and Responsibilities, excluding the provision in Stage 2, ¶ C, which authorizes the respondent to question the complainant directly." (*Id.*, Page ID # 744). This Court explained that

5

"Plaintiff may question Claimant through the RO, RC, or Student Resolution Panel" only. (*Id*).

On July 25, 2018, Defendants appealed this Court's July 6, 2018 Order granting Plaintiff's preliminary injunction (Defendants' Notice of Appeal, Dkt. # 32, Page ID # 818-820) to the United States Court of Appeals for the Sixth Circuit (Case 18-1870). Defendants also argued in their Brief to the Sixth Circuit that Plaintiff lacked standing and that his claims were not "ripe." (Case 18-1870, RE 23).

On August 7, 2018, Plaintiff cross-appealed the same Order, which denied him the opportunity to verbally cross-examine witnesses during a live hearing (Plaintiff's Notice of Cross-Appeal, Dkt. # 36, Page ID # 1067-1069), to the Sixth Circuit (Case 18-1903). On August 22, 2018, this Court granted Defendants' Motion to Stay Pending Appeal (Order, Dkt. # 41, Page ID 1260-1262).

On September 7, 2018, in *Doe v. Baum, et al*, 903 F.3d 575 (6th Cir. 2018), the Sixth Circuit issued its Opinion, holding in pertinent part, that Defendants' Policy, similar to that used to adjudicate the complaint brought against Plaintiff beginning on March 20, 2018, violated "well-established" due process standards, and finding:

> "if a public university has to choose between competing narratives to resolve a case, **the university must give the accused student or his agent an opportunity to cross-examine the accuser and adverse witnesses in the presence of a neutral fact-finder**. **Because the**

6

**University of Michigan failed to comply with this rule, we reverse**." *Id*. at 578 (emphasis added).

On September 24, 2018, the *Baum* Defendants filed a Petition for Rehearing and Rehearing *En Banc*, (Case 17-2213, RE 49-1), and admitted that their Policy was unconstitutional. On October 11, 2018, the Court denied the University's Petition for Rehearing. (Case 17-2213, RE 56-1).

On January 9, 2019, under pressure from this Court's July 6, 2018 Order and the subsequent *Baum* decision, the University replaced its unconstitutional 2018 Policy adjudicating sexual misconduct allegations with a January 9, 2019 Interim Policy, because, as publicly conceded by University President Mark Schlissel on January 29, 2019, "the current law," required such a policy change. (Second Amended Complaint, Dkt. # 47, Page ID 1341).

On April 10, 2019, the Sixth Circuit issued its Order vacating this Court's preliminary injunction, which allowed Plaintiff to cross-examine the Claimant during the University's hearing process via written questions posed by a University official and remanding the case for reconsideration in light of *Baum* and the University's 2019 Interim Policy. (Order, RE 35-1, Case 18-1870). The Court declined to address the University's standing and ripeness argument and did not instruct this court to do so on remand. To the contrary, the remand was limited to the issues presented by *Baum* and the Interim Policy.

## III. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 56(a) states, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." It is well-settled that the existence of a "mere scintilla of evidence" supporting a party's position will not suffice. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968).

### B. Defendants' Qualified Immunity Argument (Dkt. # 49) Does Not Preclude Injunctive, Equitable or Declaratory Relief.

In this Motion Plaintiff seeks only non-monetary relief, specifically equitable relief. This relief is not affected by the defense of qualified immunity, as addressed in Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. # 49)[4]. *Smith v. Leis*, 407 F. App'x 918, 930 (6th Cir. 2011) ("[A] court could award both declaratory and injunctive relief in an action against a defendant protected by qualified immunity."); *Collyer v. Darling,* 98 F.3d 211, 222 (6th Cir. 1996) ("[I]mmunity only precludes claims for monetary damages against officials in their individual capacities, and not claims for injunctive or declaratory relief."). As such, qualified immunity is in no way a bar to the granting of this motion and the relief requested at this point. Plaintiff reserves the right to seek

---

[4] Plaintiff will respond to this motion and the arguments made in it in accordance with the Court Rules.

other remedies at a later time after further briefing and factual development, if necessary.

    **C.    There is No Question of Fact as to Whether Defendants' February 7, 2018 Policy Was Constitutionally Deficient.**

        **1.    Public School University Students Are Entitled to Cross-Examine Adverse Witnesses Where the Accused has Not Admitted to the Alleged Misconduct.**

The University has been explicitly ordered by the Sixth Circuit to "give the accused student or his agent an opportunity to cross-examine the accuser and adverse witnesses in the presence of a neutral fact-finder" if there are "competing narratives." *Baum*, 903 F.3d at 578. In fact, that Court explained that in "sexual misconduct cases," the University may either permit the accused student to personally cross-examine adverse witnesses or may allow the "accused student's agent" to conduct the cross-examination. *Id.* at 583. The Court further held:

- **"Cross-examination is essential in cases like Doe's** because it does *more* than uncover inconsistencies –it 'takes aim at credibility like no other procedural device.'" *Id*. 582 (emphasis added).

- "…[T]he university must allow for some form of *live* questioning *in front of* the fact-finder." *Id*. at 583.

- " So if a university is faced with competing narratives about potential misconduct, the administration must facilitate some form of cross-examination in order to satisfy due process" *Id*. at 581.

- "As it turns out, the university already provides for a hearing with cross-examination in all misconduct cases other than those

9

> involving sexual assault. So the administration already has all the resources it needs to facilitate cross-examination and knows how to oversee the process. And, importantly, the university identifies no substantial burden that would be imposed on it if it were required to provide an opportunity for cross-examination in this context." *Baum*, 903 F.3d at 582.

Based on the foregoing citations from *Baum,* the law of this Circuit is clear; where credibility is at stake, a live hearing and cross-examination is required, and the Policy under which Defendants began adjudicating the OIE complaint against Plaintiff, causing him to file his federal complaint against Defendants, lacked these components. This is what Plaintiff argued in his original Motion for Temporary Restraining Order and Preliminary Injunction (Motion for TRO & PI, Dkt. # 4, Page ID 133-162).

It is further evident from the Sixth Circuit's ruling that if a decision is made in favor of the respondent, the appellate reviewer may not reverse the decision made by "the initial investigator who actually interviewed all of the[] witnesses [and] found in favor of [respondent]" and make "credibility findings on a cold record." *Baum*, 903 F.3d at 586. Such a finding violates a respondent's due process rights as the reviewer has not been privy to the wealth of material, information and interviews as the initial investigator.

Moreover, Defendants have conceded that pre-*Baum* Policies, including the one used in Plaintiff's investigation, was unconstitutional. Facts or legal argument to the contrary were neither included in Defendants' Brief on Appeal in this case

10

(Case 18-1870, RE 23) nor their recently filed Motion to Dismiss (Dkt. # 49). Defendants have entirely failed to make the argument that their Policy complied with *Cincinnati*, much less *Baum*. In fact, Defendants flatly admitted to the Policy's unconstitutionality in their Petition for Rehearing en banc in *Doe v. Baum*: "**Appellees are no longer contesting whether the investigative model they have used to date is sufficient, and understand that they must provide students in Title IX cases with a live hearing including cross- examination**." (Defendants' Petition for Rehearing, *Doe v. Baum*, Case 17-2213, RE 49 at 8) (emphasis added).

Similarly, on January 29, 2019, University President Mark Schlissel publicly conceded that the University replaced its unconstitutional 2018 Policy on January 9, 2019 with an Interim Policy, which Defendants purport to be constitutional, because "the current law," (*Baum*), required such a policy change.

There is absolutely no genuine issue as to any material fact; it is uncontested that credibility is an issue in this OIE complaint; the February 7, 2018 Policy was being used to adjudicate the complaint; and the 2018 Policy was constitutionally deficient and did not allow for any form of cross-examination.

### 2. This Court Has Ruled That the Policy Was Unconstitutional and That This Case Rested on a "[C]redibility [D]etermination[]."

This Court, in its July 6, 2018 Order granting in part and denying in part Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction

11

(Motion for TRO & PI, Dkt. # 4), recognized the unconstitutionality of Defendants' Policy. The Court held:

> Unlike the policies which the Sixth Circuit has upheld, **this Policy deprives Plaintiff of a live hearing and the opportunity to face his accuser. Because of the University's method of private questioning through the investigator, Plaintiff has no way of knowing which questions are actually being asked of Claimant or her response to those questions. Without a live proceeding, the risk of an erroneous deprivation of Plaintiff's interest in his reputation, education, and employment is significant**.

(Order, Dkt. # 30, Page ID 739) (emphasis added). This Court held that this case involves "credibility determinations." (Order, Dkt. # 30, Page ID 738).

### D. There is No Question of Fact as to Whether Defendants Deprived Plaintiff of his Property Interest in His Education.

As addressed above, once Defendants received Complainant's sexual misconduct complaint against Plaintiff, they placed an indefinite hold on Plaintiff's official transcript and his engineering degree, depriving him of his property interest in his education. After Plaintiff filed this lawsuit and a Motion for TRO and PI (Dkt. # 4, Page ID # 133-162), this Court ordered that Plaintiff be provided with his official transcript and degree. (*See* June 14, 2018 Order, Dkt. # 19, Page ID # 269-270) (granting Plaintiff's Motion as to his demand that the University release and provide him with his transcript).

There is no question of fact as to whether Defendants deprived Plaintiff of his property interest in his degree and his official transcript. The Interim Policy

continues to allow Defendants to deprive Plaintiff of his property prior to a hearing or any adjudication of the complaint against him.

## IV.   CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order Granting Plaintiff's Motion for Partial Summary Judgment as to Count I, as well as the relief set forth on pages one to two of Plaintiff's Brief.

Dated:  June 10, 2019                           Respectfully submitted,

**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Elizabeth A. Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Elizabeth A. Marzotto Taylor (P82061)
Attorneys for Plaintiff