UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN DOE**, *an individual*,

    Plaintiff,

vs.

**UNIVERSITY OF MICHIGAN** (as to Title IX violations), **BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN**, *a constitutional corporate body* (as to Title IX & ELCRA violations), **PAMELA HEATLIE**, **ROBERT SELLERS**, **MARTIN PHILBERT**, **ERIK WESSEL**, **LAURA BLAKE JONES**, **E. ROYSTER HARPER**, **SUZANNE MCFADDEN**, and **PAUL ROBINSON**, *employees of the University of Michigan*, *sued in his or her personal and official capacities*, *jointly and severally*,

    Defendants.

Case No.: 18-cv-11776
Hon. Arthur J. Tarnow
Mag. Elizabeth A. Stafford

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF INTERIM ATTORNEY FEES AND COSTS AS TO HIS DUE PROCESS CLAIM**

---

**DEBORAH GORDON LAW**
**Deborah L. Gordon (P27058)**
**Elizabeth A. Marzotto Taylor (P82061)**
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

**SAUL EWING ARNSTEIN & LEHR LLP**
Joshua W. B. Richards
Amy L. Piccola
*Attorneys for Defendants*
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7737
Joshua.richards@saul.com
Amy.piccola@saul.com

**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**
Brian M. Schwartz (P69018)
*Attorney for Defendants*
150 W. Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

## I. Plaintiff is a "Prevailing Party"

Defendants' argument that Plaintiff is not a "prevailing party" as to his 42 U.S.C. § 1983 claim is entirely incorrect and disregards the facts of this case and the relevant case law. Plaintiff's objectives in filing this lawsuit were to 1) halt the University's unconstitutional process used to adjudicate the OIE complaint filed against him; 2) obtain his engineering degree and an official, clean transcript that was being unconstitutionally withheld from him; 3) obtain a determination that the 2018 Policy used to adjudicate the complaint against him was unconstitutional; and 4) obtain a determination that he was entitled to a live hearing and direct cross-examination. Plaintiff indeed succeeded in all four of his objectives and is a "prevailing party."

First, by virtue of this Court's July 6, 2018 Order, Plaintiff succeeded in his pursuit to halt the University's use of its 2018 Policy in its adjudication of the complaint against him. (Order, Dkt. # 30, Page ID 726-744). "Formally obtaining relief" is not a prerequisite to interim fees. *Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980). No matter what happened after this, Plaintiff succeeded in preventing Defendants from using their 2018 Policy. This Court also ordered (prior to the ruling in *Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018)) that the University's process for adjudicating sexual misconduct complaints was unconstitutional and that they must provide Plaintiff with due process:

1

> As soon as practicable**, the University is hereby ordered to provide Plaintiff with the opportunity for a live hearing in accordance with the procedures set forth in the Statement of Student Rights and Responsibilities**. *See* Ex. A, Section VI. However, to the extent that the Statement authorizes Plaintiff to question Claimant directly, the Court revokes that authorization. At the hearing, **Plaintiff may engage only in circumscribed cross-examination, a process through which he may submit questions to the Resolution Officer ("RO"), Resolution Coordinator ("RC"), or Student Resolution Panel to be asked of Claimant**. Order, Dkt. # 30, Page ID 743 (emphasis added).

Defendants incorrectly state that this Order could not make Plaintiff a "prevailing party" "because [it] was subsequently vacated by the Sixth Circuit." Their argument ignores reality. While the Sixth Circuit vacated this Court's Order, advising it to "consider the impact of *Baum* and Michigan's interim policy," it did not do so to negate this Court's Order halting the process; it did so because while this Court granted Plaintiff two thirds of the relief Plaintiff sought – a hearing and cross-examination – he was also entitled to the last one third – the opportunity to directly question the accuser. The Sixth Circuit's ruling is an additional win for Plaintiff over and above what this Court ordered.

Defendants also mistakenly argue that Plaintiff could not have been a "prevailing party" with respect to his success in receiving his transcript and degree because it "came as a result of the University's voluntary actions." Defendants did not "voluntarily" remove the hold on Plaintiff's student account and provide him with his degree and clean transcript. (*See* Status Conference, Dkt. # 20, Page ID

2

277-286). According to Black's Law Dictionary, "voluntary" means "not impelled by outside influence." *Voluntary*, BLACK'S LAW DICTIONARY (11th ed. 2019). Here, Defendants' actions were greatly impelled by outside influence, specifically 1) Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. # 4, Page ID 133-162); and 2) this Court's urging at the June 11, 2018 telephonic status conference (Conference, Dkt. # 20, Page ID 271-301) that Defendants' counsel recommend to their clients that they lift the hold from Plaintiff's account and provide him with his degree and a clean transcript (*Id*. at Page ID 281-286). Defendants resisted Plaintiff's request to lift the hold until well into the June 11th phone conference. Therefore, Defendants' actions were clearly not voluntary.

 Nor does it matter if Defendants agreed to remove the hold. According to this Circuit, "an earlier judicially sanctioned change in the parties' legal relationship **through a consent decree can be the basis of a plaintiff's prevailing party status for purposes of § 1988**."[1] *Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 625 (6th Cir. 2013) (citing *Martin v. Hadix*, 143 F.3d 246, 256 (6th Cir. 1998)) (emphasis added). "After that initial determination, plaintiff[] [is] not again required to establish prevailing party status in the conventional sense of requiring a

---

[1] The Supreme Court has also recognized that a plaintiff is a "prevailing party" when the "'court-ordered change in the legal relationship' between the plaintiff and defendant is 'enduring' and irrevocable." *McQueary v. Conway*, 614 F.3d 591, 597 (6th Cir. 2010) (quoting *Sole v. Wyner*, 551 U.S. 74, 86 (2007)).

3

judicially-sanctioned material change in the legal relationship of the parties. *Id.* (citing *Tx. State Teachers Ass'n,* 489 U.S. 782, 792; *Buckhannon Bd. of Care Home, Inc. v. W. Va. Dept. of Health and Human Res.,* 532 U.S. 598, 604–05 (2001). This Court's June 14, 2018 Order "modif[ied] the [D]efendant[s'] behavior in a way that directly benefit[ted]" Plaintiff. *Woods v. Willis*, 613 F. App'x 359, 364 (6th Cir. 2015) (quoting *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012)). The bottom line is that Plaintiff succeeded regardless of whether Defendants conceded after Plaintiff filed his Motion, the Courts' directive, or an order to which the parties stipulated. There was a "judicially sanctioned change in the legal relationship of the parties," it is enduring and irrevocable and it is sufficient to demonstrate Plaintiff's "prevailing party" status. *Buckhannon Bd. of Care Home, Inc*. 532 U.S. at 603.

Defendants are similarly incorrect in their statement that "the changes to the University's sexual misconduct policy had nothing to do with this case." This Court held in its July 6, 2018 Order that Defendants' 2018 Policy was unconstitutional and that the Policy used against Plaintiff "deprive[d] [him] of a live hearing and the opportunity to face his accuser." (Order, Dkt. # 30, Page ID 739). The Court further ordered a live hearing and cross-examination. *Id*. The *Baum* decision followed two months later and the University replaced its

4

unconstitutional 2018 Policy on January 9, 2018. To say that this policy had "nothing to do with this case" is false.

## II. Plaintiff's Requested Fee and Costs Award is Appropriate

With regard to billing details, in *Imwalle v Reliance Medical Products, Inc.*, 515 F.3d 531, 553-554 (6th Cir. 2008) the Sixth Circuit agreed that time entries providing the "briefest description" of the task completed (including "research," "review file," "review documents," etc.) were adequate when read in the context of the billing statement as a whole and in conjunction with the timeline of the litigation.

As to the hourly rate of Deborah Gordon, the $550.00 rate is appropriate. Gordon does not specialize in, nor was this case about, "school and education law." The area of law at issue was civil rights law, which incorporates § 1983 claims against the government, including schools. As set forth in Plaintiff's Motion, in 2009 Gordon was awarded $400.00 per hour in *Zwick v. University of Michigan*, and in a 2013 in Title IX case, Gordon was awarded $500.00. To the extent Defendants are looking to other "fields" in the State Bar Report, for the 95 percentile, partner/shareholder is $552/hour.

An award of costs to the prevailing party is also authorized under 42 U.S.C. § 1988. *Northcross v. Bd. of Educ.*, 611 F.2d 624, 639 (6th Cir. 1980). Specifically, **reasonable out of pocket expenses incurred by the attorney which are**

5

**normally charged to a fee paying client**, in the course of providing legal services, are compensable. *Id*. All of Plaintiff's costs are recoverable. *See Cleveland Bd. of Realtors v. City of Euclid*, 965 F.Supp 1017 (N.D. OH 1997); *Communities for Equity v. Michigan High School Athletic Assn*., 2008 WL 906031 (W.D. 3/31/08) (photocopying expenses, messenger services, postage, phone use, paralegal expense, travel costs, on line research recoverable under civil rights attorney fee statute, 42 U.S.C. § 1988 if reasonable.)

Lastly, Plaintiff has achieved much more than "limited (or non-existent) 'success'." Plaintiff directs this Court and Defendants to the above referenced successes (and those outlined in his Motion). They are anything but "non-existent."

Respectfully submitted,

Dated: June 11, 2019      **DEBORAH GORDON LAW**
<u>**/s/Deborah L. Gordon (P27058)**</u>
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
