**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: June 12, 2019

Mr. Andrew J. Clopton

Stephen Joseph Cowen

Ms. Deborah L. Gordon

Ms. Elizabeth Ann Marzotto Taylor

Ms. Erin Lange Ramamurthy

> Re: Case No. 19-1636, *In re: University of Michigan, et al*
> Originating Case No. : 2:18-cv-11776

Dear Counsel:

The Court issued the enclosed Order today in this case.

> Sincerely yours,
>
> s/Amy E. Gigliotti on behalf of Laura A. Jones
> Case Management Specialist
> Direct Dial No. 513-564-7023

cc: Mr. David J. Weaver

Enclosure

No. 19-1636

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

> **FILED**
> Jun 12, 2019
> DEBORAH S. HUNT, Clerk

In re: UNIVERSITY OF MICHIGAN, et al., )
) O R D E R
Petitioners. )

Before: KETHLEDGE, Circuit Judge.

Plaintiff John Doe alleges that the University of Michigan violated his right to due process in connection with its policy and procedures for addressing sexual assault allegations brought by its students against another student. The University petitions for a writ of mandamus and moves to stay a June 13, 2019 court hearing, which the district court has indicated will be held on the record in open court. The plaintiff, John Doe, opposes a stay. The University replies. Pursuant to Federal Rule of Appellate Procedure 27(c), a single judge may entertain the motion.

As a starting point, the parties disagree on the purpose of the June 13 hearing. In an order entered on June 11, 2019, the district court referred to the hearing as a "settlement conference," and the University claims that is what will occur. Plaintiff claims that "settlement conference" is a misnomer and that the June 13 hearing is a status conference. But what a hearing is named does not necessarily resolve the matter. Federal Rule of Civil Procedure 16(c), governing attendance and matters for consideration at a pre-trial conference, permits the district court to consider and take appropriate action on, among other things, settling the case. Fed. R. App. P. 16(c)(2)(I). Furthermore, the purpose of the hearing, according to plaintiff, is "to settle the issue of what process was due to Plaintiff," and to force the University President "to address why they have

failed to follow the basic tenants of due process." Thus, it appears that the hearing will involve more than a simple scheduling order.

We consider four factors in deciding whether to grant a stay: (1) whether the movants have made a strong showing that they are "likely to succeed on the merits"; (2) whether they "will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). The first two factors are the most critical. *Nken*, 556 U.S. at 434.

Whether the relevant factors weigh in favor of granting a stay depends in part on facts that are in dispute. In order to provide sufficient time to consider the matter, it is **ORDERED** that the hearing scheduled for June 13, 2019 at 10:00 AM is **STAYED** pending further consideration by the court. We may deny a mandamus petition without an answer. Otherwise, we must order the respondent to file an answer within a fixed time. Fed. R. App. P. 21(b)(1). It is **ORDERED** that the plaintiff file an answer and that the trial court judge address the mandamus petition within ten (10) days of the date this order is entered. *See* Fed. R. App. P. 21(b)(4).

                    ENTERED BY ORDER OF THE COURT

                    Deborah S. Hunt, Clerk