UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

        Plaintiff,

v.

UNIVERSITY OF MICHIGAN, ET AL.,

        Defendants.

_____/

Case No. 18-11776

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER DENYING DEFENDANTS' EMERGENCY MOTION FOR STAY OF MOTION HEARING [78]**

On June 4, 2018, Plaintiff John Doe, through counsel, commenced this 42 U.S.C. § 1983 action claiming, *inter alia*, that Defendant University of Michigan's ("the University") Policy and Procedures on Student Sexual and Gender-Based Misconduct and Other Forms of Interpersonal Violence ("Policy") deprives students of due process in violation of the Fourteenth Amendment. Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction, which the Court granted in part on July 6, 2018. [Dkt. #30]. Defendants filed a Notice of Interlocutory Appeal [32] on July 25, 2018. On April 10, 2019 the United States Court of Appeals for the Sixth Circuit issued an Order [42] remanding the case for reconsideration in light of *Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018) and the University's Interim

Policy, which took effect on January 9, 2019. (Dkt. #42, pg. 2). The University's disciplinary proceedings against Plaintiff have been stayed since May 8, 2019. (Dkt. #45, pg. 3). On October 21, 2019, Defendants filed an Emergency Motion for Stay of Motion Hearing [78] in order to resume disciplinary proceedings against Plaintiff. Plaintiff filed a Response [79] on November 4, 2019. Defendants filed a Reply [80] on November 11, 2019. The motion hearing is scheduled for November 21, 2019.

A district court's power to stay proceedings is inherent in its ability to control its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts have recognized a number of relevant considerations in deciding whether to grant a stay, chief among them is the balance of hardship between each party. *Int'l Bhd. of Elec. Workers, Local Union No. 2020, AFL-CIO v. AT&T Network Sys. (Columbia Works)*, 879 F.2d 864 (unpublished table decision), No. 88-3895, 1989 WL 78212, at *8 (6th Cir. July 17, 1989); *see also Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.,* 565 F.2d 393, 396 (6th Cir. 1977). In this consideration, "the moving party has the burden of proving that it will suffer irreparable injury if the case moves forward, and that the non-moving party will not be injured by a stay." *Int'l Bhd. of Elec. Workers*, 1989 WL 78212, at *8.

Each party's respective hardships vastly differ. Defendants argue for a stay to ensure that the University will have the 45 days it needs to obtain a final result in Plaintiff's disciplinary proceeding before he graduates in 2020. (Dkt. #78, pg. 9; Dkt.

#80, pg. 3). Plaintiff argues against a stay to ensure that once the University does continue their investigation, it will be guided by a court order which outlines the due process Plaintiff is entitled to. (Dkt. #79, pg. 4-5). Defendants' concern is speculative — if the stay is not granted, Defendants *might* not have as much time as they would like to complete their process. While Plaintiff's concern is concrete — if the stay is granted, Plaintiff *will* be subject to a process devoid of this Court's legal guidance. Defendants have neither proved that they will suffer irreparable injury nor proved that Plaintiff will not be injured by the stay.

Despite the existence of the Interim Policy that Defendants argue complies with current case law, the impetus for this suit remains: Plaintiff alleges due process violations against Defendants that have yet to be ruled on. Furthermore, this Court has not yet had a chance to prescribe constitutional safeguards, let alone evaluate whether the new policies adhere to them. Defendants cannot resume a disciplinary process while allegations of its adequacy have not been resolved. The Sixth Circuit instructs "that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl.* Council, 565 F.2d at 396. This Court refuses to delay these proceedings.

While the Court today decides to move forward with next week's hearing, it acknowledges the University's legitimate interest in the expeditious completion of its disciplinary process while all material witnesses are still available. A ruling on

the pending motions will therefore be issued in a timely manner as to accommodate all interested parties.

Accordingly,

**IT IS ORDERED** that Defendants' Emergency Motion for Stay of Motion Hearing [78] is **DENIED**.

**SO ORDERED.**

Dated: November 15, 2019

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge