UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

    Plaintiff,

v.

UNIVERSITY OF MICHIGAN,
*et al.*,

    Defendants.
_____/

Civil Action No.: 18-11776
Honorable Arthur J. Tarnow
Magistrate Judge Elizabeth A. Stafford

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR INTERIM ATTORNEY'S FEES [ECF NO. 48]

### I.  INTRODUCTION

Plaintiff John Doe sues the University of Michigan, its Board of Regents and eight of its employees, alleging that they violated his due process rights.  [ECF No. 47].  In May 2019, Doe moved for interim attorney's fees as the alleged prevailing party under 42 U.S.C. § 1988(b).[1]  [ECF No. 48].  The Honorable Arthur J. Tarnow referred the motion to the undersigned for hearing and determination under 28 U.S.C. § 636(b).  [ECF No. 65].

---

[1] Doe requests an award of $109,246.50 in attorney's fees and $3,737.62 in costs for the period of May 23, 2018 to April 10, 2019.  [ECF No. 48, PageID.1482, 1496].

The Court denies without prejudice Doe's motion for interim attorney's fees.

## II.    BACKGROUND

Doe claims that a fellow student filed a false sexual misconduct complaint against him with the Office of Institutional Equity (OIE) at the University.  [ECF No. 47, PageID.1332].  He alleges that, in response to the complaint, "the OIE commenced an investigation to determine if [Doe] had violated the Sexual Misconduct Policy, dated February 7, 2018."  [ECF No. 47, PageID.1332].  Doe asserts that the University's 2018 policy intentionally deprived him of due process, including a live hearing and cross-examination.  [ECF No. 47, PageID.1333-1340].

At the start of the litigation, Doe moved for a temporary restraining order and preliminary injunction, seeking to enjoin the defendants from withholding his transcript and degree, continuing the OIE investigation and continuing to use the 2018 policy.  [ECF No. 4].  During a June 2018 telephonic status conference, the parties agreed to update the Court on whether the defendants would release a clean official transcript to Doe.  [ECF No. 19; *see also* ECF No. 20].  Judge Tarnow later granted in part and denied in part Doe's motion for preliminary injunctive relief.  [ECF No. 19].  Since he "heard nothing from the parties" about the release of the

transcript, Judge Tarnow construed their silence as a stipulation to release the transcript to Doe, but waited for briefing to decide the remaining issues. [ECF No. 19].

After the other issues were briefed, Judge Tarnow ordered the University to provide Doe "with the opportunity for a live hearing in accordance with the procedures set forth in the" University's policies and procedures, but denied his request for campus-wide changes to the policies and procedures. [ECF No. 30, PageID.743]. The University appealed the order. [ECF No. 41]. In April 2019, the Sixth Circuit vacated the preliminary injunction and remanded the case so that Judge Tarnow could consider the impact of *Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018), and of the University's adoption of a new policy that would apply to Doe's case. [ECF No. 42]. The next month, Doe moved for interim attorney's fees. [ECF No. 48].

In his motion, Doe argues that he is the prevailing party because "there have been concrete orders that determine substantial rights of the parties," and the Court's rulings "resulted in a judicially sanctioned change in the parties' relationship." [ECF No. 48, PageID.1497-1499]. According to Doe, he was "victorious in four respects": the June 2018 order that

3

allowed him to receive his transcript and degree;[2] the July 2018 order requiring the defendants to provide Doe with a live hearing and cross-examination;[3] the fact that the Sixth Circuit did not rule on the defendants' standing and ripeness arguments, allowing the case to move forward;[4] and the University's abandonment of the 2018 policy.  [ECF No. 48, PageID.1497].

### III.   ANALYSIS

#### A.

Doe sues defendants under 42 U.S.C. § 1983.  Section 1988(b), which applies to actions brought under § 1983, states that the court "may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  To be a prevailing party, a plaintiff "must receive at least some relief on the merits of his claim such as a judgment, an injunction, or a consent decree."  *Horner v. Kentucky High Sch. Athletic Ass'n*, 206 F.3d 685, 698 (6th Cir. 2000).  Prevailing party status cannot be awarded because of a preliminary injunction that "is reversed, dissolved, or otherwise undone by the final decision in the same

---

[2] *See* ECF No. 19.
[3] *See* ECF No. 30.
[4] *See* ECF No. 42.

case." *Sole v. Wyner*, 551 U.S. 74, 83 (2007). "[W]e look for a court-ordered, material, enduring change in the legal relationship between the parties." *Miller v. Caudill*, 936 F.3d 442, 448 (6th Cir. 2019)

As noted, the Sixth Circuit vacated the preliminary injunction ordered by Judge Tarnow. [ECF No. 42]. Even so, Doe has enjoyed at least some relief that cannot be undone; he received his transcript and degree.[5] But to be declared the prevailing party before final judgment, Doe must show that he achieved court-ordered relief providing him with *everything* that he asked for. *Miller,* 936 F.3d at 448 ("[F]or the change to have been *enduring*, it must have been irrevocable, meaning it must have provided plaintiffs with everything they asked for.") (emphasis in original). Citing *Miller*, the Honorable David M. Lawson denied a motion for interim attorney's fees, finding that the plaintiff could not yet be regarded as the

---

[5]Defendants argue that the University voluntarily released the transcript and awarded Doe his degree, rather than those actions resulting from a court order. [ECF No. 50, PageID.1759]. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur*" to bestow prevailing party status. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). But Doe disputes that the University's actions were voluntary, stating that they were prompted by Doe's motion for injunctive relief and Judge Tarnow's urging during a June 2018 telephone conference. [ECF No. 55, PageID.1808-1809]. The Court makes no finding here about which party should prevail on this issue.

"prevailing party."  *Doe v. Baum*, No. 16-13174, 2019 WL 4809438, at *11 (E.D. Mich. Sept. 30, 2019).

Declaring a "prevailing party" at this stage of litigation would be especially precarious here.  Defendants have moved to dismiss Doe's second amended complaint for lack of subject matter jurisdiction.  [ECF No. 49].  Judge Tarnow has yet to rule on defendants' motion.  Under earlier precedent, if Judge Tarnow were to grant defendants' motion because the Court lacks subject matter jurisdictions, the defendants could not be considered the prevailing parties.  Earlier cases emphasized that a prevailing party must have received relief "on the merits." *Horner,* 206 F.3d at 698.  Since a dismissal for want of subject matter jurisdiction is not on the merits, courts held that such a dismissal renders no "prevailing party" under fee-shifting statutes.  *See Int'l Techs. Consultants, Inc. v. Stewart*, No. 07-13391, 2013 WL 1211082, at *4 (E.D. Mich. Jan. 28, 2013), *adopted*, No. 07-13391, 2013 WL 1210540 (E.D. Mich. Mar. 25, 2013) (collecting cases).  But the Supreme Court rejected that conclusion.

In *CRST Van Expedited, Inc. v. E.E.O.C.*, the Court interpreted the provision of Title VII that allows the "prevailing party" to recover reasonable attorney's fees.  136 S.Ct. 1642, 1646 (2016) (citing 42 U.S.C. § 2000e-5(k)).  The Court found that Congress "intended that a defendant could

recover fees expended in frivolous, unreasonable, or groundless litigation when the case is resolved in the defendant's favor, whether on the merits or not." *Id.* Thus, when a defendant prevails in an action, "district courts may award attorney's fees if the plaintiff's claim was frivolous, unreasonable, or groundless, or if the plaintiff continued to litigate after it clearly became so." *Id.* at 1646 (internal citation and quotation marks omitted).

Here, Judge Tarnow might rule that Doe never had standing or that he lost standing when the University changed its policy. This Court neither suggests that this would be the proper outcome nor predicts that it is likely. But the possibility that Judge Tarnow might grant defendants' motion to dismiss for lack of subject matter jurisdiction highlights the impropriety of declaring Doe the prevailing party at this interim stage.

### IV. CONCLUSION

The Court **DENIES WITHOUT PREJUDICE** Doe's motion for interim attorney's fees [ECF No. 48].

s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge

Dated: January 15, 2020

7

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of 14 days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 15, 2020.

                                              s/Marlena Williams
                                              MARLENA WILLIAMS
                                              Case Manager