UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN DOE**, | : | Case No. 18-cv-11776 |
| | : | |
| Plaintiff, | : | Hon. Arthur J. Tarnow |
| | : | Mag. Elizabeth A. Stafford |
| v. | : | |
| | : | **DEFENDANTS' MOTION** |
| **UNIVERSITY OF MICHIGAN**, *et al.*, | : | **TO DISSOLVE ORDER** |
| | : | **ENJOINING STUDENT** |
| Defendants. | : | **CONDUCT HEARING, OR,** |
| | : | **IN THE ALTERNATIVE,** |
| | : | **FOR PROMPT RULING ON** |
| | : | **PENDING MOTIONS** |

DEBORAH GORDON LAW
Deborah L. Gordon
Elizabeth A. Marzotto Taylor
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

*Attorneys for Plaintiff*

SAUL EWING ARNSTEIN &
LEHR LLP
Joshua W. B. Richards
Amy L. Piccola
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7737
joshua.richards@saul.com
amy.piccola@saul.com

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
Brian M. Schwartz
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

*Attorneys for Defendants*

Defendants move, pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, for relief from the Court's order enjoining the University from moving forward with Plaintiff John Doe's student conduct hearing (*see* ECF No. 82 at 15:23) so that the University may bring the student conduct proceeding to an expeditious conclusion in light of Doe's impending graduation from the University. In the alternative, Defendants respectfully request a prompt decision on the motions pending before the Court. In support of this motion, Defendants rely upon the attached brief.

Counsel for Defendants explained the nature of this motion and its basis to Plaintiff's counsel via e-mail on January 20, 2020. Counsel for Defendants requested concurrence with respect to both forms of relief sought in this motion. Counsel for Plaintiff does not consent to either form of relief.

WHEREFORE, Defendants respectfully request that the Court vacate and dissolve its order barring the University from moving forward with Plaintiff John Doe's student conduct hearing, or, in the alternative, promptly rule on the motions pending before the Court.

|  |  |
|---|---|
|  | Respectfully submitted, |
| January 22, 2020 |  |
|  | /s/ *Joshua W. B. Richards* |
| MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. | SAUL EWING ARNSTEIN & LEHR LLP |
| Brian M. Schwartz | Joshua W. B. Richards |
| 150 West Jefferson, Suite 2500 | Amy L. Piccola |
| Detroit, Michigan  48226 | 1500 Market Street, 38th Floor |
| (313) 963-6420 | Philadelphia, Pennsylvania  19102 |
| schwartzb@millercanfield.com | (215) 972-7737 |
|  | joshua.richards@saul.com |
|  | amy.piccola@saul.com |
|  |  |
|  | *Attorneys for Defendants* |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN DOE**, | : | Case No. 18-cv-11776 |
| | : | |
| Plaintiff, | : | Hon. Arthur J. Tarnow |
| | : | Mag. Elizabeth A. Stafford |
| v. | : | |
| | : | **DEFENDANTS' BRIEF IN** |
| **UNIVERSITY OF MICHIGAN**, *et al.*, | : | **SUPPORT OF** |
| | : | **DEFENDANTS' MOTION** |
| Defendants. | : | **TO DISSOLVE ORDER** |
| | : | **ENJOINING STUDENT** |
| | : | **CONDUCT HEARING, OR,** |
| | : | **IN THE ALTERNATIVE,** |
| | : | **FOR PROMPT RULING ON** |
| | : | **PENDING MOTIONS** |

DEBORAH GORDON LAW
Deborah L. Gordon
Elizabeth A. Marzotto Taylor
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

*Attorneys for Plaintiff*

SAUL EWING ARNSTEIN & LEHR LLP
Joshua W. B. Richards
Amy L. Piccola
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7737
joshua.richards@saul.com
amy.piccola@saul.com

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Brian M. Schwartz
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

*Attorneys for Defendants*

# **TABLE OF CONTENTS**

STATEMENT OF THE ISSUE PRESENTED ....................................................... iii

APPROPRIATE AUTHORITY ............................................................................ iv

INTRODUCTION .....................................................................................................1

ARGUMENT ............................................................................................................2

CONCLUSION .........................................................................................................4

# **TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Doe v. Baum*,
 903 F.3d 575 (6th Cir. 2018) ..........................................................................iv, 3

*Doe v. The Ohio State Univ.*,
 136 F. Supp. 3d 854 (S.D. Ohio 2016) ...........................................................iv, 3

*Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*,
 134 F.3d 749 (6th Cir. 1998) ..........................................................................iv, 3

## **STATEMENT OF THE ISSUE PRESENTED**

Should the Court vacate and dissolve its order barring the University from moving forward with Plaintiff John Doe's student conduct hearing so that the University may bring the student conduct proceeding to an expeditious conclusion, or, in the alternative, should the Court promptly rule on the pending motions?

**Yes.  It is in the interests of all parties to move forward with Plaintiff's student conduct hearing.**

## **APPROPRIATE AUTHORITY**

*Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018)

*Doe v. The Ohio State Univ.*, 136 F. Supp. 3d 854 (S.D. Ohio 2016)

*Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749 (6th Cir. 1998)

## INTRODUCTION

Defendants filed a motion on October 21, 2019 seeking to postpone the November 21, 2019 hearing on the parties' pending motions[1] so that the University could move forward with Doe's student conduct hearing. (*See* ECF No. 78.) In the alternative, Defendants requested a ruling on the pending motions within two weeks of the November 21, 2019 motion hearing. (*See id.*) The Court denied Defendants' motion (ECF No. 81), and the motion hearing went forward as scheduled. In denying Defendants' motion, the Court stated that "[a] ruling on the pending motions will . . . be issued in a timely manner as to accommodate all interested parties." (*Id.* at 4.) The Court again ruled at the motion hearing that its order to stay Doe's student conduct hearing remained in force "for now." (ECF No. 82 at 15:23.)

Based on the classes for which he has registered, Doe is eligible to graduate at the conclusion of the Winter 2020 semester. Commencement activities are scheduled for April 30 – May 3, 2020. With Doe's graduation now imminent, equity to all involved – including both Doe and the student who has accused Doe of misconduct (the "Claimant") – requires the University to move forward with Doe's student conduct hearing as soon as practicable so that the University can

---

[1] Defendants' motion to dismiss, Plaintiff John Doe's motion for partial summary judgment, and Defendants' motion for protective order. (*See* ECF Nos. 49, 53, 66.)

ensure a full and fair hearing at which all material witnesses can be available to appear and the parties can obtain a final result to this process before Doe leaves the University.

As of the date of this motion, it has been two months since the November 21 hearing and three months since the University first sought relief from the Court's order barring the University from moving forward with Doe's conduct hearing. The University respectfully requests that the Court vacate and dissolve its order barring the University from proceeding with Doe's student conduct hearing, or, in the alternative, promptly rule on the motions pending before the Court.

## **ARGUMENT**

More than eighteen months have passed since the University was first enjoined from concluding its investigation and adjudication of the allegations made against Doe by the Claimant, and more than two months since the Court stated that it would rule on the pending motions "in a timely manner." (ECF No. 81 at 4.) As the University set forth in its prior motion, which the University incorporates here by reference (*see* ECF Nos. 78, 80), it is in the interest of everyone involved in this matter, including the Court, for the University to move forward with its process in a timely manner. Doe has an interest in this matter being resolved before he graduates from the University so he can plan for his future; the Claimant, though

not before the Court,[2] has a strong interest in the resolution of her allegations; the University has obligations under Title IX to which it must adhere in a timely manner;[3] and the Court, too, would benefit from a fully developed set of facts – including potential developments that may moot this matter entirely and allow the Court to devote its resources elsewhere.

Further delay of Doe's hearing risks that Doe and other witnesses will become unavailable as they graduate and leave campus; the University, of course, does not wield subpoena power to compel students who have graduated to return to campus to participate in a student conduct hearing. For the avoidance of any doubt, these disruptions pose a genuine risk that a hearing might never occur. The consequence is that Doe's lawsuit, brought initially to challenge only the University's process, may result in the Claimant – whom, it bears emphasis, has alleged that Doe raped her – never having the opportunity to have her case heard. These circumstances and the current delay present dangerous incentives for other students accused of similar conduct. Moreover, even if the University could hold a

---

[2] Nevertheless, both the University and the Court have obligations to the Claimant – the University under Title IX and the Court in equity. *See Doe v. The Ohio State Univ.*, 136 F. Supp. 3d 854, 871 (S.D. Ohio 2016); *Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998).

[3] As the Court knows, the holding in *Doe v. Baum* made clear that if a material witness is unavailable to appear at Doe's hearing, the University may be precluded from adjudicating the Claimant's allegations at all. *See* 903 F.3d 575, 581-83 (6th Cir. 2018).

lawful hearing after Doe graduates, if Doe were found to have violated the Sexual Misconduct Policy, the University's options to impose appropriate discipline would be severely limited.

## CONCLUSION

For the foregoing reasons, and to ensure a full and fair hearing for all parties, Defendants respectfully request that the Court vacate and dissolve its order barring the University from moving forward with Plaintiff John Doe's student conduct hearing, or, in the alternative, promptly rule on the motions pending before the Court. If the Court grants the University's motion and dissolves the stay on Doe's hearing, the University proposes to complete its process and hold Doe's student conduct hearing within 45 days of the Court's disposition of this motion.[4]

---

[4] While the University will strive to hold Doe's hearing within 45 days, the hearing could be delayed as a result of the University's efforts to reasonably accommodate the availability of the parties, their representatives, and witnesses, and the timing and extent of any feedback on the evidentiary file and preliminary report.

-5-

January 22, 2020

Respectfully submitted,

/s/ *Joshua W. B. Richards*

| | |
|---|---|
| MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br>Brian M. Schwartz<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan  48226<br>(313) 963-6420<br>schwartzb@millercanfield.com | SAUL EWING ARNSTEIN & LEHR LLP<br>Joshua W. B. Richards<br>Amy L. Piccola<br>1500 Market Street, 38th Floor<br>Philadelphia, Pennsylvania  19102<br>(215) 972-7737<br>joshua.richards@saul.com<br>amy.piccola@saul.com |

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2020, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to:

Deborah L. Gordon
dgordon@deborahgordonlaw.com

/s/ *Joshua W. B. Richards*
SAUL EWING ARNSTEIN & LEHR LLP
Joshua W. B. Richards
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania  19102
(215) 972-7737
joshua.richards@saul.com

*Attorney for Defendants*