UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN DOE**, *an individual*,

    Plaintiff,

vs.                                                            Case No.: 18-cv-11776
                                                          Hon. Arthur J. Tarnow
                                                          Mag. Elizabeth A. Stafford

**UNIVERSITY OF MICHIGAN,** *et al.*,

    Defendants.

| **DEBORAH GORDON LAW** | **MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.** |
|---|---|
| Deborah L. Gordon (P27058) | Brian M. Schwartz (P69018) |
| Elizabeth A. Marzotto Taylor (P82061) | Attorney for Defendants |
| Attorneys for Plaintiff | 150 West Jefferson, Suite 2500 |
| 33 Bloomfield Hills Parkway, Suite 220 | Detroit, Michigan 48226 |
| Bloomfield Hills, Michigan 48304 | (313) 963-6420 |
| (248) 258-2500 | schwartzb@millercanfield.com |
| dgordon@deborahgordonlaw.com | |
| emarzottotaylor@deborahgordonlaw.com | **SAUL EWING ARNSTEIN & LEHR LLP** |
| | Joshua W.B. Richards |
| | Amy L. Piccola |
| | Attorneys for Defendants |
| | 1500 Market Street, 38th Floor |
| | Philadelphia, Pennsylvania 19102 |
| | (215) 972-7737 |
| | joshua.richards@saul.com |
| | amy.piccola@saul.com |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISSOLVE ORDER ENJOINING STUDENT CONDUCT HEARING, OR, IN THE ALTERNATIVE, FOR PROMPT RULING ON PENDING MOTIONS**

## TABLE OF CONTENTS

Index of Authorities ........................................................................................................ ii

I. INTRODUCTION ............................................................................................... 1

II. ARGUMENT ........................................................................................................ 2

    A. Defendants created the delay they seek relief from ............................... 2

    B. The Court already considered and rejected Defendants' arguments ................... 3

    C. Allowing Defendants to proceed against Plaintiff now is impermissible for the same reasons as in November 2019 ............................................. 4

    D. Defendants cannot meet the legal requirements to vacate the Court's November 15, 2019 Order ....................................................................... 7

    E. Defendants' Motion could also be construed as an improper request for reconsideration ......................................................................................... 8

III. CONCLUSION .................................................................................................... 9

CERTIFICATE OF SERVICE ...................................................................................... 10

# INDEX OF AUTHORITIES

**Cases**          **Page**

*Bank of Ann Arbor v. Everest Nat. Ins. Co.*,
  563 F. App'x 473 (6th Cir. 2014) ...................................................................... 9

*Bigelow v. Balaban & Katz Corp.*,
  199 F.2d 794 (7th Cir.1952) .............................................................................. 7

*Denley v. Shearson/Am. Express, Inc.*,
  733 F.2d 39 (6th Cir.1984) ................................................................................ 7

*Direct Constr. Servs., LLC v. City of Detroit*,
  2019 WL 2743533, at *1 (E.D. Mich. July 1, 2019) ......................................... 9

*Doe v. Baum*,
  903 F.3d 575 (6th Cir. 2018) ............................................................................. 6

*Gooch v. Life Investors Ins. Co. of America*,
  672 F.3d 402 (6th Cir. 2012) ............................................................................. 7

*Hirsch v. CSX Transp. Inc.*,
  656 F.3d 359 (6th Cir. 2011) ............................................................................. 6

**Rules**
Fed. R. Civ. P. 54 ................................................................................................... 7
Local Rule 7.1(h)(3) ............................................................................................... 8
Rule 56(a) ............................................................................................................... 6

## I.    INTRODUCTION

This Court's November 15, 2019 Order denied Defendants' request to immediately proceed with their administrative process for the following reason:

> "[T]he impetus for this suit remains: Plaintiff alleges due process violations against Defendants that have yet to be ruled on. Furthermore, this Court has not yet had a chance to prescribe constitutional safeguards, let alone evaluate whether the new policies adhere to them. Defendants cannot resume a disciplinary process while allegations of its adequacy have not been resolved." ECF 81, Page ID 2417.

Defendants' Motion improperly re-asserts the same facts and arguments the Court already rejected. Defendants persist in their request that the Court allow them to decide Plaintiff's fate without any legal Opinion from the Court that would direct the course of their administrative proceeding against him. They argue that they know best how to preserve Plaintiff's constitutional rights, despite having already violated them. Defendants additionally presume to direct the Court as to how it should manage its docket. Where in October 2019, Defendants demanded the Court rule within 2 weeks of the hearing on the pending motions (ECF 78, Page ID 2378) here they insist the Court "promptly rule". No one's interests would be served by the Court rushing its analysis of the complex facts and issues before it.

Any delay in Defendants being able to proceed against Plaintiff is entirely of their own making. As of January 22, 2020, Defendants remain unwilling to stipulate to an Order setting forth Plaintiff's constitutional rights, which would

1

allow them to proceed against Plaintiff immediately. Nor does Defendants' Motion meet the legal standards of a motion to vacate under Rule 54 or a motion for reconsideration. Defendants' Motion should be denied.

## II. ARGUMENT

### A. <u>Defendants created the delay they seek relief from</u>

In 2018, Defendants subjected Plaintiff to a blatantly unconstitutional process that failed to guarantee him a live hearing and the ability to cross-examine witnesses. When this Court intervened, Defendants argued that their single-investigator model equated to a hearing with cross-examination. Defendants then appealed this Court's rejection of the single-investigator model and requested a stay of this case—<u>including their administrative proceeding</u>—pending their doomed appeal to the Sixth Circuit. ECF 33, 41, 42. Nearly eight months elapsed between the grant of Defendants' request for a stay and the Sixth Circuit's rejection of their appeal.

After the Sixth Circuit remanded this case for further review, Defendants effectively delayed this Court's decision of the question of their liability for another six months. Months ago—before filing his Motion for Partial Summary Judgment—Plaintiff sought Defendants' concurrence in a simple Order stating that the 2018 Policy applied to Plaintiff was unconstitutional; enjoining Defendants against further use of the 2018 Policy; and setting forth that Defendants would

provide Plaintiff a live hearing with cross-examination. The University refused to concur in such relief, which would have permitted them to immediately proceed against Plaintiff. ECF 79-1, June 7, 2019 Email. In addition, Defendants seek to deprive Plaintiff of obtaining his attorney fees for his success thus far. With no court order setting forth Plaintiff's rights, Defendants will continue to incorrectly claim that Plaintiff is not a "prevailing party."

On January 22, 2020, Plaintiff's counsel again reiterated Plaintiff's willingness to stipulate to the entrance of an order stating the University would provide him with rudimentary due process as set forth in *Doe v. Baum*. **Ex. A**, Jan. 2020 Email. Defendants never responded to this email.

### B. The Court already considered and rejected Defendants' arguments

Defendants' October 2019 motion to stay this case argued that they should be allowed to proceed against Plaintiff for the same reasons reiterated here. The Court rejected them in November 2019, and should do so again now.

Contrary to their current position, Defendants earlier asserted, and Plaintiff agrees, that both Plaintiff and the claimant have an interest in the integrity of the administrative process applied in this case, which must be decided by the courts. ECF 33, Pg. ID 844; ECF 85 2531-32. Defendants cared little for the availability of witnesses or the claimant's interest in speedily resolving her claims while vigorously seeking a stay in 2018, or while rejecting Plaintiff's offer of resolution

3

in summer 2019. Nor did Defendants raise any concern regarding the University's ability to properly sanction Plaintiff at these times.

Moreover, Defendants failed to substantiate that such interests are prevailing. Defendants remain admittedly unable to set forth a concrete timeframe for proceeding against Plaintiff; nor do they have any proof that the claimant or any witnesses are unavailable to participate after spring 2020. It is also undisputed that Defendants remain free to impose any educational sanction on Plaintiff at any time—regardless of his status as an active student. They presented no evidence in October 2019 or in the instant Motion that the University is constrained against altering Plaintiff's educational record after he graduates.

The Court rejected these arguments in November 2019, finding that Defendants' concerns were speculative. "—if the stay is not granted, Defendants *might* not have as much time as they would like to complete their process." ECF 81, Page ID 2417. However, Plaintiff's concern is concrete. Allowing Defendants to proceed against him before a ruling *would* result in Plaintiff being subject to a process devoid of the Court's legal guidance. *Id.* While the Court acknowledged the legitimacy of the parties' common interest in an expeditious resolution to the disciplinary process, it found that this interest did not outweigh Plaintiff's interest in safeguarding his constitutional rights. *Id.*

    **C.** **Allowing Defendants to proceed against Plaintiff now is impermissible for the same reasons as in November 2019**

This Court's November 15, 2019 Order denied Defendants' request to immediately proceed with their administrative process for the following reason:

> "[T]he impetus for this suit remains: Plaintiff alleges due process violations against Defendants that have yet to be ruled on. Furthermore, this Court has not yet had a chance to prescribe constitutional safeguards, let alone evaluate whether the new policies adhere to them. Defendants cannot resume a disciplinary process while allegations of its adequacy have not been resolved." ECF 81, Page ID 2417.

This reasoning still applies.

Plaintiff remains in the same position now that he was in in October 2019, and when he began this litigation by requesting a TRO. The instant motion is yet another request by Defendants to proceed against Plaintiff absent a legally-binding guarantee that he will receive due process. As set forth in more detail in Plaintiff's Response to Defendants' Motion to Stay (ECF 79[1]), the law, and not Defendants' benevolence, entitles Plaintiff to due process protections. Only equitable relief provided by the Court can invalidate the illegal government action in this case, by setting forth what process the University is required to provide Plaintiff, regardless of which policy eventually governs the administrative proceeding.

Nor will allowing Defendants to proceed absent the Court's opinion and order simplify the issues in this case. No further clarity or simplification is needed.

---

[1] Plaintiff incorporates by reference the law and argument set forth in his Response, ECF 79.

5

This case is ripe for a decision on the merits of Plaintiff's due process claim. When considering Plaintiff's request for a TRO, this Court found that under *Cincinnati* it was highly likely that the 2018 Policy's lack of a guarantee of a live hearing and cross-examination rendered it unconstitutional. ECF 30, Pg. ID 733-6, 738-9. The Sixth Circuit's holding in *Doe v. Baum* confirmed that Defendants violated Plaintiff's right to due process. 903 F.3d 575, 578 (6th Cir. 2018). There is no evidence presenting sufficient disagreement on this point to require submission to a jury. Rather, the evidence of Defendants' due process violation is so one-sided that Plaintiff must prevail, as a matter of law. *Hirsch v. CSX Transp. Inc.,* 656 F.3d 359, 362 (6th Cir. 2011).

Moreover, in remanding this case, the Sixth Circuit did not hold that this Court should stand aside and let Defendants proceed against Plaintiff under the Interim Policy. ECF 42, Pg. ID 1264. To the contrary, allowing Defendants to proceed against Plaintiff before determining what process is due would flout the intent of the remand for reconsideration in light of *Baum*. *Id.* The facts underlying Plaintiff's due process claim are settled, as is the governing law. Plaintiff is entitled to summary judgment under Rule 56(a), and allowing Defendants to proceed against him before the pending dispositive motions are decided will not simplify the record.

6

As set forth in the November 15, 2019 Order, Plaintiff's concrete interests in obtaining the Court's opinion and order on his pending motion still militates against Defendants request to immediately proceed against him. ECF 81, Page ID 2417

### D. Defendants cannot meet the legal requirements to vacate the Court's November 15, 2019 Order

Defendants failed to set forth the applicable legal standard to modify or dissolve the Court's injunction. Defendants cannot meet this standard.

The power to modify or dissolve injunctions springs from the Court's authority to relieve inequities that arise after the original order. *Gooch v. Life Investors Ins. Co. of America*, 672 F.3d 402, 414 (6th Cir. 2012) (internal quotations and citations omitted). Under Fed. R. Civ. P. 54, injunctions may be modified or dissolved where significant changes in the law or circumstances disrupt the balance of equities comprising the basis for the injunction. *Id.* To obtain modification or dissolution of an injunction, a movant must demonstrate significant "changes in fact, law, or circumstance since the previous ruling." *Id.* For example, newly discovered evidence can be the basis for the modification or dissolution of an injunction, as long as it did not exist before the injunction was issued. *Denley v. Shearson/Am. Express, Inc.*, 733 F.2d 39, 43 (6th Cir.1984); *see also Bigelow v. Balaban & Katz Corp.*, 199 F.2d 794, 796 (7th Cir.1952) (not enough that party

7

was previously unaware of evidence, but must not have been reasonably discoverable by due diligence).

In this case, there have been no significant changes in the law or facts. Every fact Defendants raised in the instant Motion existed and was known to them when the injunction was originally issued in July 2018. Defendants do not argue otherwise. In July 2018, Defendants knew Plaintiff could graduate as early as spring 2020. At that time, they also knew they could not compel student witnesses to participate in the hearing. Defendants additionally knew then that the claimant had an interest in the resolution of her allegations against Plaintiff. Defendants cannot meet Rule 54's standard for dissolving or modifying the injunction, and as a result, their Motion should be denied.

### E. <u>Defendants' Motion could also be construed as an improper request for reconsideration</u>

Defendants' Motion seeks relief from the Court's November 15, 2019 decision to maintain the injunction against the University's administrative proceeding against Plaintiff. Under Local Rule 7.1(h)(3), Defendants had 14 days to file a motion for reconsideration of the Court's earlier Order. They chose not to do so. The instant Motion may be denied on this basis.

Defendants' Motion reiterates the same issues before the Court on November 15, 2019. Requests for reconsideration that merely rehash the same issues and arguments may not be granted. *Bank of Ann Arbor v. Everest Nat. Ins.*

8

*Co.*, 563 F. App'x 473, 476 (6th Cir. 2014); *see also Ford Motor Co. v. Greatdomains.Com, Inc., 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001)* (same). Nor can a motion for reconsideration advance positions that could have been argued earlier but were not. *Direct Constr. Servs., LLC v. City of Detroit*, 2019 WL 2743533, at *1 (E.D. Mich. July 1, 2019). As set forth above, all the facts Defendants presented in the instant Motion were known to them in July 2018 when the injunction was put into place, and accordingly could have been properly argued 14 days thereafter. Defendants' Motion may also be denied for this reason.

### III. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion. As it improperly and unjustifiably reiterated its earlier positions, Plaintiff also requests reasonable costs and attorney fees associated with this Response, pursuant to the Court's inherent power to provide sanctions.

Dated: January 28, 2020     Respectfully submitted,

**DEBORAH GORDON LAW**
/s/ Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

9

## CERTIFICATE OF SERVICE

      I hereby certify that on January 28, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

                                      **DEBORAH GORDON LAW**
                                      /s/Deborah L. Gordon (P27058)
                                      Elizabeth Marzotto Taylor (P82061)
                                      Attorneys for Plaintiff
                                      33 Bloomfield Hills Parkway, Suite 220
                                      Bloomfield Hills, Michigan 48304
                                      (248) 258-2500
                                      dgordon@deborahgordonlaw.com
                                      emarzottotaylor@deborahgordonlaw.com