UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN DOE**, *an individual*,

 Plaintiff,

vs.

**UNIVERSITY OF MICHIGAN,** *et al.,*

 Defendants.

Case No.: 18-cv-11776
Hon.  Arthur J. Tarnow
Mag.  Elizabeth A. Stafford

| | |
|---|---|
| **DEBORAH GORDON LAW**<br>Deborah L. Gordon (P27058)<br>Elizabeth A. Marzotto Taylor (P82061)<br>Attorneys for Plaintiff<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan 48304<br>(248) 258-2500<br>dgordon@deborahgordonlaw.com<br>emarzottotaylor@deborahgordonlaw.com | **MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**<br>Brian M. Schwartz (P69018)<br>Attorney for Defendants<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>(313) 963-6420<br>schwartzb@millercanfield.com<br><br>**SAUL EWING ARNSTEIN & LEHR LLP**<br>Joshua W.B. Richards<br>Amy L. Piccola<br>Attorneys for Defendants<br>1500 Market Street, 38th Floor<br>Philadelphia, Pennsylvania 19102<br>(215) 972-7737<br>joshua.richards@saul.com<br>amy.piccola@saul.com |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO RELY ON ADDITIONAL AUTHORITY**

The unpublished case of *Qiu v. Univ. of Cincinnati*, 2020 WL 634036, at *5 (6th Cir. Feb. 11, 2020) is not instructive here. First, unlike in *Qiu*, it is undisputed that Plaintiff's complaint alleges that he was denied access to a constitutional adjudication process. *Qiu*, 2020 WL 634036, at *5. Plaintiff specifically alleged in his complaint that, "Defendants are intentionally refusing to provide Plaintiff due process protections," and "Defendants refuse to provide any student accused of a violation of the Policy with the required due process." ECF 47, ¶¶ 50-51. Second, Plaintiff has never admitted, as Qiu did, that Defendants granted him the due process he requested, or that which was required by law. *Id.*

Third, there is nothing "speculative" about the record of Defendants' constitutional violations in this case. It is undisputed that Defendants subjected Plaintiff to an unconstitutional disciplinary process beginning in April 2018. On September 25, 2017, this Court issued its Opinion in *Doe v. Univ. of Cincinnati*, 872 F.3d 393 (6th Cir. 2017), holding that where credibility is at stake, a live hearing and some form of live cross-examination is required. The University's 2018 Policy did not comply with *Cincinnati*. Defendants undisputedly denied students live hearings and cross-examination when they proceeded to adjudicate the complaint against Plaintiff under their unconstitutional 2018 Policy. ECF 47-1, Pg. ID 206-216.

On July 6, 2018, the District Court granted in part Plaintiff's Motion for a TRO, finding that, "Defendants essentially ask the Court to sit back and wait for the investigator to issue findings against Plaintiff before intervening in this action. But, at this very moment, the University may be denying Plaintiff due process protections to which he is entitled." ECF 30, Page ID 734. Unlike in *Qiu*, Plaintiff did not fail to appear at a hearing or fail to participate in Defendants' investigation. Here, the constitutional violation has already occurred and is ongoing; Defendants were actively engaged in a process pre-determined to violate Plaintiff's rights when this Court intervened. Plaintiff is not "speculating." He is entitled to an Order ensuring that he receives the required due process as Defendants continue their investigation and hearing process.

Only after this Court's intervention and Defendants' defeat in *Doe v. Baum* did they begin to proffer assurances that they would cease violating Plaintiff's rights. This Court has already recognized that it cannot adopt, as a matter of law, Defendants' current lip service to the tenants of due process. As the Court recently pointed out, "this Court has not yet had a chance to prescribe constitutional safeguards, let alone evaluate whether the new policies adhere to them." ECF 81, Page ID 2417. Moreover, Defendants still remain unwilling to stipulate to an Order setting forth Plaintiff's constitutional rights.

*Qiu* is entirely distinguishable from the instant case, and is therefore not instructive.

Dated:  February 14, 2020          Respectfully submitted,

                                         **DEBORAH GORDON LAW**
/s/ Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com