# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**JOHN DOE,**

    Plaintiff,

v.

**UNIVERSITY OF MICHIGAN,** *et al.*,

    Defendants.

Case No. 18-cv-11776

Hon. Arthur J. Tarnow
Mag. Elizabeth A. Stafford

**DEFENDANTS' MOTION TO STAY DOE'S MOTION FOR ATTORNEYS' FEES AND COSTS AND DOE'S REQUEST FOR TAXABLE COSTS**

---

DEBORAH GORDON LAW
Deborah L. Gordon
Elizabeth A. Marzotto Taylor
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

*Attorneys for Plaintiff*

SAUL EWING ARNSTEIN & LEHR LLP
Joshua W. B. Richards
Amy L. Piccola
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7737
joshua.richards@saul.com
amy.piccola@saul.com

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Brian M. Schwartz
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

*Attorneys for Defendants*

## DEFENDANTS' MOTION TO STAY
## DOE'S MOTION FOR ATTORNEYS' FEES AND COSTS
## AND DOE'S REQUEST FOR TAXABLE COSTS

Pursuant to Federal Rule of Civil Procedure 54, Defendants move to stay briefing and consideration of Plaintiff John Doe's ("Doe") motion for attorneys' fees and costs (ECF No. 95) (the "Fee Motion") and Doe's request for taxable costs pending resolution of the appeal on the merits filed by Defendants Pamela Heatlie, Robert Sellers, Martin Philbert, Erik Wessel, Laura Blake Jones, E. Royster Harper, Suzanne McFadden, and Paul Robinson (collectively, the "Individual Defendants") (ECF No. 92.)  In support of this motion, Defendants rely on the attached brief and further state:

1.    On March 23, 2020, the Court issued an Opinion and Order granting in part and denying in part Defendants' motion to dismiss; granting Doe's motion for summary judgment as to Doe's due process claim; and denying as moot Defendants' motion for protective order and motion to vacate order enjoining student conduct hearing.  (ECF No. 90.)

2.    On March 24, 2020, having determined that all issues had been resolved by the March 23, 2020 Order, the Court entered judgment and the case was closed.  (ECF No. 91.)

3.    On March 25, 2020, the Individual Defendants filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit, appealing from the

Court's March 23, 2020 Order (ECF No. 90) and March 24, 2020 Judgment (ECF No. 91) with respect to the Court's decision: (1) denying in part Defendants' motion to dismiss as to the district court's subject matter jurisdiction, the applicability of qualified immunity as to the Individual Defendants, and as to the operative complaint's failure to state a procedural due process claim; and (2) granting Doe's motion for partial summary judgment as to his procedural due process claim. (ECF No. 92.)

4. On April 7, 2020, Doe filed the Fee Motion, requesting $266,140.87 in attorneys' fees and $7,323.88 in costs. (ECF No. 95 at 2.)

5. As set forth more fully in the attached brief, a stay of the Fee Motion is warranted because Doe's claim for fees and costs is substantially likely to be affected by the forthcoming decision of the Sixth Circuit on the Individual Defendants' appeal.

6. In the event that this Court declines to stay consideration of the Fee Motion, Defendants respectfully request fourteen (14) days from the date of this Court's order denying the stay to respond to the Fee Motion.[1]

7. Doe also filed a bill of costs requesting $807 in fees on April 7, 2020. (ECF No. 94.)

---

[1] Local Rule 54.2.1 allows the party against whom an award of fees is sought to respond with any objections setting forth why the requested award is excessive, unwarranted, or unjust within fourteen (14) days.

8. On April 8, 2020 the clerk approved only $400 in costs, finding that the remaining costs that Doe requested were not taxable. (ECF No. 96.)

9. For the same reasons that a stay of the Fee motion is warranted, a stay of the request for taxable costs is also warranted because Doe's alleged entitlement to said costs as the "prevailing party" is likely to be affected by the forthcoming decision of the Sixth Circuit on the Individual Defendants' appeal.

10. In accordance with Local Rule 7.1(a), on April 9, 2020, Defendants' counsel requested concurrence in the relief requested. Counsel for Doe did not consent to the relief requested.

WHEREFORE, Defendants respectfully request that the Court grant their motion to stay Doe's motion for attorneys' fees and costs, and similarly stay Doe's request for taxable costs.

April 12, 2020

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Brian M. Schwartz
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

/s/ *Joshua W. B. Richards*
SAUL EWING ARNSTEIN & LEHR LLP
Joshua W. B. Richards
Amy L. Piccola
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7737
joshua.richards@saul.com
amy.piccola@saul.com

*Attorneys for Defendants*

4

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **JOHN DOE,** | : |
| Plaintiff, | : Case No. 18-cv-11776 |
| v. | : Hon. Arthur J. Tarnow |
| | : Mag. Elizabeth A. Stafford |
| **UNIVERSITY OF MICHIGAN,** *et al.*, | : |
| Defendants. | : **DEFENDANTS' BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY DOE'S MOTION FOR ATTORNEYS' FEES AND COSTS AND DOE'S REQUEST FOR TAXABLE COSTS** |

| | |
|---|---|
| DEBORAH GORDON LAW<br>Deborah L. Gordon<br>Elizabeth A. Marzotto Taylor<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan  48304<br>(248) 258-2500<br>dgordon@deborahgordonlaw.com<br>emarzottotaylor@deborahgordonlaw.com<br><br>*Attorneys for Plaintiff* | SAUL EWING ARNSTEIN & LEHR LLP<br>Joshua W. B. Richards<br>Amy L. Piccola<br>1500 Market Street, 38th Floor<br>Philadelphia, Pennsylvania  19102<br>(215) 972-7737<br>joshua.richards@saul.com<br>amy.piccola@saul.com<br><br>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br>Brian M. Schwartz<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan  48226<br>(313) 963-6420<br>schwartzb@millercanfield.com<br><br>*Attorneys for Defendants* |

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

SUMMARY OF RELEVANT FACTS AND STATUS OF THE CASE .................2

ARGUMENT .........................................................................................................4
    A.    There Is a Substantial Likelihood That Defendants Will Succeed on Appeal and Doe Will No Longer Be a "Prevailing Party." ..........................................................................................5
    B.    Doe Will Not Suffer Irreparable Harm from a Stay, But Defendants Will in the Absence of a Stay. ..........................................7
    C.    Judicial Economy Favors a Stay. ......................................................8
    D.    For the Same Reasons, the Court Should Stay Consideration of the Taxable Costs Pending Resolution of the Appeal. ..........................9

CONCLUSION ......................................................................................................9

# **TABLE OF AUTHORITIES**

**CASES**

*Auto. Techs. Int'l, Inc. v. Delphi Corp.*,
    No. 08-11048, 2011 WL 13209069 (E.D. Mich. June 16, 2011) ......................... 4

*Clark v. Adams*,
    300 F. App'x 344 (6th Cir. 2008) ........................................................................ 5

*Fialka-Feldman v. Oakland Univ. Bd. of Trustees*,
    No. 08-14922, 2010 WL 3505716 (E.D. Mich. Sept. 7, 2010) ........................... 7

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ............................................................................................ 6

*Michigan Bldg. & Const. Trades Council, AFL-CIO v. Snyder*,
    No. 11-13520, 2012 WL 1893516 (E.D. Mich. May 23, 2012) ................... 4, 7, 8

*Poly-Flex Const., Inc. v. Neyer, Tiseo & Hindo, Ltd.*,
    600 F. Supp. 2d 897 (W.D. Mich. 2009) ............................................................ 8

*Reese v. Michigan Dep't of Corr.*,
    No. 08-10261, 2011 WL 824485 (E.D. Mich. Mar. 3, 2011) .............................. 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 54 .................................................................................................. 3, 4, 9

Fed. R. Civ. P. 58 ......................................................................................................... 4

Local Rule 54.2.1 ......................................................................................................... 3

Bill of Costs Handbook ............................................................................................... 9

## **STATEMENT OF THE ISSUE PRESENTED**

Should the Court exercise its discretion to grant Defendants' motion to stay Plaintiff John Doe's motion for attorneys' fees and costs and likewise stay its imposition of taxable costs, pending resolution of the Individual Defendants' appeal on the merits given that (1) there is a substantial likelihood the appeal will affect Doe's claim for fees; (2) Doe will not be irreparably harmed by the stay; (3) Defendants will be so harmed absent a stay; and (4) judicial economy favors a stay.

**Defendants assert that the answer is "Yes."**

## **CONTROLLING AUTHORITY**

*Clark v. Adams*, 300 F. App'x 344 (6th Cir. 2008)

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992)

## **INTRODUCTION**

On March 23, 2020, the Court issued an Opinion and Order resolving all outstanding issues in the litigation. (ECF No. 90.) The next day, the Clerk of Court entered judgment consistent with the Opinion and Order and closed the case. (ECF No. 91.) Defendants Pamela Heatlie, Robert Sellers, Martin Philbert, Erik Wessel, Laura Blake Jones, E. Royster Harper, Suzanne McFadden, and Paul Robinson (collectively, the "Individual Defendants") promptly filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit. (ECF No. 92.)

Plaintiff John Doe ("Doe") filed a motion for attorneys' fees and costs (the "Fee Motion"), seeking $266,140.87 in attorneys' fees and $7,323.88 in costs. (*See* ECF No. 95 at 2.) Defendants intend to oppose Doe's Fee Motion when, and if, necessary. Doe also filed a bill of costs requesting $807. (ECF No. 94.) On April 8, 2020, the clerk approved $400 in costs, finding that the remaining costs that Doe requested were not taxable. (ECF No. 96.)

At this stage, this Court should stay the Fee Motion and the imposition of taxable costs pending resolution of the Individual Defendants' appeal because there is a substantial likelihood that the fee claim and costs will be affected by the Sixth Circuit's determination on appeal. A stay of these issues pending appeal on

the merits would preserve judicial resources by avoiding duplicative and/or unnecessary litigation.

## **SUMMARY OF RELEVANT FACTS AND STATUS OF THE CASE**

The Court is familiar with the facts of this case, which are summarized only very briefly here. On March 20, 2018, a University student filed a complaint against Doe alleging that Doe sexually assaulted her. (*See* ECF No. 21 at 1.) The University began an investigation of the complaint against Doe, but, before the investigation was complete, Doe filed suit. In his second amended complaint, Doe alleged a violation of his due process rights (Count I); Title IX disparate treatment and impact based on sex (Count II); Elliott-Larsen Civil Rights Act ("ELCRA") disparate treatment on the basis of gender (Count III); and ELCRA disparate impact on the basis of gender (Count IV).

The Court's March 23, 2020 Opinion and Order resolved the outstanding issues as follows:

- **Justiciability**: As a preliminary matter, the Court held that the law-of-the-case doctrine foreclosed its ability to consider Defendants' jurisdictional arguments. (ECF No. 90 at 11.)

- **Standing and Ripeness**: The Court held that Doe had standing and that his claims were ripe because Doe's alleged injury was "actual and not hypothetical." (*Id.* at 11-12.)

- **Mootness**: The Court held that Doe's claims were not moot because, in its view, the University had failed to prove that its former sexual misconduct policy would not be re-enacted. (*Id.* at 12-15.)

2

- **Qualified Immunity**: The Court held that the Individual Defendants were not entitled to qualified immunity because it concluded they violated Doe's "clearly established constitutional rights." (*Id*. at 15-19.)

- **Title IX**: The Court granted Defendants' Motion to Dismiss Doe's Title IX claim because Doe failed to show a plausible inference of intentional gender discrimination (*Id*. at 19.)

- **ELCRA Claims**: Finding that these claims presented "novel issue[s] of State law," the Court declined to exercise supplemental jurisdiction over Doe's ELCRA claims (*Id*. at 24.)

- **Due Process**: The court granted Doe's motion for partial summary judgment against the Individual Defendants as to his procedural due process claim (*Id*. at 28.)

On March 25, 2020, the Individual Defendants filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit, appealing from the March 23, 2020 Order (ECF No. 90) and the March 24, 2020 Judgment (ECF No. 91): (1) denying in part Defendants' motion to dismiss as to the district court's subject matter jurisdiction, the applicability of qualified immunity as to the individual Defendants, and as to the operative complaint's failure to state a procedural due process claim; and (2) granting Doe's motion for partial summary judgment as to his procedural due process claim. (ECF No. 92.)

After the Individual Defendants filed their notice of appeal, Doe filed a bill of costs (ECF No. 94) and the Fee Motion (ECF No. 95), arguing that he is entitled to fees and costs as the "prevailing party" with respect to his due process claim.

## ARGUMENT

This Court has discretion to issue a stay of the Fee Motion pending the outcome of the appeal on the merits: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54, Comment to 1993 Amendment.

In deciding whether to exercise this discretion, "courts traditionally conduct a balancing test that considers the appeal's likelihood of success on the merits, the irreparable harm that the grant or denial of a stay would work upon the interested parties, and the public interest." *Auto. Techs. Int'l, Inc. v. Delphi Corp.*, No. 08-11048, 2011 WL 13209069, at *1 (E.D. Mich. June 16, 2011) (granting plaintiff's motion to stay and staying briefing on defendants' motion for attorney fees and expenses).

On consideration of those factors, a stay may be particularly appropriate where, "the claim for fees . . . is likely to be affected by the appellate decision." Fed. R. Civ. P. 58, Comment to 1993 Amendment; *see also Michigan Bldg. & Const. Trades Council, AFL-CIO v. Snyder*, No. 11-13520, 2012 WL 1893516, at *1 (E.D. Mich. May 23, 2012) (denying plaintiff's motion for fees and granting defendants' motion to stay award of costs and fees pending appeal, explaining that

"the decision whether to award fees, and in what amount, [was] certain to be affected by the pending appellate litigation").

Doe's claim for fees is likely to be affected by the appellate decision. In particular, should the Sixth Circuit rule in the Individual Defendants' favor on Doe's due process claim or on jurisdictional grounds, Doe would no longer be a "prevailing party" entitled to recovery of fees. Similarly, any other change to the relief granted by this Court would, at the very least, change the scope of the fees to which Doe would be entitled, if at all. In short, a stay would avoid unnecessary expenditure of the Court's and the parties' time and resources and would result in no harm to Doe.

### A. There Is a Substantial Likelihood That Defendants Will Succeed on Appeal and Doe Will No Longer Be a "Prevailing Party."

The Sixth Circuit has been unequivocal about the principle that questions of subject matter jurisdiction are not governed by the law-of-the-case doctrine. *See, e.g.*, *Clark v. Adams*, 300 F. App'x 344, 351 (6th Cir. 2008) (citing *Amen v. Dearborn*, 718 F.2d 789, 794 (6th Cir. 1983)) ("The law in this circuit is clear that 'that the law of the case doctrine does not foreclose reconsideration of subject-matter jurisdiction.'"). As a result, the Court erred in determining that it was foreclosed from reconsidering the jurisdictional issues. Moreover, while the Court's March 23, 2020 Opinion and Order recited each element of standing, it analyzed the facts of this case with respect to only one of the three elements.

5

With the issue squarely in front of it on the merits, the Sixth Circuit will examine Defendants' jurisdictional arguments, will consider all three standing factors,[1] and is substantially likely to conclude that Doe fails to satisfy this most basic prerequisite to federal subject matter jurisdiction. (ECF No. 90 at 11-12.)

Indeed, in this Court's opinion and order, after concluding for standing purposes that Doe *had* suffered a cognizable harm, the Court later reversed course and conceded that no such deprivation had happened yet: "a finding of guilt *would have lead* to the deprivation of a protected Due Process interest." (ECF No. 90 at 28) (emphasis added.)  So too as to Doe's failure to state a claim, given that under the Court's own construction, plaintiff cannot have stated a claim that he "had been" denied a protected interest.  In the event the Court of Appeals rules in favor of Defendants on either standing or the failure to state a claim, the case will be dismissed and Doe will not be a prevailing party.

As to qualified immunity, the Sixth Circuit is likely to agree with this Court's own statement early in this case that, at the time of the student conduct proceedings at issue here, "the Sixth Circuit . . . ha[d] not ruled on whether a circumscribed form of cross-examination is constitutional in the absence of a live

---

[1] *Three* requirements must be met to demonstrate Article III standing:  (1) an injury in fact; (2) the injury must be "fairly traceable" to the complained of conduct; and (3) it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

6

hearing." (ECF No. 30 at 13.) Taken together, these arguments present a substantial likelihood of success on appeal.

### B. Doe Will Not Suffer Irreparable Harm from a Stay, But Defendants Will in the Absence of a Stay.

In *Michigan Building & Construction Trades Council,* a court in this district found that plaintiffs would not be prejudiced by a stay of the request for attorneys' fees because, if ultimately successful, the plaintiffs could account for the delay in an amended fee request by, for example, requesting interest or by adjusting the fee to reflect present value. 2012 WL 1893516, at *3. So too here.

And even if the Court were to issue an order awarding fees now, Defendants would ask the Court to exercise its discretion to stay any order awarding fees. Such orders during the pendency of an appeal are favored by Courts in the interests of justice. *See, e.g.*, *Reese v. Michigan Dep't of Corr.*, No. 08-10261, 2011 WL 824485, at *2 (E.D. Mich. Mar. 3, 2011); *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, No. 08-14922, 2010 WL 3505716, at *2 (E.D. Mich. Sept. 7, 2010).

Finally, staying the Fee Motion now will avoid irreparable harm by saving the parties from incurring the expense of briefing a motion that is substantially likely to be altered by the appeal or as the scope of requested fees will likely change, one way or the other. This factor weighs in favor of a stay.

### C. Judicial Economy Favors a Stay.

Staying Doe's Fee Motion until after the appeal has been exhausted will also avoid piecemeal litigation. *See Michigan Bldg. & Const. Trades Council*, 2012 WL 1893516, at *2. There are a number of potential outcomes of Defendants' appeal, many of which would result in Doe no longer being the "prevailing party," and thus, not being entitled to collect fees.

Fee motions, particularly in cases that, like this one, have been procedurally varied and subject to frequent briefing and argument, are notoriously detail-oriented motions. As described by one court, "[t]he court has the obligation to scrutinize bills line-by-line to determine whether each attorney and paralegal spent a reasonable amount of time on each discrete task, such as reading an adversary's brief, researching the law and writing its own brief, preparing for oral argument, traveling to oral argument, and attending oral argument." *Poly-Flex Const., Inc. v. Neyer, Tiseo & Hindo, Ltd.*, 600 F. Supp. 2d 897, 918 (W.D. Mich. 2009).

Defendants intend to vigorously contest the time – and documentation thereof – set forth in the Fee Motion. Entertaining the Motion at this stage in the proceeding – when an appeal challenging several aspects of the merits is pending – would require the parties and the Court to expend significant time and resources on an issue that may never be required at all if the Sixth Circuit rules in favor of

8

Defendants – or that may need to be revisited, in any event. Defendants submit that the parties' and Court's time would be better spent on this task when the parties' rights are finally settled.

### D. For the Same Reasons, the Court Should Stay Consideration of the Taxable Costs Pending Resolution of the Appeal.

Doe is only entitled to costs as a "prevailing party." *See* Fed. R. Civ. P. 54(d)(1); *see also* Bill of Costs Handbook, Section I(B) at 1 (providing that the taxation of costs may be postponed if a stay pending appeal has been granted by the Court). Because there is a substantial likelihood that Defendants will succeed on appeal and Doe will no longer be a "prevailing party," the Court should stay its consideration of and Defendants' obligation to pay the taxed costs.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to stay Doe's Fee Motion and stay further briefing and consideration of the issue pending resolution of the appeal on the merits. Defendants also respectfully request that the Court stay imposition of the costs taxed by the Clerk.

In the event that the Court denies Defendants' motion to stay, Defendants respectfully request that they be given fourteen (14) days from the date of the Court's order denying the motion to stay to respond to Doe's Fee Motion on the merits.

9

April 12, 2020

MILLER, CANFIELD,
PADDOCK AND STONE, P.L.C.
Brian M. Schwartz
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

Respectfully submitted,

/s/ *Joshua W. B. Richards*
SAUL EWING ARNSTEIN & LEHR LLP
Joshua W. B. Richards
Amy L. Piccola
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7737
joshua.richards@saul.com
amy.piccola@saul.com

*Attorneys for Defendants*

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2020, I electronically filed the foregoing motion to stay and brief in support thereof with the Clerk of the Court using the ECF system, which will send notification of such filing to:

Deborah L. Gordon
dgordon@deborahgordonlaw.com


/s/ *Joshua W. B. Richards*
SAUL EWING ARNSTEIN & LEHR LLP
Joshua W. B. Richards
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania  19102
(215) 972-7737
joshua.richards@saul.com

*Attorney for Defendants*