# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **JOHN DOE,** | : |
| Plaintiff, | : Case No. 18-cv-11776 |
| | : |
| v. | : Hon. Arthur J. Tarnow |
| | : Mag. Elizabeth A. Stafford |
| **UNIVERSITY OF MICHIGAN,** *et al.*, | : **DEFENDANTS' MOTION** |
| | : **TO COMPEL** |
| Defendants. | : **PRODUCTION OF DOE'S** |
| | : **FEE AGREEMENT WITH** |
| | : **COUNSEL AND RELATED** |
| | : **BILLING RECORDS** |

| | |
|---|---|
| DEBORAH GORDON LAW | SAUL EWING ARNSTEIN & LEHR LLP |
| Deborah L. Gordon | Joshua W. B. Richards |
| Elizabeth A. Marzotto Taylor | Amy L. Piccola |
| 33 Bloomfield Hills Parkway, Suite 220 | 1500 Market Street, 38th Floor |
| Bloomfield Hills, Michigan  48304 | Philadelphia, Pennsylvania  19102 |
| (248) 258-2500 | (215) 972-7737 |
| dgordon@deborahgordonlaw.com | joshua.richards@saul.com |
| emarzottotaylor@deborahgordonlaw.com | amy.piccola@saul.com |
| | |
| *Attorneys for Plaintiff* | |
| | MILLER, CANFIELD, PADDOCK |
| | AND STONE, P.L.C. |
| | Brian M. Schwartz |
| | 150 West Jefferson, Suite 2500 |
| | Detroit, Michigan  48226 |
| | (313) 963-6420 |
| | schwartzb@millercanfield.com |
| | |
| | *Attorneys for Defendants* |

# DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOE'S FEE AGREEMENT WITH COUNSEL AND RELATED BILLING RECORDS

Pursuant to Federal Rules of Civil Procedure 7(b) and 54(d)(2)(B)(iv), Defendants hereby move to compel Plaintiff John Doe ("Doe") to produce his fee agreement with Deborah Gordon Law as well as his counsel's contemporaneous billing records for this litigation. In support of this motion, Defendants rely on the attached brief and further state:

1. On March 23, 2020, the Court issued an Opinion and Order granting in part and denying in part Defendants' motion to dismiss; granting Doe's motion for summary judgment as to Doe's due process claim; and denying as moot Defendants' motion for protective order and motion to vacate order enjoining student conduct hearing. (ECF No. 90.)

2. On March 24, 2020, having determined that all issues had been resolved by the March 23, 2020 Order, the Court entered judgment and the case was closed. (ECF No. 91.)

3. On March 25, 2020, Defendants Pamela Heatlie, Robert Sellers, Martin Philbert, Erik Wessel, Laura Blake Jones, E. Royster Harper, Suzanne McFadden, and Paul Robinson (collectively, the "Individual Defendants") filed a notice of appeal to the United States Court of Appeals for the Sixth Circuit (ECF No. 92), appealing from the Court's March 23, 2020 Order (ECF No. 90) and March 24, 2020 Judgment (ECF No. 91.)

4. On April 7, 2020, Doe filed a motion for attorneys' fees and costs (the "Fee Motion") requesting $266,140.87 in attorneys' fees and $7,323.88 in costs. (ECF No. 95 at 2.)

5. On April 12, 2020, Defendants filed a motion to stay the Fee Motion pending the Individual Defendants' appeal. (ECF No. 102.)

6. Defendants now move pursuant to Federal Rules of Civil Procedure 7(b) and 54(d)(2)(B)(iv) for an order compelling Doe to produce his fee agreement with Deborah Gordon Law, as well as his counsel's contemporaneous billing records for the lifetime of this litigation.

7. The terms of the fee agreement between Doe and his counsel, and counsel's contemporaneous billing records, are relevant to determine the reasonableness of the fees Doe requests because these documents alone will demonstrate whether: (1) his counsel's fees are fixed or contingent and (2) the accuracy of the requested fees compared to the amount of hours actually worked and/or billed to Doe.

8. If the Court grants Defendants' aforementioned motion to stay (ECF No. 102), then Defendants agree to voluntarily withdraw this motion without prejudice.

9. In accordance with Local Rule 7.1(a), on April 8, 2020 Defendants' counsel requested concurrence in the relief requested. Counsel for Doe did not consent to the relief sought.

WHEREFORE, Defendants respectfully request that the Court grant their motion to compel and order Doe to produce his fee agreement with Deborah Gordon Law and his counsel's contemporaneous billing records.

April 13, 2020

Respectfully submitted,

MILLER, CANFIELD,
PADDOCK AND STONE, P.L.C.
Brian M. Schwartz
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

/s/ *Joshua W. B. Richards*
SAUL EWING ARNSTEIN & LEHR LLP
Joshua W. B. Richards
Amy L. Piccola
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7737
joshua.richards@saul.com
amy.piccola@saul.com

*Attorneys for Defendants*

4

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **JOHN DOE,** | : |
| Plaintiff, | : Case No. 18-cv-11776 |
| v. | : Hon. Arthur J. Tarnow |
| | : Mag. Elizabeth A. Stafford |
| **UNIVERSITY OF MICHIGAN,** *et al.*, | : **DEFENDANTS' BRIEF IN** |
| | : **SUPPORT OF** |
| Defendants. | : **DEFENDANTS' MOTION** |
| | : **TO COMPEL** |
| | : **PRODUCTION OF DOE'S** |
| | : **FEE AGREEMENT WITH** |
| | : **COUNSEL AND RELATED** |
| | : **BILLING RECORDS** |

| | |
|---|---|
| DEBORAH GORDON LAW | SAUL EWING ARNSTEIN & LEHR LLP |
| Deborah L. Gordon | Joshua W. B. Richards |
| Elizabeth A. Marzotto Taylor | Amy L. Piccola |
| 33 Bloomfield Hills Parkway, Suite 220 | 1500 Market Street, 38th Floor |
| Bloomfield Hills, Michigan 48304 | Philadelphia, Pennsylvania 19102 |
| (248) 258-2500 | (215) 972-7737 |
| dgordon@deborahgordonlaw.com | joshua.richards@saul.com |
| emarzottotaylor@deborahgordonlaw.com | amy.piccola@saul.com |

*Attorneys for Plaintiff*

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
Brian M. Schwartz
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

*Attorneys for Defendants*

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

SUMMARY OF RELEVANT FACTS AND STATUS OF THE CASE..................1

ARGUMENT ..........................................................................................................2

CONCLUSION .......................................................................................................6

# TABLE OF AUTHORITIES

**CASES**

*Bell v. AU Hosp., LLC*,
   No. 117CV00956JMSMPB, 2019 WL 2178239
   (S.D. Ind. May 20, 2019) .................................................................... 2, 3, 4, 6

*Hamlin v. Charter Twp. of Flint*,
   165 F.3d 426 (6th Cir. 1999) ..................................................................... 3, 4

*Imwalle v. Reliance Med. Prod., Inc.*,
   515 F.3d 531 (6th Cir. 2008) ......................................................................... 4

*J & J Sports Prods., Inc. v. Arvizu*,
   No. CV 12-550-TUC-FRZ, 2014 WL 2135996
   (D. Ariz. May 22, 2014) ................................................................................ 3

*Jackson v. Butler*,
   No. 09-CV-10779, 2009 WL 5217675 (E.D. Mich. Dec. 29, 2009) ............. 3

*McKinzy v. Norfolk S. R.R.*,
   No. 10-CV-0452-W-DGK, 2010 WL 4340261
   (W.D. Mo. Oct. 25, 2010) ............................................................................. 3

*Olson v. Olson*,
   671 N.W.2d 64 (Mich. Ct. App. 2003) ......................................................... 5

*Pucci v. Somers*,
   834 F. Supp. 2d 690 (E.D. Mich. 2011) .................................................... 4, 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 54(d)(2)(B)(iv) ............................................................................ 2

Local Rule 54.1.2 ................................................................................................ 2

## **STATEMENT OF THE ISSUE PRESENTED**

Should the Court exercise its discretion and order Plaintiff John Doe to produce his fee agreement with his counsel, Deborah Gordon Law, as well as his counsel's contemporaneous billing records for this litigation so that Defendants can evaluate the reasonableness of the fees requested by Doe in his motion for attorneys' fees and costs?

**Defendants assert that the answer is "Yes."**

# **CONTROLLING AUTHORITIES**

*Hamlin v. Charter Twp. of Flint,* 165 F.3d 426 (6th Cir. 1999)

*Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531 (6th Cir. 2008)

Fed. R. Civ. P. 54(d)(2)(B)(iv)

## INTRODUCTION

Doe has requested attorneys' fees and costs totaling $273,464.75. (*See* ECF No. 95 at 2.) In support of his motion for attorneys' fees and costs (the "Fee Motion"), Doe provided no contemporaneous billing records demonstrating the rate at which he actually compensated his counsel, nor did he provide his fee agreement with his counsel, despite referencing the same in his motion. In order for Defendants to fully assess the Fee Motion, Defendants request that this Court order Doe to produce his fee agreement with Deborah Gordon Law, as well as his counsel's contemporaneous billing records supporting Doe's requested fees.

## SUMMARY OF RELEVANT FACTS AND STATUS OF THE CASE

On March 23, 2020, the Court issued an Opinion and Order resolving the University's motion to dismiss and Doe's motion for summary judgment. (ECF No. 90.) A final judgment followed on March 24, 2020. (ECF No. 91.) Doe thereafter filed the instant Fee Motion, in which he makes clear that his counsel has billed him for their work on an hourly basis. This is not a contingency fee case.

In support of his request for attorneys' fees, Doe submitted: (1) a spreadsheet – apparently created after the fact to support the Fee Motion, rather than contemporaneously with the time billed – that lists the date, a brief description of the work completed, and the time spent, with the work for each attorney summed, though not at the rate counsel actually billed their client (ECF No. 95,

Ex. A); (2) the 2017 State Bar of Michigan Survey on Economics of Law Practice (ECF No. 95, Ex. K); and (3) affidavits from the three billing attorneys and one administrative assistant who apparently handled his case. (ECF No. 95, Exs. K, L, M, P and Q.) These materials are insufficient to permit Defendants to sufficiently analyze or oppose, if necessary, the reasonableness of Doe's requested fees.

## ARGUMENT

When a party submits a motion for attorneys' fees, it is within the court's discretion to order the disclosure of any agreement about the fees requested. *See* Fed. R. Civ. P. 54(d)(2)(B)(iv) ("Unless a statute or a court order provides otherwise, the motion [for attorneys' fees] must . . . disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made."); *see also Bell v. AU Hosp., LLC*, No. 117CV00956JMSMPB, 2019 WL 2178239, at *2 (S.D. Ind. May 20, 2019) ("[T]he Federal Rules of Civil Procedure explicitly contemplate that courts considering motions for attorney's fees may order parties to disclose the terms of fee agreements.").[1]

Courts often exercise this discretion, specifically in instances where, as here, the moving party has not submitted detailed time sheets, expense records, or other documents, such as paid invoices, from which the Court can determine the

---

[1] Local Rule 54.1.2 also provides that, in addition to a detailed affidavit by counsel and the customary and prevailing rate charged, a fee motion shall set forth "any other factors which the Court should consider in making the award." LR 54.1.2.

reasonableness of the fees and costs requested. *See Jackson v. Butler*, No. 09-CV-10779, 2009 WL 5217675, at *3 (E.D. Mich. Dec. 29, 2009) (directing Defendants to file a supplemental brief disclosing the terms of any agreement about fees for the services for which attorneys' fees were requested); *see also Bell*, 2019 WL 2178239, at *3 (rejecting Plaintiff's contention that the fee agreement was irrelevant to the reasonableness of attorney's fees and ordering Plaintiff to produce the agreement); *J & J Sports Prods., Inc. v. Arvizu*, No. CV 12-550-TUC-FRZ, 2014 WL 2135996, at *3 (D. Ariz. May 22, 2014) (denying request for attorneys' fees where Defendant failed to attach the fee agreement or discuss the fee agreement in his affidavit requesting fees); *McKinzy v. Norfolk S. R.R.*, No. 10-CV-0452-W-DGK, 2010 WL 4340261, at *6 (W.D. Mo. Oct. 25, 2010) (ordering counsel to disclose the terms of any agreement about fees for the services for which the claim was made after counsel did not submit any *detailed* time sheets, expense records, or paid invoices).

It is well-established that a court should consider twelve factors when analyzing the reasonableness of fees charged. *See Hamlin v. Charter Twp. of Flint,* 165 F.3d 426, 437 (6th Cir. 1999) (citation omitted).[2] Although Doe concedes that

---

[2] The factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results

these twelve factors should be considered (*see* ECF No. 95 at 16), he addresses only six of these factors in support of his Fee Motion. (ECF No. 95 at 10-18.)

Significantly, Doe fails to address the two factors that would largely depend on an assessment of the fee agreement and his counsel's contemporaneous billing records: (1) whether the fee is fixed or contingent and (2) time limitations imposed by the client or the circumstances. *See Hamlin*, 165 F.3d at 437; *see also Bell*, 2019 WL 2178239, at *3 (ordering Plaintiff to produce the relevant fee agreement where Plaintiff's own brief in support of her motion for attorney's fees conceded that "whether the fee is fixed or contingent" is one of the factors a court should consider in determining the lodestar amount).

Doe's Fee Motion and supporting exhibits, alone, do not provide sufficient information for full and fair consideration of the requested fees. *See Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008) (explaining that, courts in this circuit have reduced attorney fees on the basis of insufficient billing descriptions where the attorney did not "maintain contemporaneous records of his time or the nature of his work"); *see also Pucci v. Somers*, 834 F. Supp. 2d 690, 700 (E.D. Mich. 2011) ("The court may reduce the hours claimed where the

---

obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Hamlin*, 165 F.3d at 437.

4

documentation is inadequate or the time was not 'reasonably expended.'"), *aff'd sub nom. Pucci v. Nineteenth Dist. Court*, 596 F. App'x 460 (6th Cir. 2015).

Without Doe's fee agreement, Defendants do not know for certain whether his counsel's fee is fixed or contingent. Similarly, without the opportunity to review counsel's contemporaneous billing records, Defendants are unable to verify whether the requested amounts – listed in an after-the-fact, rather than contemporaneous, spreadsheet – are an accurate depiction of the work performed and the amount actually billed. For example, if Doe's counsel, based on the spreadsheet, requests fees for six hours of work, but the billing records actually demonstrate that counsel determined that the task could only be billed to Doe for five hours of work, then the requested fees for six hours' work are not reasonable. Defendants are entitled to test counsel's requested fees for reasonableness in this manner, but they cannot do so without counsel's contemporaneous billing records.

Thus, Defendants seek to perform a comprehensive review and comparison of counsel's contemporaneous billing records to the spreadsheet submitted in support of the Fee Motion. *See Olson v. Olson,* 671 N.W.2d 64, 74 (Mich. Ct. App. 2003) (explaining that, in demanding a large sum of attorney fees, the lack of contemporaneous time records leaves room for doubt regarding the reasonableness of the hours expended).

At this stage, Defendants are *not* asking the Court to consider the impact that the fee agreement and billing records would have on the ultimate award of fees. Rather, Defendants seek the opportunity to review Doe's fee agreement and his counsel's contemporaneous billing records in order to properly analyze the reasonableness of the requested fees and object, if necessary, to the Fee Motion. *See Bell*, 2019 WL 2178239, at *3 (ordering disclosure of Plaintiff's fee agreement and noting that "[t]he Court will determine at the appropriate time what impact, if any, the fee agreement has on [Plaintiff's] Motion for Attorney's Fees").

## CONCLUSION

Defendants request that this Court grant their motion to compel and order Doe to produce his fee agreement with Deborah Gordon Law, as well as his counsel's contemporaneous billing records for this litigation.

As noted in Defendants' motion, in the even the Court grants Defendants' motion to stay Doe's Fee Motion (ECF No. 102), Defendants agree to voluntarily dismiss this motion without prejudice.

6

|  |  |
|---|---|
|  | Respectfully submitted, |
| April 13, 2020 |  |
|  | /s/ *Joshua W. B. Richards* |
| MILLER, CANFIELD, | SAUL EWING ARNSTEIN & LEHR LLP |
| PADDOCK AND STONE, P.L.C. | Joshua W. B. Richards |
| Brian M. Schwartz | Amy L. Piccola |
| 150 West Jefferson, Suite 2500 | 1500 Market Street, 38th Floor |
| Detroit, Michigan 48226 | Philadelphia, Pennsylvania 19102 |
| (313) 963-6420 | (215) 972-7737 |
| schwartzb@millercanfield.com | joshua.richards@saul.com |
|  | amy.piccola@saul.com |
|  |  |
|  | *Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2020, I electronically filed the foregoing motion to compel and brief in support thereof with the Clerk of the Court using the ECF system, which will send notification of such filing to:

Deborah L. Gordon
dgordon@deborahgordonlaw.com

/s/ *Joshua W. B. Richards*
SAUL EWING ARNSTEIN & LEHR LLP
Joshua W. B. Richards
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7737
joshua.richards@saul.com

*Attorney for Defendants*