## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JOHN DOE,**                                        :
                                                     :  Case No. 18-cv-11776
                                   Plaintiff,        :
                                                     :  Hon. Arthur J. Tarnow
                        **v.**                        :  Mag. Elizabeth A. Stafford
                                                     :
**UNIVERSITY OF MICHIGAN,** *et al.*,                 :  **DEFENDANTS' MOTION**
                                                     :  **FOR SANCTIONS AGAINST**
                                   Defendants.        :  **PLAINTIFF JOHN DOE**
                                                     :
                                                     :

---

DEBORAH GORDON LAW
Deborah L. Gordon
Elizabeth A. Marzotto Taylor
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan  48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

*Attorneys for Plaintiff*

SAUL EWING ARNSTEIN &
LEHR LLP
Joshua W. B. Richards
Amy L. Piccola
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania  19102
(215) 972-7737
joshua.richards@saul.com
amy.piccola@saul.com


MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
Brian M. Schwartz
150 West Jefferson, Suite 2500
Detroit, Michigan  48226
(313) 963-6420
schwartzb@millercanfield.com

*Attorneys for Defendants*

Pursuant to Federal Rule of Civil Procedure 7(b) and the Court's inherent authority, Defendants hereby move for sanctions against Plaintiff John Doe ("Doe") and request that the Court order Doe to reimburse Defendants for the legal fees they expended responding to Doe's improper motion for injunctive relief pending Defendants' appeal (ECF No. 97) and preparing this motion for sanctions. In support of this motion, Defendants rely on the attached brief in support.

In accordance with Local Rule 7.1(a), on May 1, 2020 Defendants' counsel requested concurrence in the relief requested. Counsel for Doe did not consent to the relief sought.

WHEREFORE, Defendants respectfully request that the Court grant their motion and: (1) order Doe to reimburse Defendants for the legal fees they expended responding to Doe's improper motion for injunctive relief and preparing this motion for sanctions; and (2) impose such further sanctions as the Court deems fit in the interests of justice. Should the Court issue such an order, Defendants request leave to file a petition setting forth their fees.

Respectfully submitted,

May 1, 2020


MILLER, CANFIELD,                          /s/ *Joshua W. B. Richards*
PADDOCK AND STONE, P.L.C.                  SAUL EWING ARNSTEIN & LEHR
Brian M. Schwartz                          LLP
150 West Jefferson, Suite 2500             Joshua W. B. Richards
Detroit, Michigan  48226                   Amy L. Piccola
(313) 963-6420                             1500 Market Street, 38th Floor
schwartzb@millercanfield.com               Philadelphia, Pennsylvania  19102
                                           (215) 972-7737
                                           joshua.richards@saul.com
                                           amy.piccola@saul.com

                                           *Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**JOHN DOE,**                                            :

                         :   Case No. 18-cv-11776

           Plaintiff,                             :

                         :   Hon. Arthur J. Tarnow

**v.**                                                        :   Mag. Elizabeth A. Stafford

                         :

**UNIVERSITY OF MICHIGAN,** *et al.*,      :   **DEFENDANTS' BRIEF IN**

                         :   **SUPPORT OF**

           Defendants.                          :   **DEFENDANTS' MOTION**

                         :   **FOR SANCTIONS AGAINST**

                         :   **PLAINTIFF JOHN DOE**

                         :

                         :

---

| | |
|---|---|
| DEBORAH GORDON LAW | SAUL EWING ARNSTEIN & LEHR LLP |
| Deborah L. Gordon | Joshua W. B. Richards |
| Elizabeth A. Marzotto Taylor | Amy L. Piccola |
| 33 Bloomfield Hills Parkway, Suite 220 | 1500 Market Street, 38th Floor |
| Bloomfield Hills, Michigan  48304 | Philadelphia, Pennsylvania  19102 |
| (248) 258-2500 | (215) 972-7737 |
| dgordon@deborahgordonlaw.com | joshua.richards@saul.com |
| emarzottotaylor@deborahgordonlaw.com | amy.piccola@saul.com |
| *Attorneys for Plaintiff* | |
| | MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. |
| | Brian M. Schwartz |
| | 150 West Jefferson, Suite 2500 |
| | Detroit, Michigan  48226 |
| | (313) 963-6420 |
| | schwartzb@millercanfield.com |
| | *Attorneys for Defendants* |

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................1

SUMMARY OF RELEVANT FACTS AND STATUS OF THE CASE .................4

LEGAL STANDARD.............................................................................6

ARGUMENT .....................................................................................7

1.    DOE ACTED IN BAD FAITH BY MISREPRESENTING THE FACTS SUPPORTING
      HIS MOTION FOR INJUNCTIVE RELIEF WITH THE INTENT THAT THE COURT
      RELY ON HIS STATEMENTS.................................................................7

2.    THE COURT SHOULD SANCTION DOE FOR HIS BAD FAITH CONDUCT,
      WHICH MISLED THE COURT AND CAUSED DEFENDANTS TO INCUR
      SUBSTANTIAL FEES............................................................................9

CONCLUSION ..................................................................................11

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991).....................................................................................iv, 6, 10

*Goodyear Tire & Rubber Co. v. Haeger*,
137 S. Ct. 1178 (2017)......................................................................................iv, 6

*Gordon v. Royal Palm Real Estate Inv. Fund I, LLLP*,
No. 09-11770, 2011 WL 108917 (E.D. Mich. Jan. 10, 2011).....................10, 11

*Jaffe v. Cent. Intelligence Agency*,
516 F. Supp. 576 (D.D.C. 1981)........................................................................12

*Lipian v. Univ. of Mich.*,
No. CV 18-13321, 2020 WL 1164190 (E.D. Mich. Mar. 11, 2020)...............6, 7

*Plastech Holding Corp. v. WM Greentech Auto. Corp.*,
257 F. Supp. 3d 867 (E.D. Mich. 2017) ............................................................11

*Stone v. City of Detroit*,
No. 05-74236, 2009 WL 10715838 (E.D. Mich. Feb. 6, 2009) .........................11

*Union Planters Bank v. L & J Dev. Co.*,
115 F.3d 378 (6th Cir. 1997) ..........................................................................iv, 9

**FEDERAL STATUTES AND REGULATIONS**

20 U.S.C. § 1232g(b)(1)(A) ...............................................................................5

28 U.S.C.§ 1927 ..................................................................................................7

34 C.F.R. § 99.31(a)(9)(iii)(B)...........................................................................5

## <u>STATEMENT OF THE ISSUE PRESENTED</u>

Should the Court grant Defendants' motion and order Doe to reimburse Defendants for the legal fees they expended responding to Doe's improper motion for injunctive relief pending Defendants' appeal and preparing this motion for sanctions because Doe misrepresented the core factual predicates for his motion for injunctive relief, thereby misleading the Court and causing Defendants to incur substantial fees responding to his motion?

**Defendants assert that the answer is "Yes."**

## <u>CONTROLLING AUTHORITIES</u>

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)

*Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017)

*Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378 (6th Cir. 1997)

## **INTRODUCTION**

After the Court entered its final order and judgment allowing the University to proceed with the student conduct proceedings against Doe, the University promptly scheduled a hearing for April 22, 2020, a date carefully selected to accommodate witness and party availability and academic commitments.   Doe responded by racing back to court (after this case had been closed and Defendants had taken an appeal) with yet another request that his hearing be delayed.   Doe's requested delay was predicated almost exclusively on what he represented were academic *requirements*.

Doe thus attached to his injunction motion an "April 2020 Schedule" (the "Schedule")[1] setting forth his academic obligations for the month of April 2020. By submitting the Schedule, Doe intended that the Court rely on the representations in that document, and, as a result, take Doe at his word that he had several academic conflicts with an April 22 hearing.

---

[1] Doe filed the Schedule under seal to protect his identity.  The University has also filed an annotated version of the Schedule under seal, and refers to Doe's academic courses in this publicly-filed brief only as "Class 1" and "Class 2."

He did not.  (*See generally* Ex. A[2] to the Declaration of Joshua W. B. Richards "Richards Declaration".)  Indeed, it has become abundantly clear that he submitted a document to this Court replete with misrepresentations.

Contrary to Doe's representations, as of April 10, 2020, when he filed his motion, <u>and</u> as of April 16, when his motion was to be heard by the Court — Doe did <u>not</u> have any of the following academic obligations, despite representing to the Court that he did:

| **Doe's Misrepresentations About Class 1** | |
|---|---|
| Homework due on April 13 | *False* |
| Homework due on April 20 | *False* |
| Final Examination on April 27 | *False* |
| Term presentation due April 30 | *False* |
| 20-page term paper due April 30 | *True as to obligation, false as to date (due April 20, i.e. <u>before</u> the hearing date)* |

| **Doe's Misrepresentations About Class 2** | |
|---|---|
| Homework due on April 14 | *False* |
| Homework due on April 21 | *False* |

---

[2] Exhibits A and B to the Richards Declaration contain information that could reveal Doe's identity.  To protect the confidentiality of Doe's identity, Defendants are filing a motion for leave to file these exhibits under seal.

| Two-hour term paper preparation meeting on April 22 | *False* |
| Final exam is set for April 23 | *True as to obligation, false as to date* |
| Group-based term project due April 30 | *False* |
| Group-based term paper are due April 30 | *False* |

(*See* Exhibits A and B to the Richards Declaration.)

To be clear: Doe did not simply mix up a date or two – he represented more than half a dozen course requirements that *did not exist* as of the date he filed his motion or the date the motion was to be argued.

Doe's strategy has consistently been obstruction and delay.  That strategy resulted in what must have seemed to Doe like the ultimate windfall when the Claimant, who watched powerless for nearly two years as the University was enjoined from completing its investigation into her allegations of rape, informed the University the day Doe's motion for injunctive relief was to be heard that she would no longer participate in the hearing process, even if the Court were to permit the hearing to go forward.

Doe's motion for injunctive relief was of course properly dismissed as moot once the Claimant's refusal to participate required the University to cancel the hearing entirely, but that outcome does not change or excuse Doe's bad faith conduct in misleading the Court to try to delay a hearing he did not know would be canceled.  Doe's misrepresentations not only violated Doe's duties to the Court,

3

but also caused Defendants to incur substantial legal fees.  The Court possesses inherent authority and discretion to sanction bad faith conduct – like Doe's here – and should exercise that authority to hold Doe accountable.

## SUMMARY OF RELEVANT FACTS AND STATUS OF THE CASE

The Court and parties are familiar with the facts and history of this matter. The Court's March 23, 2020 Opinion and Order and March 24, 2020 Judgment finally allowed the University to "proceed with its disciplinary proceedings against Plaintiff."  (ECF No. 90 at 30.)  Defendants promptly scheduled a hearing in an effort to complete the student conduct process while witnesses were available and before the conferral of degrees on June 3, 2020.  Defendants inquired with the parties and witnesses, and learned that the Claimant – whose presence at the hearing is of course required – was not available to participate after April 23, 2020. Defendants accordingly scheduled the hearing for April 22, 2020, a date when no final exams were scheduled and the parties did not have any other academic obligations.  The University informed Doe of the hearing date on March 25, 2020.

Despite having twenty-eight days' notice of the scheduled hearing date, Doe at first complained that the University was not providing him with enough time to prepare.  In response to Doe's next complaint about the stress of the end of the semester and a new disability diagnosis presented by Doe on April 8 (purportedly arising from the stress of holding the impending hearing during his end-of-

4

semester coursework), the University offered Doe the option of delaying the completion of his academic commitments until the hearing was complete. Doe, through his attorney, declined that option and strongly admonished the University <u>not</u> to contact Doe's professors about his academic obligations.[3] (*See* Ex. C to the Richards Declaration.)

On April 10, 2020, his other attempts at delay having been unsuccessful, Doe filed a motion for new injunctive relief seeking to enlarge the Court's final Order by prohibiting the University from holding Doe's student conduct hearing until sometime after May 8, 2020. (*See* ECF No. 97.) The basis for Doe's motion was his Schedule, setting forth a daunting series of purported academic conflicts, with all but the last day in April booked morning to night with obligations. (*See* Ex. B to the Richards Declaration.)

On April 13, Defendants moved to strike Doe's motion on the grounds that the Court lacked jurisdiction to entertain the motion, which raised brand-new, never-pleaded, unripe claims for injunctive relief. (*See* ECF No. 104.) On April 14, the Court ordered Defendants to respond to Doe's motion for injunctive relief

---

[3] While the University did not identify Doe when obtaining Doe's academic information indirectly from Doe's professors, the University would have been permitted to do so under the Family Educational Rights and Privacy Act, which both (a) generally permits University officials to share records internally for legitimate purposes and (b) provides an express exception to privacy for "education records that are relevant for the educational agency or institution to defend itself" if a student initiates legal action against it. *See* 20 U.S.C. § 1232g(b)(1)(A); 34 C.F.R. § 99.31(a)(9)(iii)(B).

(and ordered Doe to respond to Defendants' motion to strike) by noon on April 16. The Court also set a hearing on the motions for 3:00 p.m. on April 16.

On the morning of April 16, Defendants learned that the Claimant had decided she longer wished to proceed with or participate in a hearing into the allegations against Doe. Defendants' counsel promptly notified Doe's counsel and the Court that the hearing had been canceled, and the briefing deadline and status conference were canceled shortly before noon on April 16. Thereafter, the Court entered an order denying as moot Doe's motion for injunctive relief and Defendants' motion to strike. (*See* ECF No. 108.)

## LEGAL STANDARD

Federal courts possess inherent authority (a) to award fees to compensate a party for expenses incurred as a result of another party's bad faith conduct and (b) to impose other sanctions as justice dictates. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991); *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186–87 (2017). The decision to exercise this authority rests within the court's broad discretion. *See Chambers*, 501 U.S. at 44-45; *see also Lipian v. Univ. of Mich.*, No. CV 18-13321, 2020 WL 1164190, at *2 (E.D. Mich. Mar. 11, 2020) ("The broad discretion under the inherent authority permits the Court to fashion an appropriate sanction for misconduct, including the assessment of

attorney fees.") (citing *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 n. 7 (6th Cir. 2002)).

Federal courts also may require counsel to satisfy "excess costs, expenses, and attorneys' fees reasonably incurred" when counsel "multiplies the proceedings in any case unreasonably and vexatiously." *See* 28 U.S.C.§ 1927.

## <u>ARGUMENT</u>

**1.    Doe acted in bad faith by misrepresenting the facts supporting his motion for injunctive relief with the intent that the Court rely on his statements.**

The Schedule that Doe attached to his motion for injunctive relief set forth a number of alleged academic obligations we now know to be false. With respect to one of his two classes (Class 1), Doe stated that: (1) he had homework assignments due on April 13 and 20, and that he must attend 10 hours of group meetings to complete these assignments; (2) his term presentation was due April 30; (3) his twenty-page term paper was due on April 30; (4) he must make and attend term presentations, which are forty-five minutes each; (5) his final examination was scheduled for April 27; and (6) he must attend three sets of meetings from 8:30 a.m. until 2:30 p.m. on April 22. (*See* ECF No. 97 at 4-6; Ex. B.)

In fact, though, there were <u>no outstanding homework assignments</u>, <u>no term presentation on April 30</u>, <u>no term paper due on April 30</u>, and <u>no final examination</u>

in Class 1. (*See* Ex. A to the Richards Declaration; *see also* Ex. B to the Richards Declaration; Table, *supra*, at 2.)

With respect to his other class (Class 2), Doe stated that: (1) he had homework assignments due April 14 and April 21; (2) his group-based term project and term paper were due April 30; (3) he had to participate in a team presentation on April 21; (4) the final exam was set for April 23; and (5) he was scheduled to attend a two-hour term paper preparation meeting on April 22. (*See* ECF No. 97 at 6-8; Ex. B.)

In reality, there were no outstanding homework assignments and no term paper or project due on April 30. (*See* Ex. A to the Richards Declaration; *see also* Ex. B to the Richards Declaration.)  Doe did have an essay due on April 15, but that pre-dated his purported two-hour term paper preparation meeting on April 22 (and, again, he had no other paper due on April 30). (*See* Ex. A to the Richards Declaration.)  And while Doe did have a final exam in this class, it had not yet been scheduled as of April 10. (*See* Ex. A to the Richards Declaration; *see also* Table, *supra*, at 2-3.)

It bears emphasis that during the time period leading up to Doe's motion, Doe repeatedly advised the University that it did not have "consent to contact any faculty or administration," and that he was "gravely concerned about Defendants unilaterally accessing [Doe's] academic records" in connection with Doe's

8

academic obligations.  (*See* Exhibits C and D to the Richards Declaration.)  At the time the University received these warnings, it believed Doe was simply concerned about his identity being inadvertently revealed to professors.[4]  We now know why Doe did not want the University to contact his professors: he knew his representations to the Court were provably false and that any inquiry would expose him.

### 2.   The Court should sanction Doe for his bad faith conduct, which misled the Court and caused Defendants to incur substantial fees.

Doe's misrepresentations went to the heart of his motion for injunctive relief, benefitted only him, and can only be understood as bad faith conduct.  It defies credulity to suppose that these repeated, egregious misrepresentations were the result of carelessness or inadvertence.  For its part, counsel was "obligated under Rule 11 to conduct an appropriate investigation into the facts that is reasonable under the circumstances."  *Union Planters Bank v. L & J Dev. Co.*, 115 F.3d 378, 385 (6th Cir. 1997) (internal quotations omitted).  But even when counsel has complied with their Rule 11 obligations, a party is not entitled to mislead counsel and the Court with impunity; district courts do not "abuse [their] discretion in sanctioning the persons directly responsible for . . . litigation abuses." *Id.* at 386.

---

[4]  In any event, the University's Associate Dean of Students obtained the information set forth herein as to Doe's remaining course requirements without disclosing Doe's identity.  (*See* Ex. A to the Richards Declaration.)

Defendants incurred substantial legal fees responding to Doe's concocted motion for injunctive relief.  Defendants first moved to strike Doe's motion for lack of jurisdiction in light of their appeal from the Court's final judgment (which divested the Court of jurisdiction) and the inapplicability of Federal Rule of Civil Procedure 62, which Doe invoked as the basis for the Court's jurisdiction over his motion.  (*See* ECF No. 104.)  Defendants also had to prepare a response on the merits to Doe's motion for injunctive relief within less than a week, since, after all, in addition to inventing the basis for the motion, Doe asked that it be heard on an expedited basis.  (*See* ECF No. 105.)  Defendants did not file their merits response because the Court canceled the briefing deadline once the motion became moot, but they were fully prepared to do so.

The Court should exercise its inherent authority and award fees to Defendants to compensate them for the significant expenses they incurred as a result of Doe's filing his motion for injunctive relief in bad faith.  *See Chambers*, 501 U.S. at 44–46.  The Court's "exercise of its inherent authority is the most appropriate means of sanctioning" conduct when, as here, "procedural rules and statutes are not 'up to the task' of addressing" a party's misconduct.  *Gordon v. Royal Palm Real Estate Inv. Fund I, LLLP*, No. 09-11770, 2011 WL 108917, at *8 (E.D. Mich. Jan. 10, 2011).

It is worth emphasizing that unlike under Rule 11, "[t]here is no safe harbor requirement with respect to the exercise of the inherent authority of the Court to sanction bad faith conduct." *Id.* at *7. In other words, courts have made clear that Doe does not get a free pass simply because Rule 11 remedies happen to be unavailable as a result of the Court's denial of Doe's motion. *Id.* Instead, the Court should exercise its inherent authority to sanction Doe in a manner consistent with the interests of justice and further award "attorney fees and costs that were incurred by [Defendants] in responding to" Doe's baseless motion for injunctive relief. *Id.* at *9.[5]

## CONCLUSION

Doe's bad faith conduct misled the Court and Defendants. It also caused Defendants to incur substantial legal fees. To be sure, Doe's conduct would be sanctionable in any case. But it is particularly offensive in this case, where Doe has both made credibility a central issue *and* asked the Court to protect his anonymity for fear that his good name would be tarnished by allegations of poor character.

---

[5] A fundamental purpose of the Court's inherent authority to impose sanctions is to preserve the integrity of the judicial process. *See Plastech Holding Corp. v. WM Greentech Auto. Corp.*, 257 F. Supp. 3d 867, 878 (E.D. Mich. 2017). Thus, when a party engages in misconduct, failing to impose sanctions undermines the integrity of the judicial process and the effective administration of justice. *See, e.g.*, *Stone v. City of Detroit*, No. 05-74236, 2009 WL 10715838, at *1 (E.D. Mich. Feb. 6, 2009) (explaining that a party's misconduct has consequences for the effective administration of justice in that case and in future cases).

Defendants respectfully request that the Court grant their motion for sanctions and (1) order Doe to reimburse Defendants for the legal fees they expended responding to Doe's improper motion for injunctive relief and preparing this motion for sanctions; and (2) impose such further sanctions as the Court deems fit in the interests of justice.[6]   Should the Court issue such an order, Defendants request leave to file a petition setting forth their reasonable fees incurred responding to Doe's motion for injunctive relief.

May 1, 2020

Respectfully submitted,

/s/ *Joshua W. B. Richards*

MILLER, CANFIELD,
PADDOCK AND STONE, P.L.C.
Brian M. Schwartz
150 West Jefferson, Suite 2500
Detroit, Michigan  48226
(313) 963-6420
schwartzb@millercanfield.com

SAUL EWING ARNSTEIN & LEHR LLP
Joshua W. B. Richards
Amy L. Piccola
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania  19102
(215) 972-7737
joshua.richards@saul.com
amy.piccola@saul.com

*Attorneys for Defendants*

---

[6] Further sanctions may include requiring Doe's counsel to explain, in camera or otherwise, the steps taken to confirm the factual representations contained in Doe's motion.  *See, e.g.*, *Jaffe v. Cent. Intelligence Agency*, 516 F. Supp. 576, 579 (D.D.C. 1981) (in response to a motion for sanctions, ordering agency to submit an affidavit in camera explaining with specificity the reasons for continuing to withhold certain information).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2020, I electronically filed the foregoing motion and brief in support thereof with the Clerk of the Court using the ECF system, which will send notification of such filing to:

Deborah L. Gordon
dgordon@deborahgordonlaw.com

/s/ *Joshua W. B. Richards*
SAUL EWING ARNSTEIN & LEHR LLP
Joshua W. B. Richards
1500 Market Street, 38thFloor
Philadelphia, Pennsylvania  19102
(215) 972-7737
joshua.richards@saul.com

*Attorney for Defendants*