UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

    Plaintiff,

v.

UNIVERSITY OF MICHIGAN,
*et al.*,

    Defendants.
_____/

Civil Action No.: 18-11776
Honorable Arthur J. Tarnow
Magistrate Judge Elizabeth A. Stafford

# REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR SANCTIONS [ECF NO. 123]

## I.  INTRODUCTION AND BACKGROUND

Plaintiff John Doe sued the University of Michigan, its Board of Regents and eight of its employees, alleging that they violated his due process rights.  [ECF No. 47].  Doe claimed that a fellow student filed a false sexual misconduct complaint against him with the Office of Institutional Equity (OIE) at the University.  [ECF No. 47, PageID.1332].  He alleged that, in response to the complaint, "the OIE commenced an investigation to determine if [Doe] had violated the Sexual Misconduct Policy, dated February 7, 2018."  [ECF No. 47, PageID.1332].  Doe asserted that the University's 2018 policy intentionally deprived him of due

process, including a live hearing and cross-examination. [ECF No. 47, PageID.1333-1340]. The Honorable Arthur J. Tarnow agreed with Doe and, in March 2020, ordered the University to provide Doe the right to live disciplinary proceedings and an opportunity to cross examine witnesses and his accuser. [ECF No. 90].

After this order, the University scheduled a student conduct hearing for April 22, 2020. [ECF No. 97-1]. Doe moved for an injunction to postpone the student conduct hearing until after April 30, 2020, the end of the Winter 2020 academic term. [ECF No. 97]. Doe described having significant academic obligations between April 13 and April 30. [ECF No. 97, PageID.2765-2770]. Later, the University learned that Doe's accuser no longer wished to participate in the student conduct hearing or proceed with the investigation. [ECF No. 123, PageID.3613]. The University thus cancelled the hearing and permanently closed the investigation, and Judge Tarnow ruled Doe's motion moot. [ECF No. 108].

The University now moves for sanctions against Doe, arguing that his motion for injunctive relief misrepresented his academic obligations and that those misrepresentations amounted to bad faith sanctionable under the Court's inherent authority. [ECF No. 123]. Judge Tarnow referred the motion to the undersigned for hearing and determination under 28 U.S.C.

2

§ 636(b)(1)(A) [ECF No. 149], but because the motion was filed post-judgment, this Court must prepare a report and recommendation under § 636(b)(3). *Fharmacy Records v. Nassar*, 465 F. App'x 448, 455 (6th Cir. 2012).

The Court finds that the University's motion for sanctions to lack merit.

## II. ANALYSIS

### A.

A "district court has the inherent authority to award fees when a party litigates in bad faith, vexatiously, wantonly, or for oppressive reasons." *First Bank of Marietta v. Hartford Underwriters Ins. Co.,* 307 F.3d 501, 512 (6th Cir. 2002) (citations and quotation marks omitted). To issue sanctions under this bad-faith standard, "a district court must find that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing . . . was for an improper purpose such as harassment." *Id.* (citations and quotation marks omitted). Courts apply this three-prong test to assess bad faith in the filing of frivolous lawsuits; a different test applies to determine "whether sanctions are appropriate for a party's…contumacious conduct." *Webasto Thermo & Comfort North America, Inc. v. BesTop, Inc.,* 2018 WL 5098784, at *7 (E.D. Mich. Oct. 19,

3

2018) (citing *Williamson v. Recovery Ltd. Partnership*, 826 F.3d 297, 302 (6th Cir. 2016)).  In that case, "the proper question is whether [the party] showed 'bad faith by ... hampering [the] enforcement of a court order.'" *Williamson,* 826 F.3d at 302 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)).

Although neither test exactly fits these circumstances, the three-prong test is the more appropriate one to apply here.  The three-prong test is more appropriate because the University argues that Doe advanced a claim in bad faith, not that he hampered enforcement of a court order.

Under the three-prong test, "the mere fact that an action is without merit does not amount to bad faith." *BDT Products, Inc. v. Lexmark Intern., Inc.,* 602 F.3d 742, 753 (6th Cir. 2010) (internal quotation marks omitted). A "court must find something more than that a party knowingly pursued a meritless claim or action at any stage of the proceedings." *Id.* at 754. "Harassing the opposing party, delaying or disrupting litigation, hampering the enforcement of a court order, or making improper use of the courts are all examples of the sorts of conduct that will support a finding of bad faith or improper purpose." *Id.*

Above all else, "inherent powers must be exercised with restraint and discretion." *Chambers,* 501 U.S. at 44.  Generally, the court's inherent

4

power is reserved for those cases in which the party or attorney's conduct is egregious.  *First Bank of Marietta*, 307 F.3d at 516.

**B.**

The University's claim for sanctions fails under the first of the three prongs because Doe's claim in his motion for injunctive relief that he had significant coursework until the end of the Winter term did not lack merit. Although the University alleges at least ten misrepresentations about Doe's academic obligations for the two courses he was completing in April 2020, it acknowledges that he had a term paper due on April 20 in one course and a final examination on April 24 in the other course. [ECF No. 123, PageID.3609-3610; ECF No. 125; ECF No. 146, PageID.3884-3886; ECF No. 148]. The University also notes that Doe had a team survey for a course due on April 23. [ECF No. 125, PageID.3674]. And although the University argues that Doe admitted that no term paper preparation meeting was scheduled for April 22, Doe said that he had been mistaken and that the preparation meeting was for a research paper independent of his Winter 2020 courses, and due at the end of the term. [ECF No. 146, PageID.3882; ECF No. 129, PageID.3729-3730].

Doe's undisputed academic obligations for the days just before and after the scheduled student conduct hearing provide colorable grounds for

5

Doe's request to postpone the hearing. Even if the disputed obligations were misstatements, the University would have had to defend against Doe's request for the postponement based on his legitimate academic obligations.

Sanctions would not be warranted even if Doe's motion had been meritless. To impose sanctions, "the court must find something more than that a party . . . pursued a meritless claim or action at any stage of the proceedings." *Webasto*, 2018 WL 5098784, at *6. If Doe misstated some of his April 2020 academic obligations in support of his motion, the University has no evidence that he made intentional misrepresentations to harass or delay, or for other improper reasons. *See id.*

For example, the University contests that Doe had any homework due after April 2, 2020 in one of his courses. [ECF No. 146, PageID.3885]. Doe maintains that the in-class exercises for that course were converted to "homework" following the shift to on-line classes because of the COVID-19 pandemic. [ECF No. 129, PageID.3726; ECF No. 139, PageID.3834]. The University refutes this contention with an affidavit from the course's professor. [ECF No. 148, PageID.3906]. But the professor notes that he did inform his students that, because of the pandemic, an exercise typically done in class would instead be part of the final paper due April 20, 2020.

6

[*Id.*, PageID.3907].  The professor said that he first gave these instructions during class on April 6 and reiterated them on April 13 because of questions asking for clarification.  [*Id.*].  The students' need for clarification shows that the Court cannot assume that Doe's interpretation of the modification of the exercises was a fabrication.

Another example relates to Doe's claim that the professor announced on April 13, 2020 that he cancelled the term presentation, which had been scheduled for April 30, 2020.  [ECF No. 129, PageID.3728].  Relying on the same affidavit, the University asserts that Doe's final term presentation had been cancelled on March 13, 2020, long before the student conduct hearing was scheduled.  [ECF No. 123, PageID.3609-3610; ECF No. 146, PageID.3884-3886; ECF No. 148, PageID.3907].  But the professor concedes that he may have reiterated that cancellation during the lecture on April 13.  [ECF No. 148].  There is no evidence that Doe was aware of the original cancellation; any conflict between the parties' positions on the cancellation of the final presentation could be reconciled by the possibility that Doe mistook the reiteration as the cancellation.

On the whole, the parties' briefs and supporting exhibits show that the shift to on-line classes altered due dates and other deadlines, and changed or eliminated course requirements.  The global pandemic prompted

unprecedented complications for students and faculty alike, and some confusion over ever-shifting requirements and deadlines would seem inevitable. The inconsistencies between the parties' affidavits could support an inference of confusion, innocent mistake or frailty of memory, and are not more likely the product of intentional misrepresentation. The Court thus cannot conclude that Doe made misstatements maliciously for improper purposes. Nor does the Court find Doe's motion for a postponement of his student conduct hearing, scheduled amid the final examination period, to lack merit. The challenged conduct here falls far short of the egregiousness that would warrant sanctions.

## III.    CONCLUSION

The Court recommends that the University's motion for sanctions **[ECF No. 123]** be **DENIED**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: November 25, 2020

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's

findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 25, 2020.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager