UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

    Plaintiff,

v.

UNIVERSITY OF MICHIGAN,
*et al.*,

    Defendants.
_____/

Civil Action No.: 18-11776
Honorable Arthur J. Tarnow
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION TO STAY [ECF NO. 102]
AND DENY WITHOUT PREJUDICE
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES [ECF NO. 95],
PLAINTIFF'S BILL OF COSTS [ECF NO. 94], AND
DEFENDANTS' MOTION TO COMPEL PRODUCTION
OF FEE AGREEMENT AND BILLING RECORDS [ECF NO. 103]**

### I.    INTRODUCTION

Plaintiff John Doe, a student accused of sexual assault, sued the University of Michigan, its Board of Regents and eight of its employees, alleging that they violated his due process rights by depriving him of a live hearing and opportunity to cross-examine his accuser under its student sexual misconduct policy. [ECF No. 47]. The Honorable Arthur J. Tarnow granted in part and denied in part the University's motion to dismiss and granted Doe's motion for partial summary judgment, providing Doe with the

right to disciplinary proceedings with a live hearing and an opportunity to cross examine witnesses and his accuser. [ECF No. 90]. The University is appealing that order. [ECF No. 92].

In the meantime, Doe filed a bill of costs and a motion for attorneys' fees. [ECF No. 94; ECF No. 95]. The University moved to stay the determination of Doe's claim for attorneys' fee pending the appeal. [ECF No. 102]. The University also moved to compel production of Doe's fee agreement and related billing records. [ECF No. 103]. The parties have fully briefed all three of the motions. [(ECF No. 95; ECF No. 113; ECF No. 119; ECF No. 127) (ECF No. 102; ECF No. 117; ECF No. 122) (ECF No. 103; ECF No. 115; ECF No. 121; ECF No. 126; ECF No. 127)].

Judge Tarnow referred the motions to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A) [ECF No. 109], but because these motions were filed post-judgment, this Court must prepare a report and recommendation under § 636(b)(3). *Fharmacy Records v. Nassar*, 465 F. App'x 448, 455 (6th Cir. 2012).

The preliminary issue raised by the parties' motions is whether Doe should be awarded attorneys' fees and costs as a prevailing party under 42 U.S.C. § 1988 at this time or whether the decision about an award should be stayed pending appeal. In the interest of judicial economy, the Court

recommends that consideration of the motion for attorneys' fees and bill of costs be stayed pending the appeal.

## II. ANALYSIS

### A.

The district court has "options when faced with a motion for attorneys' fees filed after an appeal is taken on the merits." *Michigan Bldg. and Const. Trades Council, AFL-CIO v. Snyder*, 11-13520, 2012 WL 1893516, at *1 (E.D. Mich. May 23, 2012) (citing Fed. R. Civ. P. 54(d), Advisory Committee Notes (1993)). "The court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing. . . a new period for filing after the appeal has been resolved." Rule 54(d), Advisory Committee Notes (1993). "[I]f the claim for fees . . . is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved." Fed. R. Civ. P. 58, Advisory Committee Notes (1993). The Sixth Circuit has not expressed a preference between immediate adjudication of fee requests or deferral until resolution of appeal. *Michigan Bldg.*, 2012 WL 1893516, at *2.

The *Michigan Bldg.* case is instructive. That court found that deciding an attorney's fees motion with an appeal pending was premature. *Id.* It

noted, "If Plaintiffs prevail, they will be entitled to additional fees for time spent on the appeal" and "[i]f the [c]ourt's decision is reversed . . . then Plaintiffs will no longer be a prevailing party, and likely would not be entitled any fees." *Id.* And if the Sixth Circuit affirmed only in part, the court "would need to consider Plaintiff's partial success in calculating a fee award." *Id.* Staying the fees motion until after appeal was "necessary to avoid piecemeal litigation" and "[i]t would not be in the interest of judicial economy to award fees now, only to revisit the issue after the appellate litigation is complete." *Id.*

The *Michigan Bldg.* court also reasoned that the motion for attorney's fees did not present "difficult legal issues that would warrant an expeditious trip to the Sixth Circuit." *Id.* Instead, the decision on the motion was one the court could "easily make, subject to the results of the appellate litigation." *Id.* Finally, the court held that a stay of the fee motion was in the interests of justice. *Id.* at *3. It reasoned, "Staying an award of attorney's fees prevents Defendant from having to pay an uncertain judgment or posting a bond." *Id.* The court also found that the plaintiffs were not prejudiced by a stay because "they may account for the delay, if ultimately successful, by requesting interest, requesting higher hourly rates to account for the passage of time, or by adjusting the fee based on historical

4

rates to reflect its present value." *Id.* (citing *Missouri v. Jenkins*, 491 U.S. 274, 282–83 (1989)).

The court in *Price v. Medicaid Dir., Office of Med. Assistance* likewise stayed the plaintiffs' motion for attorney's fees and costs because the amount of the fees awarded would be affected by the appeal. No. 1:13-CV-74, 2016 WL 8201769, at *2 (S.D. Ohio Feb. 1, 2016). "If plaintiffs prevail on appeal on the merits of their claims, they will be entitled to additional fees for time spent on the appeal." *Id.* "On the other hand, resolution of the appeal in defendants' favor, in whole or in part, will affect plaintiffs' ability to recover their full fees in this case." *Id.*

The reasoning of *Michigan Bldg.* and *Price* applies equally to this case, and the Court believes that deciding Doe's attorneys' fees motion now would be premature.

The Court thus **RECOMMENDS** that the University's motion to stay consideration of Doe's motion for attorneys' fees and costs **[ECF No. 102]** be **GRANTED**. It also **RECOMMENDS** that Doe's bill of costs and motion for attorneys' fees and the University's Motion to Compel **[ECF No. 94; ECF No. 95; ECF No. 103]** be **DENIED WITHOUT PREJUDICE**, allowing the parties to refile them, if necessary, after the appellate litigation. Doe's

5

motion to amend/correct the bill of cost **[ECF No. 106]** should be **DENIED** as moot.

                                              s/Elizabeth A. Stafford
                                              ELIZABETH A. STAFFORD
                                              United States Magistrate Judge

Dated: November 27, 2020

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the

same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 27, 2020.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
