No. 20-1293

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Dec 23, 2020
DEBORAH S. HUNT, Clerk

JOHN DOE,                                  )
                                           )
   Plaintiff-Appellee,                    )
                                           )
v.                                         )    O R D E R
                                           )
UNIVERSITY OF MICHIGAN, et al.,            )
                                           )
   Defendants,                            )
                                           )
PAMELA HEATLIE, et al.,                    )
                                           )
   Defendants-Appellants.                 )

Before: SUHRHEINRICH, GILMAN, and LARSEN, Circuit Judges.

Plaintiff John Doe filed a civil-rights action alleging, among other things, that the sexual misconduct policies of Defendants—the University of Michigan, the Board of Regents of the University of Michigan, Pamela Heatlie, Robert Sellers, Martin Philbert, Erik Wessel, Laura Blake Jones, E. Royster Harper, Suzanne McFadden, and Paul Robinson (collectively, "the University")—violated his right to due process. The individual defendants appeal the district court's judgment finding that the University violated Doe's right to due process and directing that Doe was entitled to a live hearing with the opportunity to cross-examine the claimant. Doe moves to dismiss the appeal as moot because the University has since permanently closed his proceedings. Defendants oppose dismissal, and Doe replies.

Federal courts may adjudicate only live cases or controversies. U.S. Const. art. III, § 2; *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* Federal courts may not "decide questions that cannot affect the rights of litigants in the case before them" and are confined to "resolving real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (alteration in original) (internal quotation marks and citations omitted).

Doe sought to enjoin the student disciplinary proceedings against him. The University has since permanently closed his proceedings; thus, there is no relief we may grant that will make a difference to Doe's legal interests. Defendants contend, however, that live issues remain, including whether the district court had subject–matter jurisdiction to entertain Doe's suit and whether they are liable for attorney fees. A district court's judgment, entered without subject–matter jurisdiction, is void *ab initio*. *See Martini v. Republic Steel Corp.*, 532 F.2d 1079, 1081 (6th Cir. 1976) (per curiam); *see also New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1496 (3d Cir. 1996). If a judgment is void *ab initio*, and a reversal would allow the appellant to obtain a money judgment, a case is not moot. *New Rock Asset Partners*, 101 F.3d at 1496–97. But here, Defendants do not seek any monetary relief. By its terms, the district court's order applied only to Doe. And although a ruling on the jurisdictional issues might assist Defendants in future litigation, that does not constitute a legal interest sufficient for this appeal to proceed. *See Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006).

There is a pending motion for attorney fees before the district court. An "interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Lewis*, 494 U.S. at 480; *see also Fleming v. Gutierrez*, 785 F.3d 442, 448 (10th Cir. 2015) ("The possibility that the preliminary injunction will form the basis for a grant of attorney's fees does not transform this appeal into a live controversy."); *S-1 v. Spangler*, 832 F.2d 294, 297 n.1 (4th Cir. 1987) ("The fact that the parents still assert a claim for costs and attorney's fees . . . does not avert mootness of the underlying action on the merits.").

Whether we simply dismiss the appeal, leaving the underlying judgment intact, or vacate the judgment depends on the equities of the case. *Ford*, 469 F.3d at 505. Ordinarily, courts that dismiss an appeal as moot either reverse or vacate the judgment and remand with instructions to dismiss. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950). This practice reflects that "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstances, ought not in fairness be forced to acquiesce in the judgment." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994). If, however, the appellant caused the case to become moot, the appeal may be dismissed without vacating the underlying judgment. *Id.* Thus, "[t]he question of fault is central to our determination regarding vacatur." *Ford*, 469 F.3d at 505. Courts should also consider the public interest, given that "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole." *Id.* at 506 (alteration in original) (internal quotation marks omitted) (quoting *U.S. Bancorp. Mortg. Co.*, 513 U.S. at 26). The defendants are not wholly responsible for Doe's case becoming moot, given that the district court required that Doe be given the opportunity to cross-examine the claimant and the claimant now declines to participate in the proceedings. As to the public interest, the district court's judgment, in an unpublished order, has no precedential effect. Vacatur is therefore warranted.

No. 20-1293
-4-

Finally, Doe seeks attorney fees and costs. There is a motion currently pending before the district court for attorney fees, and the district court is better positioned to decide this issue in the first instance. We also note that "[b]y vacating the district court's merits decision," we "do not necessarily disturb [Doe]'s status as a 'prevailing party' for purposes of attorney's fees." *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 717 (6th Cir. 2011).

The motion to dismiss as moot is therefore **GRANTED**, and the case is **REMANDED** with instructions for the district court to **VACATE** the judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: December 23, 2020

Ms. Deborah L. Gordon
Law Offices
33 Bloomfield Hills Parkway
Suite 220
Bloomfield Hills, MI 48304

Mr. Joshua W. B. Richards
Saul, Ewing, Arnstein & Lehr
1500 Market Street
Suite 3800
Philadelphia, PA 19102

Re: Case No. 20-1293, *John Doe v. University of Michigan, et al*
Originating Case No. : 2:18-cv-11776

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Jill E Colyer
Case Manager
Direct Dial No. 513-564-7024

cc: Ms. Elizabeth Ann Marzotto Taylor
Mr. Patrick Francis Nugent
Ms. Amy Lynn Piccola
Mr. Brian M. Schwartz
Mr. David J. Weaver

Enclosure

Mandate to issue