UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN DOE**, *an individual*,

      Plaintiff,

vs.

                             Case No.: 18-cv-11776
                             Hon.  Arthur J. Tarnow
                             Mag.  Elizabeth A. Stafford

**UNIVERSITY OF MICHIGAN**, *et al.,*

      Defendants.

_____

**DEBORAH GORDON LAW**
Deborah L. Gordon (P25078)
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@debgordonlaw.com
emt@debgordonlaw.com

**MILLER, CANFIELD,
PADDOCK AND STONE, PLC**
Brian M. Schwartz (P69018)
Attorney for Defendants
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

**SAUL EWING ARNSTEIN &
LEHR LLP**
Joshua W.B. Richards
Amy L. Piccola
Attorneys for Defendants
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7737
joshua.richards@saul.com
amy.piccola@saul.com

_____

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO [ECF
150] REPORT AND RECOMMENDATION TO DENY DEFENDANTS'
MOTION FOR SANCTIONS AGAINST PLAINTIFF JOHN DOE [ECF 123]**

# TABLE OF CONTENTS

Index of Authorities ...........................................................................................................ii

I.      Relevant Factual and Procedural History .........................................................1

II.     Responses to Defendants' Objections................................................................4

        A.      Responses to Objection 1: The Report and Recommendation's Legal
                Conclusions Were Not Contrary to Law ................................................4

        B.      Response to Objection 2: The Report and Recommendation's Factual
                Findings Were Not Clearly Erroneous..................................................10

Certificate of Service ........................................................................................................17

# INDEX OF AUTHORITIES

## Cases

*Arroyo v. Comm'r of Soc. Sec.*,
   2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) ..............................................11

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) ...........................................................................................4, 5

*Cunningham v. Sears, Roebuck & Co.*,
   854 F.2d 914 (6th Cir. 1988)........................................................................ 13, 14

*Depweg v. Comm'r of Soc. Sec.*,
   No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) ...............11

*Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*,
   2017 WL 3116261, at *1 (E.D. Mich. July 21, 2017)................................. 3, 4, 10

*First Bank of Marietta v. Hartford Underwriters Ins. Co.*,
   307 F.3d 501 (6th Cir. 2002) ....................................................................... 5, 6, 15

*Goodyear Tire & Rubber Co. v. Haeger*,
   137 S. Ct. 1178 (2017)..........................................................................................7

*Hall v. Cole*,
   412 U.S. 1 (1973) .................................................................................................7

*Heights Cmty. Cong. v. Hilltop Realty, Inc.*,
   774 F.2d 135 (6th Cir. 1985) ....................................................................... 11, 15

*Howard v. Secretary of Health & Human Services*,
   932 F.2d 505 (6th Cir. 1991) ..............................................................................11

*In re Charfoos*,
   979 F.2d 390 (6th Cir. 1992) ....................................................................... 11, 12

*Metz v. Unizan Bank*,
   655 F.3d 485 (6th Cir. 2011) ..............................................................................10

*Mills v. Elec. Auto-Lite Co.*,
   396 U.S. 375 (1970) ..............................................................................................7

*Newman v. Univ. of Dayton*,
   751 F. App'x 809 (6th Cir. 2018) ................................................................ 12, 13

*Plastech Holding Corp. v. WM Greentech Auto. Corp.*,
   257 F. Supp. 3d 867 (E.D. Mich. 2017) ........................................................ 7, 8, 9

*Roadway Exp., Inc. v. Piper*,
   447 U.S. 752 (1980) ...................................................................................... 5

*State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*,
   2017 WL 3116261, at *1 (E.D. Mich. July 21, 2017) ..................................... 4, 10

*Stone v. City of Detroit*,
   2009 WL 10715838, at *1, *9-10, *14 (E.D. Mich. Feb. 6, 2009) ) ..................... 9

*Universal Oil Prod. Co. v. Root Ref. Co.*,
   328 U.S. 575 (1946) ...................................................................................... 7

*Webasto Thermo & Comfort N. Am., Inc. v. BesTop, Inc.*,
   2018 WL 5098784, at *6 (E.D. Mich. Oct. 19, 2018) ............................ 4, 6, 9, 10

*White v. Reg'l Adjustment Bureau, Inc.*,
   641 F. App'x 298 (5th Cir. 2015 ..................................................................... 15

*Williamson v. Recovery Ltd. Partnership*,
   826 F.3d 297 (6th Cir. 2016) .......................................................................... 5

## I.      Relevant Factual and Procedural History[1]

On July 6, 2018, this Court granted Plaintiff's request for a temporary injunction. ECF No. 30.  Before filing his June 10, 2019 Motion for Partial Summary Judgment (ECF No. 53), Plaintiff sought concurrence in an Order that would have provided him with a *Baum* due process hearing (regardless of any current or future university policy), the entry of which would have allowed the OIE matter to proceed immediately   Defendants declined to so stipulate. On March 23, 2020, this Court granted Plaintiff's Motion for Partial Summary Judgment holding that Plaintiff was entitled to summary judgment as a matter of law on his due process claim; Defendants' 2018 Policy was unconstitutional, as were aspects of the 2019 Interim Policy;  and that "[b]ecause the outcome of his disciplinary action rests on competing narratives, Plaintiff is entitled to a live hearing, in person or via video communication, with the opportunity to cross-examine witnesses and the Claimant." ECF No. 90, PageID.2604.

On March 24, 2020, with the University having told students to return home and that exams and classes would be virtual due to a global pandemic, Defendants notified Plaintiff that they were moving forward immediately with the OIE sexual

---

[1] *See* ECF No. 129, PageID.3709-30, Plaintiff's Response to Defendants' Motion for Sanctions, for a complete rendition of the factual circumstances and procedural history.

misconduct hearing against him; the date was set for April 22, 2020. This hearing was of the utmost consequence and would have life-long ramifications for Plaintiff.

The hearing was to occur during the period set for study days and exams. Accordingly, Plaintiff sought an 8-day delay. Defendants would not agree.

Plaintiff's Motion for Injunctive Relief to obtain a short delay was filed on April 10, 2020. ECF No. 97. At his counsel's request, Plaintiff listed his understanding of his upcoming virtual schedule as support for the Motion. ECF No. 97, 98-1. Contrary to Defendant's assertions, Plaintiff has never admitted to any wrongdoing with regard to his representations about this schedule. Plaintiff's motion, brief, exhibit ECF 98-1, and Response and attached exhibits provided a truthful account of his academic obligations as of the date they were filed. Plaintiff's course requirements changed multiple times in rapid succession, and most of these changes were not documented by the University

A hearing on the TRO was scheduled for April 16, 2020. Defendants' response to Plaintiff's motion was due by 12:00 p.m. on April 16, 2020.  Four hours before the hearing, Plaintiff received an email from Elizabeth Seney, Senior Associate Director & Title IX Coordinator University of Michigan, permanently ending the entire OIE process and hearing. On April 16, 2020, the day set by the Court for Defendants' response to Plaintiff's pending motion for injunctive relief and a hearing on the motion, the Court dismissed it as moot based on the cancellation of

2

the administrative hearing and closure of the complaint against Plaintiff. ECF No.
108.

At further expense to the taxpayers of the State, Defendants then brought a
motion for sanctions against their own student, making gratuitous, ugly and false
accusations against him in their papers, stating that his "strategy has consistently
been obstruction and delay…" and that he thought he had now achieved a "windfall"
while the "Claimant … watched powerless for nearly two years as the University
was enjoined from completing its investigation into her allegations of rape…" ECF
No. 23, PageID.3610.   If there had ever any doubt about Defendants' lack of
neutrality as to Doe and the Claimant, or their understanding of the necessity of a
due proceeding, their sanctions motion made their position quite clear.

The Magistrate Judge properly disposed of the motion, pointing out that there
was no evidence supporting a finding that Plaintiff engaged in bad faith conduct
towards Defendants or the Court.  Instead of allowing Plaintiff  to move on with his
life, Defendants now object to the Magistrate's Report and Recommendation. They
do so in spite of the fact that the alleged inaccuracies in the schedule Plaintiff
outlined did not prejudice them in any way. As the Magistrate pointed out in the
Report and Recommendation, even assuming Plaintiff did not accurately understand
the full scope of his academic obligations as of April 10, 2020, it is undisputed that
he had such obligations that provide colorable grounds for his request for injunctive

3

relief that would have required Defendants to write and file a responsive brief. ECF No. 150, PageID.3915.

Defendants appeal is without merit, is retributive, and must be denied.

## II.    Responses to Defendants' Objections

### A.    Response to Objection 1: The Report and Recommendation's Legal Conclusions Were Not Contrary to Law.

Defendants failed to meet their burden to show that the Magistrate Judge's legal conclusions were contrary to law. *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 2017 WL 3116261, at *1 (E.D. Mich. July 21, 2017). Their objections cited no case law or other legal authority holding that the Report and Recommendation failed to apply or misapplied the relevant legal standard. *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 2017 WL 3116261, at *1 (E.D. Mich. July 21, 2017) (internal citations and quotation marks omitted). The Magistrate's reasoning underlying which legal standard should be applied was legally sound, as evidenced by the authority cited where the same standard was applied in the face of similar allegations. ECF No. 150, PageID.3912-13, citing *Webasto Thermo & Comfort N. Am., Inc.*, 2018 WL 5098784, at *4-7 (E.D. Mich. Oct. 19, 2018) (same legal standard applied in case where party allegedly made misrepresentations to the Court).

Defendants' argument that "the Report and Recommendation erred because the appropriate standard…arises under *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-

4

46 (1991)" fails because the Report and Recommendation relied on the very legal standard Defendants argue should have been applied. The Magistrate's Report and Recommendation cites to *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002) for the principle that a "district court has the inherent authority to award fees when a party litigates in bad faith, vexatiously, wantonly, or for oppressive reasons." ECF No. 150, PageID.3912. The Report and Recommendation's citation to *First Bank of Marietta* on ECF No. 150, PageID.3912 references the very portions of *Chambers* Defendants argue should have been applied. *See* 307 F.3d at 512 (lengthy discussion of pages 43, 45-46 of the *Chambers* opinions, including the *Chambers* Court's holding that the district court can issues sanctions pursuant to its inherent authority when "a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"). The Report and Recommendation further relies on the same portion of *Chambers* Defendants argued should have been applied on pages ECF No. 150, PageID.3912-13 (citing portion of *Williamson v. Recovery Ltd. Partnership*, 826 F.3d 297, 302 (6th Cir. 2016) that quotes *Chambers*, 501 U.S. at 46).

It is well-settled that invocation of the inherent power requires a finding of bad faith. *Chambers*, 501 U.S. 32, 49 (1991) (citing *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980)). The standard the Magistrate applied to assess what type of actions constitute bad faith conduct is completely congruent with that set forth in

*Chambers*. Defendants cited no law setting forth "a less restrictive bad faith inquiry" applicable to this case. ECF No. 153, PageID.3939.

The threshold necessary to establish bad faith, sanctionable conduct is consistent and well-settled, as set forth in the Report and Recommendation ("Generally, the court's inherent power is reserved for those cases in which the party or attorney's conduct is egregious. *First Bank of Marietta*, 307 F.3d at 516." "To impose sanctions, 'the court must find something more than that a party…pursued a meritless claim or action at any stage of the proceedings.'"). ECF No. 150, PageID 3914-15. The Report and Recommendation cited this Court's holding that examples of "something more" include: a finding that the plaintiff filed the suit "for purposes of harassment or delay, or for other improper reasons," withholding material evidence, delaying or disrupting the litigation, or hampering enforcement of a court order. *Webasto Thermo & Comfort N. Am., Inc. v. BesTop, Inc.*, 2018 WL 5098784, at *6 (E.D. Mich. Oct. 19, 2018); *see also Chambers*, 501 U.S. at 46 (bad faith, vexatious, wanton, and oppressive conduct includes practicing fraud[2] on the Court

---

[2] Counsel was sanctioned in *Chambers* for attempting to deprive the court of jurisdiction by acts of fraud—physically removing pieces of equipment from a location while a hearing to determine whether the equipment was to be included in a judicially-ordered sale was briefly recessed. *Chambers*, 501 U.S. 32, 32 (1991). *See also Webasto Thermo & Comfort N. Am., Inc. v. BesTop, Inc.*, 2018 WL 5098784, at *7 (E.D. Mich. Oct. 19, 2018) (explaining that "fraud-on-the-court doctrine" deals with courts' inherent power to vacate their judgments).

(citing *Universal Oil Prod. Co. v. Root Ref. Co.*, 328 U.S. 575, 577 (1946), where a judge had been bribed to secure a decision); delaying or disrupting the litigation; or hampering enforcement of a court order.).

None of the so-called "varieties" of bad faith cited by Defendants are factually analogous to the instant case. The abuse of judicial process sanctioned in *Goodyear Tire & Rubber Co.* comprised Goodyear's admission that it knowingly withheld test results that were responsive to plaintiff's discovery requests, even after the court "referee[d]" the resultant "contentious discovery battles". *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1182, 1184 (2017). The "interests of justice" underlying an award of fees in *Hall* comprised the Court's assessment that shifting responsibility for plaintiff's attorney fees was proper because plaintiff, in vindicating his right of free speech, necessarily rendered a substantial service to his union as an institution and to all of its members. *Hall v. Cole*, 412 U.S. 1, 8 (1973). Likewise, the Court described the "overriding considerations" evincing the need for recovery of attorney fees as situations where a plaintiff successfully maintains a suit, usually on behalf of a class, that benefits a group of others in the same manner as himself. *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 392 (1970).

In *Plastech Holding Corp. v. WM Greentech Auto. Corp.*, this Court described sanctionable bad faith conduct ripe for sanctions as that which "adversely impacts

the entire litigation." *Plastech Holding Corp. v. WM Greentech Auto. Corp.*, 257 F. Supp. 3d 867, 872 (E.D. Mich. 2017) (internal citations and quotation marks omitted). Specifically, the Court considered whether dismissal of an action was an appropriate sanction. Accordingly, its analysis is not entirely applicable here, where Defendant has not advanced any argument in favor of dismissal of plaintiff's claims.

In *Plastech*, the Court sanctioned plaintiff by dismissing its claims with prejudice. Plaintiff in that case knowingly and intentionally attached a fabricated document central to its claims to both its first and second amended complaints; it never informed defendants or the Court that the document was a fabrication until two years of litigation had passed. 257 F. Supp. 3d 867, 878 (E.D. Mich. 2017). There is no analogous allegation of misconduct here; Plaintiff is not alleged to have intentionally fabricated a document directly and vitally underlying his complaint or that he concealed this intentional fabrication for multiple years and across multiple iterations of his complaint. Indeed, as the Report and Recommendation reflects, notwithstanding any inadvertent errors made by Plaintiff, it is undisputed that he truthfully represented significant academic obligations that provided colorable grounds for his request to postpone the hearing. ECF No. 150, PageID.3915.

Moreover, whereas in *Plastech* the district court found that a finding that plaintiff's years-long use of fabricated evidence was unintentional was "completely unsupported by any record evidence," the Magistrate found that the evidence in this

case supported a finding that any errors Plaintiff made in recounting his schedule were inadvertent. ECF No. 150, PageID.3915-17. Finally, while in *Plastech*, the plaintiff prejudiced defendant by using the fabricated evidence to damage defendant's business relationships prior to revealing it was a forgery, here, the University still would have had to defend against Plaintiff's request for postponement based on his undisputed academic obligations. ECF No. 150, PageID.3915.

In *Stone v. City of Detroit*, the Magistrate recommended imposition of default judgment against defendant for repeated failures to comply with discovery orders and repeated violations of the federal rules governing discovery, which the Court found undermined the effective administration of justice in the case. 2009 WL 10715838, at *1, *9-10, *14 (E.D. Mich. Feb. 6, 2009). Neither repeated discovery violations, refusal to comply with judicial orders, nor default judgment are implicated here, rendering the analyses applied in *Stone* uninstructive.

Defendants' argument that under the standard the Magistrate applied, "a party could lie to the Court with impunity so long as they also presented legitimate grounds for seeking relief" is both unsupported by law and implausible. The Report and Recommendation relied on *Webasto Thermo & Comfort N. Am., Inc. v. BesTop, Inc.*, which recites well-settled Sixth Circuit precedent that a finding of bad faith necessary to merit sanctions should be predicated on a finding of "*something*

9

*more* than that a party knowingly pursued a meritless claim or action at any stage of the proceedings". ECF No. 150, PageID.3912; *Webasto Thermo & Comfort N. Am., Inc. v. BesTop, Inc.*, 2018 WL 5098784, at \*6-7 (E.D. Mich. Oct. 19, 2018) (quoting *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (emphasis in original)). In addition to the fact that it would likely be impossible for a hypothetical litigant to "lie to the Court with impunity" while still "present[ing] legitimate grounds for seeking relief," the well-settled requirement for conduct evincing "something more," which the Report and Recommendation relies on, necessarily precludes Defendants' hypothetical. ECF No. 150, PageID.3912-13. Nor do Defendants make any attempt to explain how Plaintiff's conduct could be sanctionable as a matter of law absent a finding that the claim at issue lacked merit—indeed, Defendants' argument hinges on their assertion that his request for an injunction was meritless.

The Report and Recommendation was not contrary to law.

## B.     Response to Objection 2: The Report and Recommendation's Factual Findings Were Not Clearly Erroneous.

The legal standard applicable to Defendants' objections does not empower the district courts to reverse the Magistrate Judge's finding because it would have decided the matter differently. *State Farm Mut. Auto. Ins. Co.*, 2017 WL 3116261, at \*1 (E.D. Mich. July 21, 2017). According to the Sixth Circuit, "The question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the

10

test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

With regard to the Magistrate's findings of fact, Defendants' objection merely repackaged their earlier arguments, and set forth the reasons why they disagreed with the Magistrate's conclusion that the inconsistencies between the parties' affidavits did not support finding that they resulted from intentional misrepresentations. As a matter of law, "bare disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R." *Arroyo v. Comm'r of Soc. Sec.*, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) ) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991) ). Defendants' objection contains nothing more than a series of conclusory statements as to what conclusions they subjectively believe the Court should have drawn from the evidence.

Nor does the case law cited by Defendants compel a different outcome. In *In re Charfoos*, 979 F.2d 390, 394 (6th Cir. 1992), the Court specifically held that the examples of bad faith conduct at issue were only sufficient to warrant sanctions when

11

"taken together." There, the Court found that the evidence supported a finding that the sanctioned party engaged in (1) factual misrepresentations and omissions on financial statements and bankruptcy pleadings; (2) violations of state court orders; *and* (3) extravagant lifestyle inconsistent with his bankruptcy petition. *In re Charfoos*, 979 F.2d at 394. Moreover, in that case, the sanctioned party was found to have engaged in outright lies and lies of omission regarding the existence and value of his personal assets. *Id.* These objective misrepresentations are entirely distinguishable from the context of this case, where on a good day for Defendants the evidence merely demonstrated that Plaintiff held an understanding of some of his academic obligations that differed from his professor's. Moreover, unlike in *In re Charfoos*, as of the date Plaintiff filed ECF No. 98-1 and as of the date his motion for injunction was determined, he believed that ECF No. 98-1 was an accurate reflection of his academic schedule. Defendants never advanced any evidence to the contrary.

In *Newman v. Univ. of Dayton*, 751 F. App'x 809, 814 (6th Cir. 2018), the plaintiff failed to disclose the existence of income pertinent to his ongoing bankruptcy proceeding. Unlike in this case, Newman did not argue that he lacked knowledge of the factual basis of the undisclosed income. Here, Plaintiff adduced evidence that he remained unaware of the errors Defendants points to in ECF No. 98-1 until May 15, 2020. Throughout the relevant time period—from the date he

filed ECF No. 98-1 through the date the Court determined the outcome of his motion for injunctive relief, and up until the time of his Reply—he believed that ECF No. 98-1 was accurate. ECF No. 129-10. Moreover, Newman only rectified his omissions after defendants moved to dismiss his case, even though before that time he submitted multiple amended bankruptcy plans and continued to update the bankruptcy court concerning other matters. *Newman*, 751 F. App'x at 815. In sharp contrast, Plaintiff addressed his few inadvertent errors in an affidavit and his Reply as soon as he learned of them, and provided a complete and accurate explanation of how these errors came to be. Contrary to Defendants' conclusory arguments, Plaintiff provided Defendants never advanced any evidence refuting Plaintiff's explanation.

In *Cunningham v. Sears, Roebuck & Co.*, 854 F.2d 914, 916 (6th Cir. 1988), the district court undisputedly found, based on admissions by the plaintiff in testimony at an evidentiary hearing, that the plaintiff and his counsel knew during trial that a juror failed to completely and correctly answer a question posed by the Court during the *voir dire*, but kept this fact a secret because they thought it might make the juror favorable to the plaintiff's case. Then, in a later brief, plaintiff's counsel asserted that this fact was learned after the conclusion of the trial. In *Cunningham*, the Sixth Circuit declined to sanction plaintiff or his counsel for the treatment of this issue in the brief, which the Court nonetheless described as a

"serious misrepresentation of the fact," in favor of issuing a warning that similar conduct in the future would likely result in sanctions. *Cunningham*, 854 F.2d at 916.

Here, as set forth in the Report and Recommendation the evidence adduced by the parties does not support a finding that any misstatements by Plaintiff were more likely the product of intentional misrepresentation than confusion, innocent mistake, or frailty of memory. ECF No. 150, PageID.3915-17. Unlike in *Cunningham*, Plaintiff did not admit to knowing and actively concealing the facts at issue. Nor did Plaintiff's explanation of the circumstances attempt to mislead the Court. There is no evidence that Plaintiff did not immediately address his inadvertent errors as soon as they came to his attention. Nor is there evidence proving that any variance between Plaintiff's and his professor's understanding of his academic obligations was the result of anything other than "confusion, innocent mistake or frailty of memory," particularly given the context of a rapidly-changing academic schedule unfolding in the midst of a global pandemic. ECF No. 150, PageID.3916-17. Defendants produced no evidence that Plaintiff maliciously made intentional misstatements for improper purposes. To the contrary, as the Report and Recommendation found, on the whole, the evidence evinced "inevitable" confusion, miscommunication, and misunderstanding of "ever-shifting requirements and deadlines," falling "far short of the egregiousness that would warrant sanctions." ECF No. 150, PageID.3917. Moreover, as the Magistrate undisputedly held, "Even

14

if the disputed obligations were misstatements, the University would have had to defend against Doe's request for the postponement based on his legitimate academic obligations." ECF No. 150, PageID. 3914-15.

Nor is *White v. Reg'l Adjustment Bureau, Inc.*, 641 F. App'x 298, 299 (5th Cir. 2015) instructive here. In that case, the district court held, and the Fifth Circuit agreed there was ample evidence that the sanctioned party "intentionally" made misrepresentations to the district court "*rather than* through mistake or mere incompetence." *White*, 641 F. App'x at 299 (emphasis added) (finding there was "ample evidence to support the district court's conclusion that Radbil engaged in deceit" and giving "deference to the district court's firsthand view of whether that deceit was intentional;" and concluding "the finding of bad faith was adequately explained and supported by clear and convincing evidence.") *Id.* This case does not hold that a finding of bad faith can be supported "even where" the conduct at issue is "attributed to 'mistake or mere incompetence.'" ECF No. 153, PageID.3941. Indeed, an attribution to mistake or incompetence would preclude a finding of bad faith. "Bad faith presents an issue of intent that is a factual issue." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, n. 16 (6th Cir. 2002).

As set forth in the Report and Recommendation, there is evidence in the record to support the Magistrate's factual findings, and the Magistrate's construction of that evidence was reasonable. *Heights Cmty. Cong.*, 774 F.2d at 140. Plaintiff did not

intentionally or maliciously misrepresent his schedule; he acted in good faith when he set forth his academic obligations as they were known to him on April 10, 2020. Plaintiff believed that ECF 98-1 accurately reflected his academic obligations. His two inadvertent clerical errors as to the due dates of his term papers were neither ill-intended or known to him until May 15, 2020. The due dates did not change the fact that he was still responsible for fulfilling serious academic obligations that would have precluded him from participating in an April 2020 hearing.

Additionally, Plaintiff's course requirements changed multiple times in rapid succession, and most of these changes were not documented. As of both April 10, 2020 and April 16, 2020, Plaintiff was under the impression that ECF 98-1 was a true and accurate summary of his academic obligations. There is no evidence that any oversights or misunderstandings were anything more than innocent mistakes. Defendants failed to meet their evidentiary burden of introducing proof of any bad intent. Nor did they meet their burden of showing that the Magistrate abused her discretion in constructing the evidence as reflected in the Report and Recommendation.

Defendants' Objections should be denied.

Dated:  December 23, 2020          **DEBORAH GORDON LAW**
                                   /s/Deborah L. Gordon (P27058)
                                   Elizabeth A. Marzotto Taylor (P82061)
                                   Attorneys for Plaintiff
                                   33 Bloomfield Hills Parkway, Suite 220
                                   Bloomfield Hills, Michigan 48304

16

(248) 258-2500
dgordon@debgordonlaw.com
emt@debgordonlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 23, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
/s/<u>Deborah L. Gordon (P27058)</u>
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@debgordonlaw.com
emt@debgordonlaw.com