UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE, an individual,

    Plaintiff,

vs.

UNIVERSITY OF MICHIGAN (as to Title IX violations), et al.,

    Defendants.

Case No.: 18-cv-11776
Hon.  Arthur J. Tarnow
Mag.  Elizabeth A. Stafford

---

DEBORAH GORDON LAW
Deborah L. Gordon (P27058)
Elizabeth A. Marzotto Taylor (P82061)
Attorneys for Plaintiff

UNIVERSITY OF MICHIGAN
Timothy G. Lynch
Patricia M. Petrowski
Attorneys for Defendants

MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
Brian M. Schwartz (P69018)
Attorney for Defendants

SAUL EWING ARNSTEIN &
LEHR LLP
Joshua W.B. Richards
Amy L. Piccola
Attorneys for Defendants

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
RENEWED MOTION TO COMPEL PRODUCTION OF DOE'S FEE
AGREEMENT WITH COUNSEL AND RELATED BILLING RECORDS**

## TABLE OF CONTENTS

Index of Authorities ................................................................................................................... ii-iii

I.   SUMMARY OF RELEVANT FACTS ........................................................................... 1

II.  ARGUMENT ....................................................................................................................... 1

    A.   Plaintiff's fee agreement is irrelevant to the calculation of a reasonable attorney's fee award ................................................................................................. 3

    B.   Plaintiff's supporting records are contemporaneous and sufficient to assess the reasonableness of the fee award ................................................................... 5

CERTIFICATE OF SERVICE .................................................................................................. 10

## INDEX OF AUTHORITIES

**Cases** **Page**

*Beard v. Hawkins*,
   WL 2590344, at *2 (E.D. Mich. May 22, 2017) ........................................... 3, 7, 8, 9

*Bell v. AU Hosp.*, LLC,
   2019 WL 2178239 (S.D. Ind. May 20, 2009) ......................................................... 7

*Blanchard v. Bergeron*,
   489 U.S. 87 (1989) .......................................................................................... 3, 4, 7

*Blum v. Stenson*,
   465 U.S. 886 (1984) .............................................................................................. 2, 3

*City of Burlington v. Dague*,
   505 U.S. 557 (1992) .................................................................................................. 4

*Farrar v. Hobby*,
   506 U.S. 103 (1992) .................................................................................................. 2

*Ford v. City of Southfield*,
   2017 WL 2572179 (E.D. Mich. June 14, 2017) .................................................. 3, 9

*McKinzy v. Norfolk S. R.R.*,
   2010 WL 4340261 (W.D. Mo. Oct. 25, 2010) ........................................................ 7

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) .............................................................................................. 3, 6

*Imwalle v. Reliance Med. Prod., Inc.*,
   515 F.3d 531 (6th Cir. 2008) ................................................................................... 8

*J & J Sports Prods., Inc. v. Arvizu*,
   2014 WL 2135996 (D. Ariz. May 22, 2014) ........................................................... 7

*Jackson v. Butler*,
   2009 WL 5217675 (E.D. Mich. Dec. 29, 2009) ...................................................... 7

*Lavin v. Husted*,
  764 F.3d 646 (6th Cir. 2014) .................................................................................. 2

*Perdue v. Kenny A. ex rel. Winn*,
  559 U.S. 542 (2010) ............................................................................................ 3, 5

*Reed v. Rhodes*,
  179 F.3d 453 (6th Cir. 1999) .................................................................................. 2

*United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Ass'n,
  Local 307 v. G&M Roofing and Sheet Metal Co., Inc.*,
  732 F.2d 495 (6th Cir. 1984) .................................................................................. 3

*Walker v. U.S. Dep't of Housing and Urban Develp.*,
  99 F.3d 761 (5th Cir. 1996) .................................................................................... 4

**Other Authorities**
42 U.S.C. § 1983, § 1988 .............................................................................................. 2

**Rules**
Fed. R. Civ. P. 54(d)(2)(B)(iv) ..................................................................................... 7

I.     **SUMMARY OF RELEVANT FACTS**

The factual and procedural background of this case is explained in detail in Plaintiff's Renewed Motion for Attorney's Fees and Costs. ECF No. 159. On March 23-24, 2020, Judge Tarnow issued his Opinion and Order and Judgment for Plaintiff as to his 42 U.SC. § 1983 claim. ECF No. 90, 91. On April 7, 2020, Plaintiff filed his motion for attorney's fees and costs. ECF No. 95. On April 13, 2020, Defendants filed a motion seeking to compel Plaintiff to produce his fee arrangement with Deborah Gordon Law and Deborah Gordon Law's billing records. ECF 103. Since that time, and as set forth in Plaintiff's Renewed Motion for Attorney's Fees and Costs (ECF No. 159), significant briefing has taken place both before this Court and the Sixth Circuit, resulting in the Sixth Circuit's December 23, 2020 order granting Plaintiff's Motion to Dismiss Defendant's then-pending appeal as moot and remanding the case for the district court to determine Plaintiff's then-pending motion for attorney fees and to vacate the judgment entered against Defendants. ECF No. 154. Pursuant to the Magistrate's November 27, 2020 Report and Recommendation (ECF No. 151) the parties have renewed their motions for attorney fees and costs and to compel.

Defendants' position as to the production of Plaintiff's fee agreement and his counsel's billing records remains unsupported by law, and their motion should be denied.

II.    **ARGUMENT**

1

In an action to enforce a provision of 42 U.S.C. § 1983, § 1988 of that title permits the court to allow the prevailing party costs, including reasonable attorney fees. *Farrar v. Hobby*, 506 U.S. 103, 109 (1992). "The primary concern in an attorney fee case is that the fee award is reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893 (1984)).

In calculating a reasonable attorney fee, the trial court first determines the fee applicant's lodestar—the proven number of hours reasonably expended on the case by an attorney, multiplied by the court-ascertained reasonable hourly rate. *Lavin v. Husted*, 764 F.3d 646, 649 (6th Cir. 2014). "The trial judge may then, within limits, adjust the 'lodestar' to reflect relevant considerations peculiar to the subject litigation. In performing its post-lodestar analysis, the court may consider the twelve factors listed in *Johnson*[1]." *Id.* (citations omitted).

The Supreme Court has recently discouraged use of the *Johnson* factors except in rare or exceptional circumstances, deeming the lodestar method more objective and reasoning that "the lodestar figure includes most, if not all, of the relevant factors

---

[1] The factors utilized by the court in Johnson are: 1) time and labor required; 2) novelty and difficulty of the questions; 3) skill requisite to perform the legal service properly; 4) preclusion of other employment by the attorney due to the acceptance of the case; 5) customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) amount involved and the results obtained; 9) experience, reputation, and ability of the attorneys; 10) nature and length of the professional relationship with the client, and 12) awards in similar cases. 488 F.2d at 717-19.

2

constituting a reasonable attorney's fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) (citation and internal quotation marks omitted). There is a "strong presumption" that the lodestar figure is reasonable, and there are few circumstances in which it should be deemed inadequate. *Id.* at 554. *Beard v. Hawkins*, 2017 WL 2590344, at *1 (E.D. Mich. May 22, 2017), *report and recommendation adopted sub nom. Beard by & through Ford v. City of Southfield*, 2017 WL 2572179 (E.D. Mich. June 14, 2017).

### A. Plaintiff's fee agreement is irrelevant to the calculation of a reasonable attorney's fee award.

The lodestar approach is the centerpiece of attorney's fee awards. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). The Supreme Court has repeatedly held that the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. Courts may subsequently adjust the lodestar amount by evaluating the factors in *Johnson* where they are appropriate. However, it is well-settled that "no one factor is a substitute for multiplying reasonable billing rates by a reasonable estimation of the number of hours expended on the litigation." *Id.*; *see also Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Blum v. Stenson*, 465 U.S. 886, 888 (1984). The calculation of the lodestar is independent from the subsequent downward or upward adjustments attributable to the *Johnson* factors. The district courts determine a reasonable fee without regard to any contract between plaintiffs and their counsel. *See United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing and Sheet Metal Co., Inc.*, 732 F.2d

3

495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"). The text of Plaintiff's fee arrangement is irrelevant to the initial lodestar amount. *Blanchard*, 489 U.S. at 94.

The lodestar figure enjoys a strong presumption that the amount reflects a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). After determining the lodestar, the Court may then look to the *Johnson* factors to determine whether an adjustment is necessary to the determination of a reasonable fee. *Id.* Defendants claim that a copy of the fee arrangement is necessary because they need to know whether the arrangement is fixed or contingent in order to assess the reasonableness of the award. But Supreme Court decisions since the adoption of the *Johnson* factors call into question the survival of the sixth factor and the relevance, if any, of the nature of the instant fee arrangement. Se*e e.g. Walker v. U.S. Dep't of Housing and Urban Develp.*, 99 F.3d 761, 772 (5th Cir. 1996) ("The Supreme Court has barred any use of the sixth [*Johnson*] factor"); *see also City of Burlington*, 505 U.S. 557, 562 (1992) (holding that the contingent risk allegedly warranting an award enhancement was largely subsumed in other enhancement factors which address the merits of the claim.

The sixth factor, as described by the Fifth Circuit in 1974 was never adopted in full by the Supreme Court. *See Blanchard*, 498 U.S. at 92-93 (explaining that in drafting 1988, Congress used *Johnson* as its guide but rejected the *Johnson* Court's admonishment that a reasonable fee could never exceed the amount contracted for). In *Blanchard*, the

4

Court held that the presence of a pre-existing fee agreement "may be useful in demonstrating the attorney's fee expectations when he accepted the case" but that it does not impose a ceiling on an award of attorney's fees. *Id.* at 93-94. ("Should a fee agreement provide less than a reasonable fee calculated [using the lodestar], the defendant should nevertheless be required to pay the higher amount.").

The lodestar calculation is made without consideration of any applicable fee agreement. Further, the presence of a contingent-fee agreement as opposed to a fixed fee agreement, is an improper basis for a fee enhancement nor is it not considered a ceiling on the fee award. Any remaining relevance of the details of a fee arrangement is subsumed by other factors concerning the merits of the claim. *Id.*; *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) ("we have noted that the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee, and have held that an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation." (citations omitted)). Defendants failed to demonstrate the relevance of the requested fee agreement as a matter of law[2].

### B. Plaintiff's supporting records are contemporaneous and sufficient to assess the reasonableness of the fee award.

In support of his Motion for Attorneys' Fees, Plaintiff submitted verified time records reflecting billing data compiled contemporaneously throughout this litigation.

---

[2] Although Plaintiff maintains the position set forth in this Response as to the relevance of the fee agreement, he agrees to voluntarily produce it to Defendants in order to resolve this dispute.

5

That the contemporaneous data for each attorney and support staff member were, after-the-fact, compiled into one document is irrelevant. To the contrary, the compilation provides ease in the assessment of the reasonableness of the fee award. "A request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437. Defendants provided no evidence that Plaintiff's counsel did not maintain contemporaneous records of the time or nature of their work. As set forth in more detail below, this Court has recently relied on virtually identical records in support of awards of attorney fees.

Defendants have failed to meet their burden to proffer evidence calling the veracity of Plaintiff's supporting records into question. Defendants' contention that these documents are necessary because Plaintiff's requested fees have increased since the original motion was filed is insufficient to warrant production of the records sought. As set forth above and in Plaintiff's Renewed Motion for Costs (ECF No. 159), significant briefing has taken place since the original motion was filed, a great deal of which was before the Sixth Circuit. Additionally, as provided in the Magistrate's Report and Recommendation, the hourly rates requested for Plaintiff's counsel increased in his Renewed Motion. *See* ECF No. 151, PageID.3923-24. Defendants provided this Court no factual or legal basis on which to predicate production of the records sought. Indeed, Defendants seek to compel the production of information that would merely be duplicative of what is already before the Court. Accordingly, production of these documents is not proportional to the needs of the case. Fed. R. Civ. P. 26.

Amounts billed to and/or paid for by Plaintiff do not impose a ceiling on an award of attorney's fees under § 1988. "Congress intended that all defendants in civil rights cases covered by Section 1988 pay a reasonable fee to all prevailing plaintiffs without regard to what the plaintiff must pay his or her counsel. *Id.* at 94." *Beard*, 2017 WL 2590344, at *3 (quoting *Blanchard v. Bergeron*, 489 U.S. 87 (1989)).

Defendants broadly assert that courts often exercise their discretion to compel documentation under Fed. R. Civ. P. 54(d)(2)(B)(iv) where the moving party has not submitted documentation from which the court can determine the reasonableness of the fees and costs requested. The documentation submitted in the supporting (and largely non-controlling) cases Defendants cite to is readily distinguishable from the documentation submitted by Plaintiff. For example, in *Jackson v. Butler*, No. 09-CV-10779, 2009 WL 5217675 (E.D. Mich. Dec. 29, 2009), the Court ordered supplemental briefing on the terms of the contractual agreement to pay fees and costs where the parties' contract served as the sole basis for the motion for attorney's fees. In *Bell v. AU Hosp.*, LLC, 2019 WL 2178239 (S.D. Ind. May 20, 2009), the court ordered production of a fee agreement where Plaintiff's attorney fees inexplicably ballooned from $2,854.25 to $19,333.50 in a matter of months. As set forth above, that is not the case here.

In *J & J Sports Prods., Inc. v. Arvizu*, 2014 WL 2135996 (D. Ariz. May 22, 2014), the court denied the request for attorney's fees where Plaintiff failed to comply with District of Arizona's local rule requiring every moving party to attach any relevant fee agreements (among other motion practice rules). Finally, in *McKinzy v. Norfolk S. R.R.*,

7

2010 WL 4340261, at *6 (W.D. Mo. Oct. 25, 2010), the court noted that counsel did not submit "any" documents from which it could determine reasonable attorney fees and expenses. This is not the case here.

In sharp contrast to the cases Defendants cite in support, Plaintiff submitted a comprehensive brief in support of his motion, as well as detailed exhibits compiling both the attorney fees and costs expended in this case, supported by sworn affidavits. ECF 95-2, 95-3, 95-13, 95-14, 95-17, 95-18. In *Imwalle v. Reliance Med. Prod., Inc.*, the Sixth Circuit explained that

> "[t]he key requirement for an award of attorney fees is that the documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation.... Although counsel need not record in great detail each minute he or she spent on an item, the general subject matter should be identified."

515 F.3d 531, 553 (6th Cir. 2008). As set forth in Plaintiff's Renewed Motion (ECF No. 159), Defendants' arguments that Plaintiff's time entries are vague, duplicative, and constitute block billing fail. *See* ECF No. 159, PageID.4062-66. The records and affidavits Plaintiff provided in support of his motion are of sufficient detail and probative value to enable the Court to determine that the hours attested to were actually and reasonably expended. *See* ECF No. 159-2, 159-13, 159-14, 159-17, 159-18.

In *Beard v. Hawkins*, the Court accepted as sufficient analogous documentation as that which was submitted here. Defendants in that case submitted invoices with the amounts of fees billed redacted—in other words, documents summarizing the number

8

of hours expended by the attorneys. WL 2590344, at *2 (E.D. Mich. May 22, 2017), *report and recommendation adopted sub nom. Beard by & through Ford v. City of Southfield*, 2017 WL 2572179 (E.D. Mich. June 14, 2017). Here, Plaintiff also submitted a document summarizing the hours expended by his attorneys.

Significantly, this Court has recently determined that the type of supporting documentation Plaintiff proffers here is sufficient support for the award of attorney fees under § 1988. On July 21, 2017, the Hon. Denise Page Hood awarded Plaintiff attorney fees under § 1988 in the case of *Varlesi v. Wayne State Univ., et. al.* ECF 95-9. Chief Judge Hood's grant of attorney fees and costs in that case was predicated on virtually identical documentation as that which was proffered in support of Plaintiff's Motion for Attorney Fees in this case. **Ex. A**, Supporting Documentation. Notably, the Court did not find in that case that it could not render a decision as to an award without the parties' fee agreement and copies of billing records. Instead, the Court proceeded to assess the verified documentation plaintiff submitted reflecting a summary of the hours expended throughout the litigation. Indeed, Defendants' counsel also recently submitted documentation similar to that which Plaintiff provides here in support of their request for attorney fees in another § 1983 and Title IX case. Defendants' documentation substantiating their request for fees did not consist of their fee agreement or copies of bills or billing records. Rather, they submitted a spreadsheet summarizing their time, which is virtually identical to Plaintiff's substantiating documentation in this case. *See* ECF No. 159-19. This Court found the documentation

9

was of sufficient probative value. Plaintiff's virtually identical substantiating documentation, is also of sufficient detail and probative value to enable the Court to determine with a high degree of certainty that Plaintiff's hours were actually and reasonably expended.

Dated:  February 2, 2021                    Respectfully submitted,

**DEBORAH GORDON LAW**
/s/ Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emt@debgordonlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com