UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOHN DOE**, *an individual*,

    Plaintiff,

vs.

**UNIVERSITY OF MICHIGAN, et al.,**

    Defendants.

Case No.: 18-cv-11776
Hon. Arthur J. Tarnow
Mag. Elizabeth A. Stafford

---

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth A. Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

**MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.**
Brian M. Schwartz (P69018)
Attorney for Defendants
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

**SAUL EWING ARNSTEIN & LEHR LLP**
Joshua W.B. Richards
Amy L. Piccola
Attorneys for Defendants
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7737
joshua.richards@saul.com
amy.piccola@saul.com

_____

**Plaintiff's Response in Opposition to Defendants' Motion for Leave and in the Alternative Request to Accept Response as a Sur- Sur-Reply**

## TABLE OF CONTENTS

Index of Authorities ................................................................................................... ii

CERTIFICATE OF SERVICE .................................................................................. 6

## INDEX OF AUTHORITIES

**Cases**                                                         **Page**

*Allen v. Hardrock HDD, Inc.*,
  No. 16-13869, 2018 WL 2363924, at *6 (E.D. Mich. May 24, 2018)...............2, 5

*Eldridge v. Cardif Life Ins. Co.*,
  266 F.R.D. 173 (N.D. Ohio 2010 .......................................................................6

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ..........................................................................................1

*Scottsdale Ins. Co. v. Flowers*,
  513 F.3d 546 (6th Cir. 2008)..................................................................... 1, 2, 5

*United States v. Carson,*
  560 F.3d 566 (6th Cir. 2009)..............................................................................2

*Wright v. Holbrook*,
  794 F.2d 1152 (6th Cir. 1986)............................................................................1

**Rules**
Rule 12(b)...............................................................................................................1

Defendants' proposed sur-reply seeks to address Plaintiff's revised spreadsheet, ECF No. 168-4. Defendants rely on *Wright v. Holbrook*, 794 F.2d 1152 (6th Cir. 1986) and *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546 (6th Cir. 2008), but neither case supports their position. In *Wright*, the Court found plaintiff improperly raised for the first time in his reply a new argument that the district court had erred by converting defendant's motion to dismiss to a motion for summary judgement, implicating Rule 12(b)'s notice provisions. *Wright*, 794 F.2d at 1156. In *Scottsdale,* defendant's reply raised for the first time the legal issue of the district court's jurisdiction. *Scottsdale*, 513 F.3d at 533. Here, Defendants point to no new legal argument raised by Plaintiff in his Reply; the law as to the award of attorney fees is straight-forward and has been fully analyzed by both sides in multiple briefs.

All of the hours Plaintiff claims were "reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Defendants do not take issue with the total number of hours requested; nor do they set forth any prejudice they have suffered based on adjustments to the spreadsheet. They merely reiterate their unsupported argument that Plaintiff's time record is "unreliable" and "vague".

Today Plaintiff files a corrected and supplemental exhibit which includes the corrections explained below and adds time expended between January 8, 2021 (date ECF 159 was filed) and today's date. ECF No. 172.

1

Neither the local rules nor the Federal Rules provide Defendants the opportunity to submit a sur-reply. *See Allen v. Hardrock HDD, Inc.*, No. 16-13869, 2018 WL 2363924, at *6 (E.D. Mich. May 24, 2018) (non-moving party ordinarily has no right to respond to the reply brief and so as a matter of litigation fairness and procedure, such issues are considered waived); *see also Scottsdale Ins. Co.*, 513 F.3d at 553 (holding that since the non-moving party ordinarily has no right to respond to the reply brief).

Defendants are correct that a reply brief is not the proper place to raise new arguments or facts. *See United States v. Carson*, 560 F.3d 566, 587 (6th Cir. 2009); *Scottsdale Ins. Co.*, 513 F.3d at 553. Plaintiff's Reply did neither. It merely replied to arguments made in Defendants' response brief. It appears that of the 375 entries on the spread sheet Defendants take issue with five of them:

**First,** Defendants object (ECF No. 171-1, PageID.4838) that Plaintiff included 40 hours for Ms. Marzotto Taylor that were inadvertently omitted from ECF No. 159-2. This error came to light during a review of Defendants' Reply and of the spreadsheet at issue.  The 40 hours were expended on one Court of Appeals brief in Cases 18-1870 and 18-1903. Defendants filed a 76-page appellate brief on November 7, 2018. Case: 18-1870, Document: 23.  Plaintiff filed a 60-page response and cross-appeal on December 27, 2018, Document: 28. No time for this brief from Ms. Marzotto Taylor was included in ECF No. 159-2. Forty hours were then

2

captured through a review of saved drafts and calendar entries. Defendants do not argue that the 40 hours sought are excessive or unreasonable. (Nor could they reasonably do so, given the amount of time expended on their brief, for which the University was billed $98,191.00 over the 30-day period leading up to their filing, amounting to approximately 140 hours at a $700 per hour[1] billing rate.) Defendants set forth no legal basis for this time to be disregarded.

**Second,** Defendants' response brief identified for the first time[2] a specific entry that constitutes "block billing". ECF No. 164, PageID.4279. Plaintiff's counsel's invoice to her client contained an entry consolidating these 18.50 hours; this entry was placed onto Plaintiff's exhibit. Based on Defendants point, in the Reply Plaintiff's counsel broke out the dates and hours. The hours sought, 18.50, did not change. Again, Defendants point to no prejudice and do not argue that this time was not reasonably expended. To the contrary, their concern about the block billing has been addressed.

**Third,** Defendants' response brief (ECF No. 164, PageID.4281) identified a typographical error in Plaintiff's time entries—a numeral for one hour of time was

---

[1] An invoice from Saul Ewing dated November 5, 2018 reflects "current fees" of $98,191.00 (not including a "prior balance" of $7,376.06) for "professional services through October 31, 2018. **Ex. A**.  The court docket reflects no activity apart from the brief from August 30, 2018, through November 7, 2018, other than a briefing letter sent and a request for an extension of time to file the brief.

[2] Defendants' earlier response made conclusory statements that Plaintiff's entries included "block billing" but failed to identify any specific entries.

3

placed in the Deborah Gordon column; Plaintiff's corrected exhibit placed it in the Marzotto Taylor column. This is consistent with Plaintiff's original Reply brief, which earlier explained this same entry had this exact typographical error. ECF No. 119, PageID.3499 ("Plaintiff also notes that Defendants' brief identified a typographical error in ECF 95-2, in the time entry for 9/26/2019; these hours should be assessed at the rate for Ms. Marzotto Taylor, *See* ECF 113, Page ID # 2982.").

**Fourth,** Defendants' proposed Sur- Reply identified for the first time another entry they purport to be "block billing." Again, this entry was transposed onto Plaintiff's exhibit from counsel's invoice, which organized these hours together into one entry. Counsel has now supplemented the entry as to these hours. The time sought has not changed, and there is no prejudice to Defendants.

**Fifth,** Defendants identified time entries where, because of a formatting problem with Excel, Plaintiff's revised spreadsheet represented dates with the months and days, and the years and days transposed. For example, an entry for "10/1/19" became "1/19/2010," and an entry for "4/6/20" became "6/4/20." This was an inadvertent error by support staff. Defendants acknowledge that numerals were "transposed" and that these were not new entries. ECF No. 171-1, PageID.4839-4840. The correct dates were contained in ECF No. 159-2, and appear again in Plaintiff's supplemental exhibit, ECF No. 172. Apparently, the automatic transposition of numerals in dates is a common formatting problem with Excel. *See*

4

**Ex. B**, Troubleshooting Excel (a simple Google search reveals a plethora of forums identifying and troubleshooting this problem). Again, this has not prejudiced Defendants.

Despite the **12 briefs** already filed regarding Plaintiff's request for fees, Defendants have not identified any legal authority holding that the circumstances described above rise to the level of a legal bar to obtaining attorney fees or a license for them to conduct a fishing expedition.

Finally, Defendants' Motion and Sur-Reply is also improper because it responds to Plaintiff's arguments in the reply as to administrative tasks. Defendants should have brought forth the complete scope of their arguments with regard to this issue in their response brief. It is well settled that under the local and federal rules, the non-moving party has no right to respond to a reply brief. *Allen*, 2018 WL 2363924, at *6 (non-moving party ordinarily has no right to respond to the reply brief); *see also Scottsdale Ins. Co.*, 513 F.3d at 553 (non-moving party ordinarily has no right to respond to the reply brief). Defendants make no attempt to explain why they should be permitted another chance to reframe their arguments as to "administrative tasks". They do not state that this argument responds to any "new information" allegedly set forth in Plaintiff's Reply. Moreover, the entries identified in Defendants' sur-Reply reflect identical tasks as those Plaintiff earlier stipulated to withdraw. There is no reason for further exposition on this issue when Plaintiff

has already stipulated to withdraw his request for fees associated with identical tasks. *Eldridge v. Cardif Life Ins. Co.*, 266 F.R.D. 173, 175 (N.D. Ohio 2010) (sur-reply limited to only addressing new arguments raised in reply).

Defendants' Request for a Sur-Reply should be denied. In the alternative, Plaintiff respectfully requests that the Court allow this pleading to serve as Plaintiff's Sur- Sur-Reply.

Dated:  February 18, 2021   Respectfully submitted,

**DEBORAH GORDON LAW**
/s/ Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com