UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE,

      Plaintiff,

      v.

UNIVERSITY OF MICHIGAN, ET AL.,

      Defendants.
_____/

Case No. 18-11776

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER ADOPTING REPORT AND RECOMMENDATION [150]; SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION [153]; DENYING DEFENDANTS' MOTION FOR SANCTIONS [123]**

On June 4, 2018, Plaintiff John Doe commenced this 42 U.S.C. § 1983 action claiming, *inter alia*, that Defendant University of Michigan's Policy and Procedures on Student Sexual and Gender-Based Misconduct and Other Forms of Interpersonal Violence deprived students of due process in violation of the Fourteenth Amendment.

Before the Court is Defendants' Motion for Sanctions [123] filed on May 1, 2020. Plaintiff filed a Response [129] on May 15, 2020. Defendant filed a Reply [146] on May 29, 2020. On November 25, 2020, the Magistrate Judge issued a Report and Recommendation ("R&R") [150] recommending that the Court deny Defendants' Motion for Sanctions [123]. Defendants filed Objections [153] to the

R&R on December 9, 2020. Plaintiff filed a Response [156] to Defendant Objections [153] on December 23, 2020. Defendant filed a Reply [157] on December 29, 2020.

For the reasons stated below, the R&R [150] is **ADOPTED**; Defendants' Objections [153] are **SUSTAINED in part and OVERRULED in part**; and Defendants' Motion for Sanctions [123] is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court adopts the facts of this case as set forth in the R&R:

> Plaintiff John Doe sued the University of Michigan, its Board of Regents and eight of its employees, alleging that they violated his due process rights. [ECF No. 47]. Doe claimed that a fellow student filed a false sexual misconduct complaint against him with the Office of Institutional Equity (OIE) at the University. [ECF No. 47, PageID.1332]. He alleged that, in response to the complaint, "the OIE commenced an investigation to determine if [Doe] had violated the Sexual Misconduct Policy, dated February 7, 2018." [ECF No. 47, PageID.1332]. Doe asserted that the University's 2018 policy intentionally deprived him of due process, including a live hearing and cross-examination. [ECF No. 47, PageID.1333-1340]. The Honorable Arthur J. Tarnow agreed with Doe and, in March 2020, ordered the University to provide Doe the right to live disciplinary proceedings and an opportunity to cross examine witnesses and his accuser. [ECF No. 90].
>
> After this order, the University scheduled a student conduct hearing for April 22, 2020. [ECF No. 97-1]. Doe moved for an injunction to postpone the student conduct hearing until after April 30, 2020, the end of the Winter 2020 academic term. [ECF No. 97]. Doe described having significant academic obligations between April 13 and April 30. [ECF No. 97, PageID.2765-2770]. Later, the University learned that Doe's accuser no longer wished to participate in the student conduct hearing or proceed with the investigation. [ECF No. 123, PageID.3613]. The University thus

cancelled the hearing and permanently closed the investigation, and Judge Tarnow ruled Doe's motion moot. [ECF No. 108].

The University now moves for sanctions against Doe, arguing that his motion for injunctive relief misrepresented his academic obligations and that those misrepresentations amounted to bad faith sanctionable under the Court's inherent authority. [ECF No. 123]. Judge Tarnow referred the motion to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A) [ECF No. 149], but because the motion was filed post-judgment, this Court must prepare a report and recommendation under § 636(b)(3). *Fharmacy Records v. Nassar*, 465 F. App'x 448, 455 (6th Cir. 2012). The Court finds that the University's motion for sanctions to lack merit.

### STANDARD OF REVIEW

When a magistrate judge issues a non-dispositive order, the district court reviews the order under the "clearly erroneous or contrary to law" standard. *See* FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). This Court reviews the denial of sanctions under an "abuse of discretion" standard. *See Van Emon v. State Farm Mut. Auto. Ins., Co.,* 05-72638, 2008 WL 205243, at *1 (E.D. Mich. Jan. 24, 2008); *Haworth, Inc. v. Herman Miller, Inc.,* 162 F.R.D. 289, 291 (W.D. Mich.1995) ("Where the relevant legal standard under the Federal Rules of Civil Procedure requires the decision-maker to `do justice' or balance the interests at stake, the magistrate judge's decision will be reversed only on a showing of an abuse of discretion."). A judge abuses her discretion if she bases her ruling on "an erroneous view of the law or a clearly erroneously assessment of the evidence." *See Rentz v.*

*Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395 (6th Cir. 2009) (citing *Ridder v. City of Springfield,* 109 F.3d 288, 293 (6th Cir. 1997)).

The Court may "assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citing *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 258-59 (1975)). The Court is not required to "determine whether the conduct could be sanctioned under the rules or relevant statutes before considering sanctions under its inherent authority." *First Bank of Marietta v. Hartford Underwriters Ins. Co.,* 307 F.3d 501, 512 (6th Cir. 2002). A sanctionable offense would include when "a court finds that fraud has been practiced upon it, or that the very temple of justice has been defiled." *Chambers,* 501 U.S. at 46 (internal quotation marks and citation omitted). Additionally, this inherent power "must be exercised with restraint and discretion." *Id.* at 44.

## ANALYSIS

**Objection 1:** "The Report and Recommendation erred by applying an incorrect legal standard that improperly limits the Court's authority to sanction bad faith conduct." (ECF No. 153, PageID.3937).

Despite noting that the test did not "exactly fit[] these circumstances[,]" the Report and Recommendation applied a legal standard for the filing of frivolous lawsuits in bad faith. (ECF No. 150, PageID.3913). Defendants object to the use of

this standard and claim that the Court should instead apply the standard articulated in *Chambers v. NASCO, Inc.*, which empowers the Court to use its inherent authority to "assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " 501 U.S. 32, 45-46 (1991) (citing *Alyeska Pipeline Service Co,* 421 U.S. at 258-59).

As outlined above, the Court agrees with Defendants, because no other procedural rule for sanctions applies here. *See id.* at 50 ("if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power."). However, as explained below, even under the *Chambers* standard, Defendants' motion fails.

**Objection 2:** "The Report and Recommendation erred by finding that Doe did not act in bad faith when the record overwhelmingly demonstrates that Doe misrepresented his academic requirements to the Court so that he could avoid a student conduct hearing." (ECF No. 153, PageID.3939).

The Magistrate Judge did not abuse her discretion in finding that Plaintiff had not misrepresented his academic obligations to the Court in bad faith. In his Motion for Injunctive relief [97], filed on April 10, 2020, Plaintiff claimed to have a series of assignments, papers, and exams in two courses that would conflict with the misconduct hearing then scheduled for April 22, 2020. Plaintiff now asserts that

some of those allegations were inadvertently incorrect (i.e. mistakenly confusing his term paper due dates for his research paper due dates) while others were changed, or confirmed to be changed, after his motion was filed. The Court finds that the Magistrate Judge's assessment of these misrepresentations as innocuous is supported by the record.

      First, several of Plaintiff's assignments were changed or cancelled in rapid succession due to the COVID-19 pandemic, which forced all classes to transition to an online platform. On March 16, 2020, Plaintiff's professor for his "Class 1" told the class that their remaining in-class exercises would now be take-home exercises. (ECF No. 139, PageID.3834). Accordingly, Plaintiff represented to this Court on April 10, 2020 that he had homework assignments due on April 13 and 20, 2020. (ECF No. 99). However, Plaintiff's professor states that the last homework assignment was due on April 2, 2020. (ECF No. 148, PageID.3906). The professor goes on to say that on April 6, 2020, he told the students that in light of the pandemic, these exercises would instead be part of the final paper due on April 20, 2020. (*Id.* at 3907). However, these instructions were once again clarified on April 13, 2020 in response to students' questions. (*Id.*). In light of this evidence, it is not an abuse of discretion for the Magistrate Judge to conclude that "[t]he students' need for clarification shows that the Court cannot assume that Doe's interpretation of the modification of the exercises was a fabrication." (ECF No. 150, PageID.3916).

Second, Plaintiff claims that he had a final term presentation scheduled on April 20, 2020, but during class on March 11, 2020, the professor delayed the presentation to April 30, 2020. (ECF No. 139, PageID.3835). Accordingly, Plaintiff told the Court that he had a final presentation scheduled for April 30, 2020. (ECF No. 99). Plaintiff now claims that the presentation was later cancelled during class on April 13, 2020. (ECF No. 139, PageID.3835). Plaintiff's professor, however, disputes this claim. He states that he "did not announce during the March 11, 2020 lecture that the term presentation was delayed to April 30, 2020, nor did [he] cancel the term presentation during the April 13, 2020 lecture, because [he] canceled the term presentation on March 13, 2020.". (ECF No. 148, PageID.3907). However, the professor also states that he may have reiterated the cancellation during class on April 13, 2020. This sufficiently substantiates the Magistrate Judge's claim that "any conflict between the parties' positions on the cancellation of the final presentation could be reconciled by the possibility that Doe mistook the reiteration as the cancellation." (ECF No. 150, PageID.3916).

In regard to Plaintiff's Class 2 assignments, he claimed that he had a homework assignment due on April 14, 2020. (ECF No. 99). Defendants dispute this using a declaration from an Associate Dean who claims to be familiar with the requirement of Plaintiff's courses. (ECF No. 125). Despite this, Plaintiff has shown the Court email evidence of the submission of this assignment two days ahead of the

April 14th deadline. (ECF No. 136). Plaintiff also claimed that he had another homework assignment due in this course on April 21, 2020. (ECF No. 99). Defendants again dispute this using the same declaration. (ECF No. 125). However, Plaintiff claims that on April 14, 2020, his professor told the class that this assignment would not be graded, but that students should still complete the assignment in preparation for the final exam. (ECF No. 139, PageID.3836). Plaintiff has accordingly submitted evidence of this completed assignment. (ECF No. 137). Defendants, in response, have not shown any persuasive evidence to the contrary.

Finally, Plaintiff told the Court that his exam for Class 2 was scheduled for April 23, 2020, in accordance with the Registrar's scheduling guidance. *See* (ECF No. 138); (ECF No. 99). Plaintiff then explains that on April 17, 2020, his professor stated in class that the exam was scheduled for April 24, 2020, which he later confirmed in an email to the class. (*Id.*). The email was also submitted to the Court. (*Id.*). Plaintiff has shown sufficient proof that any representations that may seem "false" in hindsight, were merely a reflection of what he knew at the time in the midst of changing circumstances. Defendants' assertions to the contrary are unconvincing.

However, to Defendants' credit, the Magistrate Judge neglected to analyze one allegation that cannot be as easily excused. Plaintiff represented to this Court that he had a final exam for Class 1 scheduled on April 27, 2020. (ECF No. 99). The

course's professor states that he never scheduled a final exam for the course. (ECF No. 148, PageID.3906). Plaintiff explains this away by stating that the University Register schedules final exams for the date and time slot during which the class typically meets, which for this course would have been April 23, 2020. (ECF No. 133). Plaintiff further explains that the professor first verbally announced on March 11, 2020 that the final exam would be delayed till April 27, 2020, due to the pandemic's disruptions. (ECF No. 139, PageID.3835). Plaintiff claims that then on April 13, 2020, his professor cancelled the exam altogether "due to technical issues with conducting it remotely." (*Id.*).

      These explanations would be satisfactory but for the professor's protestations that he "did not announce during the March 11, 2020 lecture that a final exam would be held on April 27, 2020, nor did [he] cancel a final exam for this course during the April 13, 2020 lecture, because [he] never scheduled a final exam for this course." (ECF No. 148, PageID.3907). Given an opportunity to respond in his response brief to Defendants' objections, Plaintiff makes no mention of this unmistakable inconsistency between his affidavit and his professor's. However, in light of the several other mistakes and confusion surrounding assignments that were quickly delayed, cancelled, or changed in form due to the pandemic, Defendants have not presented sufficient evidence to show that Plaintiff made intentional misrepresentations to this Court in bad faith. Objection 2 is overruled.

## CONCLUSION

For the reasons stated above, the R&R [150] is **ADOPTED**; Defendants' Objections [153] are **SUSTAINED in part and OVERRULED in part**; and Defendants' Motion for Sanctions [123] is **DENIED**.

Accordingly,

**IT IS ORDERED** that the R&R [150] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Objections [153] are **SUSTAINED in part and OVERRULED in part**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions [123] is **DENIED**.

**SO ORDERED**.

Dated: March 31, 2021

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge