# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| **JOHN DOE,** | : |
| | :   Case No. 18-cv-11776 |
| Plaintiff, | : |
| | :   Hon. Arthur J. Tarnow |
| **v.** | :   Mag. Elizabeth A. Stafford |
| | : |
| **UNIVERSITY OF MICHIGAN,** *et al.*, | :   **DEFENDANTS'** |
| | :   **OBJECTIONS TO [ECF** |
| Defendants. | :   **NO. 178] REPORT AND** |
| | :   **RECOMMENDATION ON** |
| | :   **POST-JUDGMENT** |
| | :   **MOTIONS [ECF NOS. 159,** |
| | :   **162, 167, 169, 171]** |
| | : |

---

DEBORAH GORDON LAW
Deborah L. Gordon
Elizabeth A. Marzotto Taylor
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

*Attorneys for Plaintiff*

SAUL EWING ARNSTEIN &
LEHR LLP
Joshua W. B. Richards
Amy L. Piccola
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7737
joshua.richards@saul.com
amy.piccola@saul.com


MILLER, CANFIELD, PADDOCK
AND STONE, P.L.C.
Brian M. Schwartz
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
schwartzb@millercanfield.com

*Attorneys for Defendants*

# **TABLE OF CONTENTS**

STATEMENT OF THE ISSUES PRESENTED ......................................................vi

CONTROLLING OR MOST APPROPRIATE AUTHORITY............................viii

INTRODUCTION .................................................................................................1

SUMMARY OF RELEVANT FACTS AND STATUS OF THE CASE ................4

    1. Relevant Background on Doe's Requested Relief ......................................4

    2. Relevant Background on Instant Motions ...................................................6

LEGAL STANDARDS .........................................................................................7

ARGUMENT.........................................................................................................8

    1.  Objection #1: The denial of Defendants' Renewed Motion to Compel
was clearly erroneous because without the records sought in the Renewed
Motion, neither Defendants nor the Court can ascertain the reasonableness
of Doe's requested fees. ....................................................................................8

    2.  Objection #2: The R&R erred by finding that this Court has, or ever
had, subject matter jurisdiction because Doe has never demonstrated
Article III standing or that this case was ripe for review................................11

    3.  Objection #3: The R&R erred in concluding that Doe was a
prevailing party in the absence of court-ordered relief...................................14

    4.  Objection #4: The R&R erred in granting Doe's Renewed Fee
Motion because it is undisputed that the requested fees are not supported
by contemporaneous records. ..........................................................................15

    5.  Objection #5: The R&R erred in concluding that the lodestar was
reasonable because it relied on rates from inapplicable areas of law
practice and improperly ignored both the increase of rates by Doe's
counsel and the agreed-upon rate that counsel charged Doe..........................17

6.  Objection #6: The R&R erred in reducing only 15% of the claimed time in light of Doe's limited success and his unreliable support for his petition. .................................................................................................19

7. Objection #7: The R&R erred in concluding that Doe's unsubstantiated costs are recoverable. .........................................................23

CONCLUSION .........................................................................................25

## TABLE OF AUTHORITIES

*Airline Prof'ls Ass'n of Int'l Bhd. of Teamsters v. Airborne, Inc.*,
    332 F.3d 983 (6th Cir. 2003) …………….…………………...……… 11

*Beard v. Hawkins*, No. 14-13465,
    2017 WL 2590344 (E.D. Mich. 2017) ..…………………...………17-18

*Blum v. Stenson*,
    465 U.S. 886 (1984) …………….……………….…………….…….19

*Brown v. Wesley's Quaker Maid, Inc.*,
    771 F.2d 952 (6th Cir. 1985) …………….…………….……....…….7

*Communities for Equity v. Michigan High Sch. Athletic Ass'n*,
    No. 1:98-CV-479, 2008 WL 906031 (W.D. Mich. 2008)…………....…16

*Doe v. Baum*,
    903 F.3d 575 (6th Cir. 2018) …………….………...……………..5

*Ford Motor Co. v. United States*, No. 08-12960,
    2009 WL 2922875 (E.D. Mich. 2009) …………………….……....…7

*Geier v. Sundquist*,
    372 F.3d 784 (6th Cir. 2004) …………….…………...……………17

*Gonter v. Hunt Valve Co.*,
    510 F.3d 610 (6th Cir. 2007) …………….……….…..……..15, 18

*Gonzalez v. City of Maywood*,
    729 F.3d 1196 (9th Cir. 2013) …………….…………….20, 21, 22

*Grendell v. Ohio Supreme Court*,
    252 F.3d 828 (6th Cir. 2001) …………….…………...……………14

*Hagaman v. Comm'r of Internal Revenue*,
    958 F.2d 684 (6th Cir. 1992) …………….………………...…..………7

*Harper v. BP Epl. & Oil, Inc.*,
    3 F. App'x 204 (6th Cir. 2001) …………….…………...……….…20

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) …………………..……………..…….…....……18, 19

*Howard v. Secretary of HHS*,
    932 F.2d 505 (6th Cir. 1991) ………………..………….…...…………11

*Huguley v. Gen. Motors Corp.*, No. CIV. A. 83-2864,
    1991 WL 88413 (E.D. Mich. May 26, 1991)…....................................9, 16

*In re Hudson & M. R. Co.*,
    339 F.2d 114 (2d Cir. 1964) ………………..……………….....……….16

*Knop v. Johnson*,
    712 F. Supp. 571, 576 (W.D. Mich. 1989) …………..….….…9, 10, 15-16

*Kotyk v. Ford Motor Co.*, No. 09-14604,
    2011 WL 6780643 (E.D. Mich. 2011)………………..…………………8

*L&W Supply Corp. v. Acuity*,
    475 F.3d 737 (6th Cir. 2007) ………………..……………...……………23

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ………………..…………………………………….11

*Lynch v. Leis*,
    382 F.3d 642 (6th Cir. 2004) ………………..……………...……………12

*Martini v. Republic Steel Corp.*,
    532 F.2d 1079 (6th Cir. 1976) ………………..………….….…..……...…14

*Michigan Bldg. v. Snyder*,
    No. 11-13520, 2012 WL 1893516 (E.D. Mich. 2012) ……………..…...18

*Northcross v. Bd. of Ed. of Memphis City Sch.*,
    611 F.2d 624 (6th Cir. 1979) ………………………...…………………23, 24

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) ………………..……………..……………..….…11

*Prandini v. Nat'l Tea Co.*,
    585 F.2d 47 (3d Cir. 1978) ……………..……………..……….....20-21

*Schaffer v. Prudential Ins. Co. of Am.*,
    301 F. Supp. 2d 383 (E.D. Pa. 2003) ……………..……….…….....12

*Segovia v. Montgomery Cty. Tenn.*,
    593 F. App'x 488 (6th Cir. 2014) ……………..……….…...…....17

*Tallman v. CPS Sec. (USA), Inc.*,
    23 F. Supp. 3d 1249 (D. Nev. 2014) ……………..…………………20

*Thomas v. Arn*,
    474 U.S. 140 (1985) ……………..…..….……..………………..…11

*Waldo v. Consumers Energy Co.*,
    726 F.3d 802 (6th Cir. 2013) ……………..………….…..…………19

*Warshak v. United States*,
    532 F.3d 521 (6th Cir. 2008) ……………..……….…………...11-12

*Webb v. Bd. of Educ. of Dyer Cty., Tenn.*,
    471 U.S. 234 (1985) …..………..……………..………………...…8

*Williams v. Governor of Pa.*,
    552 F. App'x 158 (3d Cir. 2014)……………..……….…..……13

*United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n,
    Local 307 v. G & M Roofing & Sheet Metal Co.*,
    732 F.2d 495 (6th Cir. 1984) ……………..…………….……...…1, 16

*United States v. Walters*,
    638 F.2d 947 (6th Cir. 1981) ……………..……………….……...…11

## STATEMENT OF THE ISSUES PRESENTED

1.  Should the Court reject the Magistrate Judge's recommendation to deny Defendants' Renewed Motion to Compel? (*See* ECF No. 178, PageID.4912-13.)

**Defendants assert that the answer is "Yes."**

2.  Should the Court reject the Report and Recommendation's determination that subject matter jurisdiction exists? (*See id.* PageID.4919.)

**Defendants assert that the answer is "Yes."**

3.  Should the Court reject the Report and Recommendation's conclusion that Doe was a prevailing party where Doe obtained only modest relief and the overwhelming majority of his claimed fees were incurred after he was voluntarily offered that same relief? (*See id*. PageID.4923.)

**Defendants assert that the answer is "Yes."**

4.  Should the Court reject the Report and Recommendation's award of fees because it is undisputed that Doe's requested fees are not supported by contemporaneous evidence? (*See id*. PageID.4932, 4935.)

**Defendants assert that the answer is "Yes."**

5.  Should the Court reject the Report and Recommendation's finding that the lodestar is reasonable because the Report and Recommendation failed to give proper weight to the amount counsel actually billed Doe and that counsel

unjustifiably increased her rate, and where the Report and Recommendation improperly relied on market rates from inapplicable areas of the law? (*See id*. PageID.4926-28.)

> **Defendants assert that the answer is "Yes."**

6. Should the Court reject the Report and Recommendation because it erred in reducing only 15% of Doe's requested fees, despite acknowledging that some entries are "too vague"? (*See id*. PageID.4930, 4935.)

> **Defendants assert that the answer is "Yes."**

7. Should the Court reject the Report and Recommendation's finding that Doe's unsubstantiated costs are recoverable? (*See id*. PageID.4935-37.)

> **Defendants assert that the answer is "Yes."**

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Airline Prof'ls Ass'n of Int'l Bhd. of Teamsters v. Airborne, Inc.*, 332 F.3d 983 (6th Cir. 2003)

*Blum v. Stenson*, 465 U.S. 886 (1984)

*Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952 (6th Cir. 1985)

*Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018)

*Geier v. Sundquist*, 372 F.3d 784 (6th Cir. 2004)

*Gonter v. Hunt Valve Co.*, 510 F.3d 610 (6th Cir. 2007)

*Grendell v. Ohio Supreme Court*, 252 F.3d 828 (6th Cir. 2001)

*Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684 (6th Cir. 1992)

*Harper v. BP Epl. & Oil, Inc.*, 3 F. App'x 204 (6th Cir. 2001)

*Hensley v. Eckerhart*, 461 U.S. 424 (1983)

*Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992)

*Lynch v. Leis*, 382 F.3d 642 (6th Cir. 2004)

*Martini v. Republic Steel Corp.*, 532 F.2d 1079 (6th Cir. 1976)

*Northcross v. Bd. of Ed. of Memphis City Sch.*, 611 F.2d 624 (6th Cir. 1979)

*O'Shea v. Littleton*, 414 U.S. 488 (1974)

*Segovia v. Montgomery Cty. Tenn.*, 593 F. App'x 488 (6th Cir. 2014)

*Thomas v. Arn*, 474 U.S. 140 (1985)

*Waldo v. Consumers Energy Co.*, 726 F.3d 802 (6th Cir. 2013)

*Warshak v. United States*, 532 F.3d 521 (6th Cir. 2008)

*Webb v. Bd. of Educ. of Dyer Cty., Tenn.*, 471 U.S. 234 (1985)

*United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495 (6th Cir. 1984)

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)

## **INTRODUCTION**

On January 8, 2021, Doe filed a Renewed Motion for Attorneys' Fees and Costs (the "Renewed Fee Motion") but failed to submit contemporaneous billing records. Instead, Doe submitted an after-the-fact, eleven-page spreadsheet (ECF No. 159-2, PageID.4077-87) that Doe's counsel conceded was compiled based on a retrospective "review of [counsel's] files, including drafts, notes, pleadings, emails, and other documents." (*See* ECF No. 159-13, PageID.4146; ECF No. 159-17, PageID.4173; ECF No. 159-18, PageID.4177.) Because non-contemporaneous records are presumptively suspect in this Circuit, *see United Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984), Defendants filed a Renewed Motion to Compel Doe's Fee Agreement with Counsel and Related Billing Records (the "Renewed Motion to Compel") detailing numerous deficiencies and inaccuracies in his billing records. (*See* ECF No. 162).

Doe responded by attaching a brand new, "revised" after-the-fact twelve-page spreadsheet (still based on counsel's retrospective review) to his reply in support of the Renewed Fee Motion. (ECF No. 168-4, PageID.4755-66.) This revised spreadsheet compounded the defects in Doe's motion because, among other things, it simply added new unsupported, retrospective estimates of time spent. (ECF No. 171, PageID.4839-41.)

On November 19, 2021, Magistrate Judge Stafford issued the Report and Recommendation (the "R&R") recommending that: (1) Defendants' Renewed Motion to Compel be denied; and (2) Doe's Renewed Fee Motion be granted in part and that Doe be awarded attorneys' fees at a 15% reduced rate totaling $410,853.91 and costs at the full rate requested totaling $8,883.66. (ECF No. 178.)

Defendants object to the R&R because, respectfully, it erred in several respects. *First*, the R&R erred in concluding that subject matter jurisdiction exists. At no point in this action has Doe demonstrated that he had Article III standing or that this case was ripe for judicial review. As a result, Doe's Renewed Fee Motion should be denied outright.

*Second*, the R&R erred in recommending that Defendants' Renewed Motion to Compel be denied. In essence, the R&R determined that, despite reliable evidence about counsel's time spent reflected in the bills sent to Doe, the Court would instead credit unreliable records assembled retrospectively. While the Court should deny Doe's fee request outright, if the Court were inclined to award fees, then the proper course would have been to defer a decision on the amount of fees until after Doe produces his counsel's contemporaneous billing records rather than rely on the retrospective estimates Doe submitted (which the Magistrate Judge concluded were impermissibly vague in several respects). Without Doe's

2

contemporaneous billing records, neither Defendants nor the Court can ascertain the reasonableness of Doe's requested fees.

*Third*, the R&R erred in concluding that Doe is a prevailing party because the relief that the R&R finds were substantive victories for Doe (release of his clean transcript and a live hearing with cross examination) were voluntarily provided by the University, not court ordered, a fact which is undisputed in the record and goes unaddressed by the R&R.

*Fourth*, the R&R erred in concluding that Doe is entitled to any attorneys' fees because it is undisputed that Doe has not submitted contemporaneous billing records despite having such records.

*Fifth*, the R&R erred in concluding that the lodestar amount submitted by Doe is reasonable because it (a) relied on rates from inapplicable areas of law practice, and (b) ignored both the improper increase of rates by Doe's counsel and the agreed-upon rate that counsel charged Doe.

*Sixth*, the R&R erred in applying only a 15% reduction and in failing to articulate why such a modest reduction was appropriate here in light of Doe's limited success and the unreliability of Doe's records.

*Finally*, the R&R erred in recommending that Doe receive all of his requested costs. As with the time spent in this matter, Doe has submitted no contemporaneous substantiation of his costs, relying instead on an after-the-fact

3

reconstruction of printing costs that are objectively astonishing in scope. In light of the documentation Doe submitted, this Court has every reason to second guess Doe's costs.

Accordingly, Defendants respectfully request that the Court sustain their objections and reject the R&R.

### SUMMARY OF RELEVANT FACTS AND STATUS OF THE CASE

Defendants incorporate the Summary of Relevant Facts set forth in their Renewed Motion to Compel Production of Doe's Fee Agreement with Counsel and Related Billing Records (ECF No. 162, PageID.4197-200) and their Opposition to Doe's Renewed Motion for Attorneys' Fees and Costs (ECF No. 164, PageID.4247-51) as if fully set forth herein. In addition to those facts, Defendants summarize the facts relevant to their Objections as follows:

### 1.    Relevant Background on Doe's Requested Relief

On June 11, 2018, just after Doe moved for a temporary restraining order and preliminary injunction, the Court held a telephone conference as to Doe's motion. During that call, the Court and parties discussed the University's issuance of a clean, unmarked transcript for Doe to use in his graduate school applications. (ECF No. 19, PageID.269.) During the telephone conference, the Court instructed the parties to alert it on or before the 12th in the event they could not resolve the transcript issue between them. Although the University first offered to release the

transcript with a modest notation (ECF No. 164, PageID.4293), it later agreed, on June 12, 2018, to release a clean copy of the transcript.[1] There is no dispute that the University released a clean copy of Doe's transcript, without notation, *prior to* this Court's June 14, 2018 order.

After Doe filed this lawsuit, the Sixth Circuit decided *Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018), holding that a public university must provide a live hearing with cross-examination in sexual misconduct matters. In response, the University revised its procedures and promptly (and repeatedly) committed to follow its policy and provide Doe with a live hearing with cross-examination. (ECF No. 113-1, PageID.2998 ¶5 ("Cross-Appellant [Doe] will be provided the opportunity to cross examine the claimant and all witnesses at a live hearing after the investigation resumes."); ECF No. 49, PageID.1590-91; ECF No. 60, PageID.1888; ECF No. 82, PageID.2435-2436; ECF No. 85.) Despite this commitment, Doe continued to litigate and run up fees, the majority of which were incurred *after* the University committed to provide Doe with the relief that he sought.

---

[1] *See* June 12, 2018 email correspondence attached as Exhibit A to the Exhibit Declaration of Joshua W.B. Richards, Esq. ("the Richards Declaration"), filed concurrently with this brief.

## 2. Relevant Background on Instant Motions

On April 7, 2020, Doe filed his first Motion for Attorneys' Fees and Costs, requesting $266,140.87 in attorneys' fees and $7,323.88 in costs. (ECF No. 95, PageID, 2624.) On April 7, 2020, Doe filed a Motion to Dismiss Defendants' then-pending appeal to the Sixth Circuit (Case No. 20-1293, Dkt. No. 14), and, on April 12, 2020, Defendants filed a Motion to Stay Doe's fee motion (ECF No. 102). Defendants also filed a Motion to Compel production of Doe's fee agreement with counsel and related billing records. (ECF No. 103.)

Magistrate Judge Stafford recommended, *inter alia*: (1) granting Defendants' Motion to Stay Doe's then-pending fee motion pending resolution of appeal; (2) denying Doe's Motion for Attorneys' Fees and Costs without prejudice; and (3) denying Defendants' Motion to Compel production of Doe's fee agreement and related billing records without prejudice. (ECF No. 151, PageID.3924.) On December 23, 2020, the Sixth Circuit granted Doe's Motion to Dismiss Defendants' appeal and remanded the case to the District Court. (ECF No. 154.)

On January 8, 2021, Doe filed his Renewed Motion for Attorneys' Fees and Costs (the "Renewed Fee Motion") but still failed to attach or otherwise produce his fee agreement with his counsel or his counsel's contemporaneous billing records. (ECF No. 159.) Defendants then filed their Renewed Motion to Compel Doe's Fee Agreement with Counsel and Related Billing Records (the "Renewed

Motion to Compel"). (ECF No. 162.)[2] Doe's Renewed Fee Motion and
Defendants' Renewed Motion to Compel were referred to Magistrate Judge
Stafford on March 31, 2021. (ECF No. 177.)

## LEGAL STANDARDS

A report and recommendation on a motion to compel is reviewed by the
district court under the "clearly erroneous" or "contrary to law" standard. *See In re
Ctr. for Mil. Readiness*, No. MC 18-51013, 2019 WL 4733602, at *2 (E.D. Mich.
Sept. 28, 2019) (citing *Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954
(6th Cir. 1985)); *see also Ford Motor Co. v. United States*, No. 08-12960, 2009
WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009).[3] A ruling "is 'clearly erroneous'
when, although there is evidence to support it, the reviewing court . . . is left with
the definite and firm conviction that a mistake has been committed." *Hagaman v.
Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quotation
omitted). A ruling is "contrary to law 'when it fails to apply or misapplies relevant
statutes, case law, or rules of procedure.'" *Ford*, 2009 WL 2922875, at *1.

---

[2] Thereafter, on February 8, 2021, Doe produced his fee agreement with counsel
(ECF No. 170, PageID.4786 n.1), so the only remaining issue is Doe's related
billing records.

[3] Unpublished cases are attached as Exhibit B to the Richards Declaration.

A report and recommendation on a motion for attorneys' fees is subject to *de novo* review. *See Kotyk v. Ford Motor Co.*, No. 09-14604, 2011 WL 6780643, at *1 (E.D. Mich. Dec. 27, 2011) (Tarnow, J.).

## ARGUMENT

1.  **Objection #1**: **The denial of Defendants' Renewed Motion to Compel was clearly erroneous because without the records sought in the Renewed Motion, neither Defendants nor the Court can ascertain the reasonableness of Doe's requested fees.**

Contemporaneous billing records—like those Defendants sought in the Renewed Motion to Compel—are a crucial factor in a court's determination of whether the requested fees are reasonable. *See, e.g.*, *Webb v. Bd. of Educ. of Dyer Cty., Tenn.*, 471 U.S. 234, 238 n.6 (1985) ("The time schedule submitted by the petitioner was a reconstruction of the hours his counsel spent on the matter . . . Contemporaneously recorded time sheets are the preferred practice." (citing *Hensley v. Eckerhart*, 461 U.S. 424, 441 (1983)). Without Doe's billing records, neither Defendants nor the Court can ascertain whether Doe's request for $472,907.27 in attorneys' fees (or a 15% reduction of that total) is an accurate reflection of time spent by counsel or a reasonable sum. If the Court were to award some amount of fees to Doe rather than deny his fee request outright, then the proper course would have been to defer a decision on the amount of fees until after Doe produces his counsel's contemporaneous billing records.

The recommendation that Defendants' Renewed Motion to Compel be denied is clearly erroneous and contrary to law in light of the facts. Doe's counsel has conceded that they billed Doe on an hourly basis as the litigation proceeded. Rather than submit their billing records, however, counsel compiled and submitted a different set of records: a fee estimate based on a retrospective review. (ECF No. 159-13, PageID.4146.) There is no reason for the Court and the parties to accept Doe's inherently unreliable, reconstructed estimate of hours when contemporaneous hourly records submitted to Doe for payment as this case proceeded exist.

The R&R erred in two other respects in denying Defendants' Renewed Motion to Compel. *First*, the R&R explicitly finds that Doe submitted vague time entries, but in an effort to avoid "a second major litigation," denies Defendants' Renewed Motion to Compel, suggesting that the billing records are not necessary because the *only* remedy in this situation is to reduce the attorneys' fees awarded. (ECF No. 178, PageID.4913.) Not so. "Clearly, where the documentation of hours is inadequate, the Court may reduce an award of attorneys fees *or deny the petition in its entirety*." *Knop v. Johnson*, 712 F. Supp. 571, 576 (W.D. Mich. 1989) (emphasis added); *see also Huguley v. Gen. Motors Corp.*, No. CIV. A. 83-2864, 1991 WL 88413, at *1-3 (E.D. Mich. May 26, 1991) (denying fee petition because documentation was based on inaccurate, reconstructed records). Although a denial

9

of fees for inadequate documentation is a "stringent sanction," it may be warranted where the request for attorneys' fees, like here, "is unsupported by contemporaneous time records or is otherwise wholly undocumented." *Knop*, 712 F. Supp. at 576. Without Doe's contemporaneous billing records, neither the Court nor Defendants can ascertain whether a complete denial (or a more significant reduction) of fees is warranted here.

*Second*, the Magistrate Judge found that there is a "question" as to whether Doe's counsel maintained contemporaneous billing records (ECF No. 178, PageID.4932). This finding was in error because Doe's counsel *has admitted* that the fee request is not supported by the existing contemporaneous records. (ECF No. 159-13, PageID.4146 (affidavit of counsel conceding the records are based on a retrospective "review of . . . files, including drafts, notes, pleadings, emails, and other documents" rather than a review of contemporaneous billing records or invoices).) However, the fact that the Magistrate Judge found there was a question as to whether Doe submitted contemporaneous records, alone, weighs strongly in favor of compelling production of Doe's billing records. Without Doe's actual billing records, it is impossible for Defendants or the Court to ascertain whether Doe's requested fees (or 85% of them) are accurate or reasonable.

Accordingly, Defendants request that this Court sustain their objection to the R&R insofar as it recommended denying Defendants' Renewed Motion to Compel.

2. <u>**Objection #2**</u>**: The R&R erred by finding that this Court has, or ever had, subject matter jurisdiction because Doe has never demonstrated Article III standing or that this case was ripe for review.**

While Defendants acknowledge that the Court has considered its subject matter jurisdiction on prior occasions (*see, e.g.*, ECF Nos. 21, 31, 35, 49, 60, 164), Defendants are nevertheless obliged to specifically object to the Magistrate Judge's ruling on subject matter jurisdiction both to preserve the issue for appeal and to explain how the Magistrate Judge erred. (ECF No. 178, PageID.4938) ("Failure to file specific objections constitutes a waiver of any further right of appeal. (citing *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)).)

To satisfy the "case-or-controversy" requirement for Article III standing, Doe must establish, among other things, "an injury in fact that is concrete and particularized" and that such injury was "fairly traceable to the defendant's action." *Airline Prof'ls Ass'n of Int'l Bhd. of Teamsters v. Airborne, Inc.*, 332 F.3d 983, 987 (6th Cir. 2003) (marks and citation omitted); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The injury "must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (quotations omitted).

Moreover, in determining whether a claim is ripe for judicial resolution, the Sixth Circuit asks two questions: "(1) is the claim fit for judicial decision in the

sense that it arises in a concrete factual context and concerns a dispute that is likely to come to pass? and (2) what is the hardship to the parties of withholding court consideration?" *Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008) (cleaned up). The Court's continuing obligation to assess its jurisdiction applies when considering a motion for attorneys' fees and costs. *See Lynch v. Leis*, 382 F.3d 642, 648 (6th Cir. 2004) ("[A]n appellate court must vacate an award of attorney's fees if the district court did not have subject matter jurisdiction over the litigation."); *see also Schaffer v. Prudential Ins. Co. of Am.*, 301 F. Supp. 2d 383, 385 (E.D. Pa. 2003) (holding that the court could not award attorneys' fees and costs because it lacked subject matter jurisdiction over the cause of action).

Doe has not satisfied the jurisdictional requirements of Article III nor demonstrated that this case is ripe for review. The Court need look no further than the fact that Doe's student conduct hearing never occurred, and thus Doe never suffered any injury, to see that it is absurd to suggest that Doe ever had a concrete injury while this action was pending.[4] Notably, in the July 2018 and March 2020 opinions, as well as the R&R, this Court explained that, *if* the University conducted a paper hearing rather than a live hearing with cross examination, *then* Doe would be harmed. (*See* ECF No. 30, PageID.739; ECF No. 90, PageID.2585 ("Plaintiff's injury lies in the deprivation of one of the most basic due process

---

[4] Doe also cannot show any harm that is fairly traceable to the University's actions. (ECF No. 164, PageID.4257-58.)

12

rights—the hearing itself.").) This is straightfordly insufficient. *See Williams v. Governor of Pa.*, 552 F. App'x 158, 162 (3d Cir. 2014) ("[A]n injury does not meet the imminence requirement if 'one cannot describe how the [plaintiffs] will be injured without beginning the explanation with the word 'if.''").

Moreover, the R&R erred in its reasoning as to what the Sixth Circuit has (and has not) ruled on with respect to subject matter jurisdiction. For example, the R&R erroneously concluded that: (1) the Sixth's Circuit's silence on the issue "speaks volumes" (ECF No. 178, PageID.4916); (2) the Sixth Circuit found only that this case "*became* moot, not that it was moot from the beginning" (*id.* PageID.4918); and (3) if the Sixth Circuit had serious questions about this Court's exercise of jurisdiction, "it might have said so" (*id.* PageID.4919.) This logic overlooks the fact that the Sixth Circuit was never tasked with squarely addressing Defendants' jurisdictional arguments in light of the procedural posture of this case. The Sixth Circuit first remanded the case to the district court during merits briefing *before* having the opportunity to address jurisdiction (ECF No. 42); and, more recently, dismissed the case as moot, concluding that there was no relief that the court could grant that "[would] make a difference to Doe's legal interests." (Case No. 20-1293, Dkt. No. 26-1 at 2.)[5] Because it has always lacked subject matter

---

[5] Even an unwarranted assumption that the Sixth Circuit's rulings were based on an implicit finding of jurisdiction add little to the analysis because unlike such an assumption, controlling law in this Circuit instructs that the law-of-the-case

jurisdiction, and any order entered in the absence of subject matter jurisdiction is void *ab initio*, this Court has no jurisdiction to award Doe attorneys' fees and costs. *See Martini v. Republic Steel Corp.*, 532 F.2d 1079, 1081 (6th Cir. 1976) (per curiam).

3. **Objection #3: The R&R erred in concluding that Doe was a prevailing party in the absence of court-ordered relief.**

The R&R erroneously found Doe achieved "court-ordered, material, and enduring change" to his legal relationship with the University in reliance on court orders requiring the University to: (1) release Doe's official transcript without notation; and (2) offer a live hearing with cross examination. (ECF No. 178, PageID.4921-22.) Respectfully, this finding is erroneous because all of the noted relief was *voluntarily* offered to Doe *prior to* court orders requiring the same relief. Doe simply elected not to accept the relief when it was offered by the University.

It is not a matter of debate that on June 12, 2018 the University voluntarily released a clean copy of Doe's transcript, two days prior to this Court's June 14, 2018 order. *See* Exhibit A to the Richards Declaration. Similarly, the University agreed to provide Doe with a live hearing numerous times, including as early as January 18, 2019—over a year before the Court's March 23, 2020 Order granting

---

doctrine does not dictate an outcome "when questions of jurisdiction have been passed on . . . *sub silentio*," especially on "the issue of standing, perhaps the most important of the jurisdictional doctrines." *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 837 (6th Cir. 2001); *see also* ECF No. 164, PageID.4254 n.5.

Doe's motion for partial summary judgment. (ECF No. 113-1, PageID.2998; ECF No. 164, PageID.4264.)

The R&R also erred by failing to consider that the overwhelming majority of the fees Doe seeks to recover were incurred *after* the University's request to provide him with precisely the relief that the R&R finds was a substantive victory for Doe. (ECF No. 164, PageID.4264-65.) Although it is the University's position that Doe's decision to continue to incur attorneys' fees and costs to obtain the same relief that was offered by the University is not compensable at all (*see id*. PageID.4265), that decision, at a minimum, warrants a more significant reduction than 15%. (*Id*. PageID.4264-65.)

Because all of the relief the R&R relies upon to conclude that Doe prevailed in this litigation was offered voluntarily, Doe was not a prevailing party and Defendants' objections should be sustained.

4.    <u>Objection #4</u>: The R&R erred in granting Doe's Renewed Fee Motion because it is undisputed that the requested fees are not supported by contemporaneous records.

The R&R erred in awarding any fees to Doe because Doe's counsel failed to meet their burden of documenting their work. *See Gonter v. Hunt Valve Co.*, 510 F.3d 610, 617 (6th Cir. 2007). Support for a request for attorneys' fees "is sufficient where it is contemporaneously compiled and sufficiently detailed to allow the Court to determine with certainty the number of hours reasonably

expended on the litigation." *Knop*, 712 F. Supp. at 576 (citation omitted); *see also United Slate*, 732 F.2d at 502 ("Where the documentation is inadequate, or recently compiled retrospective estimations of time expended, the district court would do violence to its judicial obligations were it to accept the amounts claimed at their value."); *Communities for Equity v. Michigan High Sch. Athletic Ass'n*, No. 1:98-CV-479, 2008 WL 906031, at *14 (W.D. Mich. Mar. 31, 2008) ("Any ambiguities arising out of poor time records should be resolved against the fee applicant.").

A court has discretion to deny a fee request entirely, rather than merely reduce the award, when the request is not supported by contemporaneous records. *See Huguley*, 1991 WL 88413, at *1-3 (denying fee petition entirely where, among other reasons, the services performed were not sufficiently itemized). "[A]ny attorney who hopes to obtain an allowance from the court should keep accurate and current records of work done and time spent . . . There is no excuse for an established law firm to rely on estimates made on the eve of payment and almost entirely unsupported by daily records or for it to expect a court to do so." *In re Hudson & M. R. Co.*, 339 F.2d 114, 115 (2d Cir. 1964).

There is no dispute that Doe's requested fees are not supported by contemporaneous records. The R&R found that Doe's "multiple-day entries— some spanning many days—render the entries vague and *raise a question of whether Doe's counsel maintained contemporaneous records* for those days."

16

(ECF No. 178, PageID.4932, 435 (emphasis added). The R&R understates things considerably; the records do not "raise a question" of whether contemporaneous records exist; counsel explicitly concedes as much. (ECF No. 159-13, PageID.4146 (affidavit of counsel conceding the records are based on a retrospective "review of . . . files, including drafts, notes, pleadings, emails, and other documents" rather than a review of contemporaneous billing records or invoices).) Because neither Defendants nor the Court can ascertain the reasonableness of Doe's requested fees without the existing contemporaneous records, it was error for the R&R to merely reduce the fee award rather than deny it entirely.

5.   **Objection #5: The R&R erred in concluding that the lodestar was reasonable because it relied on rates from inapplicable areas of law practice and improperly ignored both the increase of rates by Doe's counsel and the agreed-upon rate that counsel charged Doe.**

Before awarding fees under section 1988, a court must first evaluate counsel's hourly rate, which is used to calculate the lodestar fee. *Segovia v. Montgomery Cty. Tenn.*, 593 F. App'x 488, 491 (6th Cir. 2014). To arrive at a reasonable hourly rate, "courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). Although not dispositive, when an attorney represents a party who has been billed by the hour, courts tend to look to the as-charged hourly rate. *Beard v. Hawkins*, No. 14-13465, 2017 WL 2590344, at *3

(E.D. Mich. May 22, 2017). The burden is on the party seeking fees to justify the reasonableness of the requested rates. *See Gonter*, 510 F.3d at 617.

The R&R erred in concluding that Doe's counsel's rate was reasonable and consistent with experience for three reasons. *First*, the R&R adopts Doe's reliance on the median billing rates for *personal injury* attorneys (ECF No. 178, PageID.4926-27) despite the fact that this is not a personal injury case. The applicable rates (if fees are to be awarded, which they should not be) are rates for "schools and education lawyers" or "civil rights" lawyers. (ECF No. 164, PageID.4274-75.) The R&R fails to explain why reliance on the personal injury rate should govern here.

*Second*, the R&R erred in disregarding Doe's counsel's increase in hourly rate from $540/hour to $600/hour. (ECF No. 178, PageID.4927.)[6] In doing so, the R&R reasoned that "the question before the Court is whether her requested rate of $600 is reasonable, not whether she justified the increase." (*Id*.) Respectfully, that is not the applicable test. The $600 hourly rate is not reasonable *retroactively* where, just nine months prior, counsel represented that an hourly rate of $540 was reasonable *for the same work*. Although there may be circumstances where an increase is justified to account for the passage of time, *see Michigan Bldg. v. Snyder*, No. 11-13520, 2012 WL 1893516, at *3 (E.D. Mich. May 23, 2012), that

---

[6] The R&R likewise erred in ignoring the increased rates for Ms. Marzotto from $250/hour to $340/hour for the same reasons. (ECF No. 164, PageID.4273 n.15.)

18

is not the case here because Doe's counsel continued to litigate and run up fees even after the relief Doe sought was voluntarily offered to him. Doe's counsel should not be provided a windfall for any delay or passage of time that only she created.

*Third*, the R&R fails to give appropriate consideration to the agreed-upon hourly rate of $350 that Gordon apparently billed Doe. (ECF No 159, PageID.4052.) While this Court is not strictly limited by the contractual fee agreement, a reasonable attorney's fee is one that is "adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Blum v. Stenson*, 465 U.S. 886, 895, 897 (1984). The requested $600 hourly rate is more than 170% of the $350/hour that counsel determined she could actually bill Doe (*i.e.*, an adequate rate to attract competent counsel), and is accordingly presumptively unreasonable.

6. **<u>Objection 6</u>: The R&R erred in reducing only 15% of the claimed time in light of Doe's limited success and his unreliable support for his petition.**

A plaintiff's degree of success is "the most critical factor" governing the reasonableness of a fee award. *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 822 (6th Cir. 2013) (citing *Hensley*, 461, U.S. at 436). As discussed above, achieving relief that was voluntarily offered prior to entry of a court order cannot constitute more than the "limited success" threshold necessary for a fee award.  (*Cf.* ECF No. 178, PageID.4934.)

19

The R&R also recognized that Doe requested "attorneys' fees for *many hours* expended on collateral matters that were not resolved in his favor." (*Id*. PageID.4934 (emphasis added).) Examples cited in the R&R relate to Doe's May 2019 motion for interim fees, Doe's response to the University's petition for writ of mandamus, and Doe's April 2020 motion for fees. (*Id*.) Despite this, the R&R recommended only a limited reduction, which is irreconcilable with the finding that Doe included many hours spent on matters that were not resolved in his favor demonstrating the limited nature of Doe's success. "[I]f the plaintiff achieved only limited success, the court should reduce the award *accordingly*." *Harper v. BP Epl. & Oil, Inc.*, 3 F. App'x 204, 207 (6th Cir. 2001) (emphasis added). The R&R erroneously failed to reduce Doe's fees in proportion to his lack of success.

The R&R also fails to articulate the reason why only a 15% reduction is appropriate. "[W]hen a district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must 'set forth a concise but clear explanation of its reasons for choosing a given percentage reduction.'" *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (quotation omitted); *see also Tallman v. CPS Sec. (USA), Inc.*, 23 F. Supp. 3d 1249, 1260 (D. Nev. 2014) ("[W]hen cutting by a percentage, the Court must clearly explain its reasons for choosing a given percentage reduction." (quotation omitted)), *aff'd*, 655 F. App'x 602 (9th Cir. 2016); *Prandini v. Nat'l Tea Co.*, 585 F.2d 47, 52 (3d Cir. 1978)

("[D]istrict courts, in awarding attorneys' fees, may not reduce an award by a particular percentage or amount (albeit for justifiable reasons) in an arbitrary or indiscriminate fashion. If the court believes that a fee reduction in the lodestar is indicated, it must analyze the circumstance requiring the reduction and its relation to the fee, and it must make specific findings to support its action.").

In *Gonzalez*, the district court applied varying reductions to the plaintiffs' requested fees. The Ninth Circuit held that the district court failed to justify the percentages it chose, including, for example, how reducing the lodestar by 35% compensated for the plaintiff's poorly formatted billing records. 729 F.3d at 1204. The court went on to explain additional errors committed by the district court:

> The district court's other cuts suffer from the same problem. The court's stated reason for choosing to apply an additional 20% reduction for unrelated billing entries was that such entries "permeate[d] the billing records" and the "voluminous nature" of the records precluded the court from making "line-by-line deductions." However, the district court did not indicate that 20% was in any way proportional to the number of entries that suffered from this defect. Likewise, the district court failed to adequately explain why it cut Plaintiffs' fees by an additional 20% for "nonsensical" billing entries. The court concluded that such entries were "not individual mistakes," but were "evidence of counsel's habitual inaccuracy and inefficiency evidenced throughout the entire billing record." However, the basis for the district court's selection of the 20% figure itself does not appear in the record.

*Id*. at 1204-05.

The Magistrate Judge's factual findings and ultimate recommendation to apply only a 15% reduction are, respectfully, irreconcilable, and the R&R fails to articulate why it chose only a 15% reduction. The Magistrate Judge found that: (1) some of Doe's billing entries are too vague (ECF No. 178, PageID.4930); (2) Doe included entries for tasks such as emails and phone conferences without indicating the subject matter of the communications (*id.* PageID.4930-31); (3) Doe billed for correspondence with the University's Office of Student Conflict Resolution without relating that correspondence to the litigation (*id.* PageID.4931); (4) Doe included several entries reflecting multiple dates in one block (*id.* PageID.4932); and (5) Doe requested fees for many hours on collateral matters that were not resolved in his favor (*id.* PageID.4934). Despite these findings, the Magistrate Judge recommended only an arbitrary reduction of 15%.

Like the district court's reductions in *Gonzalez*, the R&R is erroneous because it does not explain how the 15% reduction is proportional to the number of entries that suffered defects or otherwise support the selection of 15%. The R&R also apparently failed to consider the numerous clear errors it had recognized in Doe's after-the-fact spreadsheet that made his fee request inherently unreliable.

(ECF No. 164, PageID.4281-82.)[7] As a result, this Court should sustain Defendants' objection and reject the R&R.

**7.** <u>**Objection 7**</u>**: The R&R erred in concluding that Doe's unsubstantiated costs are recoverable.**

Under Section 1988, a prevailing party may recover "incidental and necessary expenses incurred in furnishing effective and competent representation." *Northcross v. Bd. of Ed. of Memphis City Sch.*, 611 F.2d 624, 636-37 (6th Cir. 1979), *abrogation on other grounds recognized by L&W Supply Corp. v. Acuity*, 475 F.3d 737, 739 & n.6 (6th Cir. 2007). The R&R erred in recommending that all of Doe's requested, but unsubstantiated, costs totaling $8,883.66 are recoverable under Section 1988 (ECF No. 178, PageID.4937) for at least two reasons. *First*, Doe is not a prevailing party. (*See supra* pages 14-15; *see also* ECF No. 164, PageID.4262-65, 4284.) Prevailing party status is a prerequisite to recovering costs under Section 1988; Doe's costs are therefore not recoverable.

*Second*, the Magistrate Judge's factual findings related to Doe's requested costs undermine the recommendation that such fees be awarded. Doe seeks costs for copying, printing, mailing, postage, couriers, parking, and transcripts. (ECF

---

[7] The inherent unreliability of Doe's billing records is further demonstrated by Doe's attempt to introduce yet *another* revised billing chart after Defendants moved to file their sur-reply (which was filed in order to allow Defendants an opportunity to respond to a separate revised spreadsheet Doe submitted with his reply in support of his renewed fee motion) (ECF No. 171), which the Magistrate Judge properly rejected. (ECF No. 178, PageID.4915.)

No. 159.) Doe's counsel apparently printed more than ***29,000*** pages, which they argue was "necessary." The Magistrate Judge pointed out that "pleadings are now readily available in electronic format," and that "all legal professional should consider how to reduce . . . paper usage with modern technology." (ECF No. 178, PageID.4937.) Notwithstanding these findings, the R&R found "no reason to second-guess" Doe's requested costs. (*Id.* PageID.4936-37.) This was, respectfully, in error.

The R&R relied on language from *Northcross* that a court should not second-guess an attorneys' decision to print four copies of a particular pleading for use by the attorney, witnesses, and the court. (*Id.* PageID.4936.) But the R&R itself acknowledges that "much has changed since the 1979 Northcross decision . . . ." (*Id.* PageID.4937.) The affidavit from counsel's administrative assistant submitted with the Renewed Fee Motion weighs against deferring to counsel as the R&R did because it explains only that: (1) "most" of the information was tracked with software (without stating how much was tracked or identifying the source of the amounts for the information *not* tracked); (2) provides only a "sample" usage report; and (3) concedes that "the entire set of reports is not attached . . . but can be provided at the request of the Court." (ECF No. 159, PageID.4150.) Moreover, in light of the Magistrate Judge's findings that Doe's billing records were sufficiently

inadequate to warrant a 15% across-the-board fee reduction, the Court has every reason to second-guess Doe's requested costs.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court (1) sustain their objections, (2) reject the R&R to deny Defendants' Renewed Motion to Compel and instead grant that motion; (3) reject the R&R to grant Doe's Renewed Motion for Fees and instead deny that motion; and (4) award such further relief as the Court deems fit in the interests of justice.

|  | Respectfully submitted, |
|---|---|
| December 3, 2021 |  |
|  | /s/ *Joshua W. B. Richards* |
| MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. | SAUL EWING ARNSTEIN & LEHR LLP |
| Brian M. Schwartz | Joshua W. B. Richards |
| 150 West Jefferson, Suite 2500 | Amy L. Piccola |
| Detroit, Michigan 48226 | 1500 Market Street, 38th Floor |
| (313) 963-6420 | Philadelphia, Pennsylvania 19102 |
| schwartzb@millercanfield.com | (215) 972-7737 |
|  | joshua.richards@saul.com |
|  | amy.piccola@saul.com |
|  |  |
|  | *Attorneys for Defendants* |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 3, 2021, I electronically filed the foregoing objections with the Clerk of the Court using the ECF system, which will send notification of such filing to:

Deborah L. Gordon
dgordon@deborahgordonlaw.com

Elizabeth A. Marzotto Taylor
emarzottotaylor@deborahgordonlaw.com

<u>/s/ *Joshua W. B. Richards*</u>
SAUL EWING ARNSTEIN & LEHR LLP
Joshua W. B. Richards
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-7737
joshua.richards@saul.com

*Attorney for Defendants*